# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>    Defendants. | Case Nos.: 4:21-cv-186-MW/MAF<br>4:21-cv-187-MW/MAF<br>4:21-cv-242-MW/MAF |

## PROTECTIVE ORDER

Undersigned counsel for Plaintiffs and the Defendant Supervisors of Elections (the "Supervisors") in the above-captioned action (the "Action") hereby stipulate and agree to this Protective Order (the "Order") to authorize limited disclosure by the Supervisors—and to prevent the further disclosure—of information that is exempt or confidential under section 97.0585 or section 101.62(3) of the Florida Statutes ("Confidential Information").[1]

---

[1] Under section 101.62(3), the following information is confidential regarding requests for vote-by-mail ballots:

1. The date the request was made;
2. The identity of the voter's designee making the request, if any;

1. This Order applies only to Confidential Information in documents produced in response to (a) requests for document production served by Plaintiffs on the Supervisors in connection with this Action; and (b) business records provided by the Supervisors in response to an interrogatory under Fed. R. Civ. P. 33(d).

2. The Supervisors may produce Confidential Information to the other parties in this Action notwithstanding the exemptions and confidentiality provisions of section 97.0585 and section 101.62(3), Florida Statutes. The Supervisors shall designate as "Confidential" the documents that contain Confidential Information and may designate the specific portions of those documents that contain Confidential Information. The designated documents may not be

---

3. The Florida driver license number, Florida identification card number, or last four digits of the social security number of the elector provided with a written request;
4. The date the vote-by-mail ballot was delivered to the voter or the voter's designee or the date the vote-by-mail ballot was delivered to the post office or other carrier;
5. The address to which the ballot was mailed or the identity of the voter's designee to whom the ballot was delivered; the date the ballot was received by the supervisor;
6. The absence of the voter's signature on the voter's certificate, if applicable; and
7. Whether the voter's certificate contains a signature that does not match the elector's signature in the registration books or precinct register.

Fla. Stat. Ann. § 101.62(3).

provided to or reviewed by any person other than: counsel in this Action and their paralegal and support staff; testifying and non-testifying experts and their assistants engaged to assist such counsel in the prosecution or defense of this action; vendors working at the direction of counsel; and any mediator engaged by the parties to this Action. All recipients of Confidential Information shall be bound by this Order. Before receiving or reviewing Confidential Information, testifying and non-testifying experts and their assistants, and individuals who are associated with a vendor working at the direction of counsel and who have access to Confidential Information, must complete the certification attached to this Order. Counsel associated with the experts and vendors shall retain the completed certifications for at least three years after the conclusion of this Action and any associated appeals.

3. A recipient of Confidential Information produced in this Action may use Confidential Information only for purposes of this Action and shall not disclose Confidential Information except as authorized in this Order.

4. A party may dispute the Defendant Supervisors' designation of any documents or information as "Confidential," or any redaction thereof, pursuant to this Order by first providing notice of the dispute to the Defendant Supervisor who assigned the "Confidential" designation being challenged. If the challenging party and the designating party are unable to resolve the

3

dispute by agreement within two business days, the challenging party may file a Motion for De-Designation with the Court. Such motions may be decided on an expedited basis if such expedited basis is deemed appropriate by the Court.

5. To the extent it is necessary to attach a document containing Confidential Information under this Order to any paper filed in this Action, such document shall be filed under seal or have all Confidential Information redacted in accordance with the procedures for sealing of documents and for redactions set forth under the Court's Local Rules.

6. Within 60 days after conclusion of this Action (and any associated appeals), all Confidential Information shall be either destroyed or returned to the Supervisors. Counsel shall be responsible to ensure that all testifying and non-testifying experts and assistants who received Confidential Information comply with this paragraph 6.

7. Nothing in this Order shall impose any restriction on the use or disclosure by a party or its agent of information that lawfully came into the possession of the party independent of any disclosure of discovery material made in this Action.

8. Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally

referring to or relying upon Confidential Information in rendering such advice so long as counsel does not disclose any Confidential Information.

SO ORDERED this \_\_\_\_\_ day of _____ 2021.

_____
Chief United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>　　　　Defendants,<br><br>REPUBLICAN NATIONAL COMMITTEE and NATIONAL REPUBLICAN SENATORIAL COMMITTEE,<br><br>　　　　Intervenor-Defendants. | Case No. 4:21-cv-00186 |

## **PROTECTIVE-ORDER CERTIFICATION**

I have read and understand the Protective Order entered in the above-named litigation and attached to this Certification. I agree to abide by its terms. I will use Confidential Information only for purposes of this litigation and will not disclose Confidential Information except as authorized in the Protective Order.

Signature: _____   Address: _____

Name: _____   _____

Title: _____   _____