# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.

**LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,**

    *Defendants,*

and

**NATIONAL REPUBLICAN SENATORIAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE,**

    *Intervenor-Defendants.*

_____/

Case Nos.: 4:21cv186-MW/MAF
                4:21cv187-MW/MAF
                4:21cv242-MW/MAF

## STIPULATED PROTECTIVE ORDER

This Court has considered, without hearing, the parties' Joint Motion to Enter Protective Order, ECF No. 108. The motion is **GRANTED**. The terms of the joint protective order are as follows:

1. This Order applies only to Confidential Information in documents produced in response to (a) requests for document production served by Plaintiffs on the

Supervisors in connection with this Action; and (b) business records provided by the Supervisors in response to an interrogatory under Fed. R. Civ. P. 33(d).

2. The Supervisors may produce Confidential Information to the other parties in this Action notwithstanding the exemptions and confidentiality provisions of section 97.0585 and section 101.62(3), Florida Statutes. The Supervisors shall designate as "Confidential" the documents that contain Confidential Information and may designate the specific portions of those documents that contain Confidential Information. The designated documents may not be provided to or reviewed by any person other than: counsel in this Action and their paralegal and support staff; testifying and non-testifying experts and their assistants engaged to assist such counsel in the prosecution or defense of this action; vendors working at the direction of counsel; and any mediator engaged by the parties to this Action. All recipients of Confidential Information shall be bound by this Order. Before receiving or reviewing Confidential Information, testifying and non-testifying experts and their assistants, and individuals who are associated with a vendor working at the direction of counsel and who have access to Confidential Information, must complete the certification attached to this Order. Counsel associated with the experts and vendors shall retain the completed certifications for at least three years after the conclusion of this Action and any associated appeals.

3. A recipient of Confidential Information produced in this Action may use

Confidential Information only for purposes of this Action and shall not disclose Confidential Information except as authorized in this Order.

4. A party may dispute the Defendant Supervisors' designation of any documents or information as "Confidential," or any redaction thereof, pursuant to this Order by first providing notice of the dispute to the Defendant Supervisor who assigned the "Confidential" designation being challenged. If the challenging party and the designating party are unable to resolve the dispute by agreement within two business days, the challenging party may file a Motion for De-Designation with the Court. Such motions may be decided on an expedited basis if such expedited basis is deemed appropriate by the Court.

5. To the extent it is necessary to attach a document containing Confidential Information under this Order to any paper filed in this Action, such document shall be filed under seal or have all Confidential Information redacted in accordance with the procedures for sealing of documents and for redactions set forth under the Court's Local Rules.

6. Within 60 days after conclusion of this Action (and any associated appeals), all Confidential Information shall be either destroyed or returned to the Supervisors. Counsel shall be responsible to ensure that all testifying and non-testifying experts and assistants who received Confidential Information comply with this paragraph 6.

7. Nothing in this Order shall impose any restriction on the use or disclosure

by a party or its agent of information that lawfully came into the possession of the party independent of any disclosure of discovery material made in this Action.

8. Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not disclose any Confidential Information.

**SO ORDERED on June 30, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.

**LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,**

    *Defendants*,

and

**NATIONAL REPUBLICAN SENATORIAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE,**

    *Intervenor-Defendants.*

_____/

Case Nos.: 4:21cv186-MW/MAF
              4:21cv187-MW/MAF
              4:21cv242-MW/MAF

## **PROTECTIVE-ORDER CERTIFICATION**

I have read and understand the Protective Order entered in the above-named litigation and attached to this Certification. I agree to abide by its terms. I will use Confidential Information only for purposes of this litigation and will not disclose Confidential Information except as authorized in the Protective Order.

5

Signature: _____  Address: _____

Name: _____         _____

Title: _____         _____