UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,

    *Plaintiffs*,

v.   Case No. 4:21cv186-MW/MAF

LAUREL M. LEE, Florida Secretary
of State, et al.,

    *Defendants*.

_____/

## **FLORIDA ATTORNEY GENERAL'S**
## **MOTION TO DISMISS AND MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Ashley Moody, Florida Attorney General, moves to dismiss her from this case as to any claims related to statutes for which she does not have enforcement authority and/or enforcement authority has not been sufficiently alleged because she is an improper defendant as to those claims. The Florida Attorney General also adopts and incorporates by reference herein Secretary of State Lee's Motion to Dismiss, ECF No. 107, and sections III(A) and III(D) of Secretary of State's Omnibus Memorandum of Law in Support of Her Motions to Dismiss, ECF No. 107-1, and moves to dismiss Counts I and III of the Complaint for the reasons set forth in the aforementioned sections of the Secretary's Omnibus Memorandum.

## **SUPPORTING MEMORANDUM**

## BACKGROUND

This lawsuit stems from a recent Florida act relating to elections, which revised requirements governing third-party voter registration organizations, limited the duration of requests for vote-by-mail ballots, revised requirements governing the placement and supervision of secure drop boxes for the return of vote-by-mail ballots, expanded the definition of "solicit" and "solicitation" of voters, and prohibited any person from distributing, ordering, requesting, collecting, delivering, or otherwise physically possessing more than two vote-by-mail ballots of other electors per election, not including immediate family members. *See* Ch. 2021-11, §§ 7, 24, 28, 29, 32, Laws of Fla. (2021).

Plaintiffs bring their claims for declaratory and injunctive relief against the Florida Secretary of State, the Florida Attorney General, and Florida's Supervisors of Elections under the Civil Rights Act, 42 U.S.C. §1983. Plaintiffs assert that (Count I) the secure drop box requirements, the solicitation definition, the vote-by-mail request limitation, and the vote-by-mail ballot possession prohibition unduly burden the right to vote, ECF No. 1, ¶¶ 139-151, (Count II) the vote-by-mail ballot possession prohibition infringes free speech and associational rights, *Id.*, ¶¶ 152-163, (Count III) the solicitation definition is unconstitutionally vague and overbroad, *Id.*, ¶¶ 164-169, and (Counts IV and V) the third-party voter registration organization

requirements compel speech and infringe on political speech, *Id.*, ¶¶ 170-185. As to each Count, Plaintiffs sue all named Defendants, including the Attorney General.

Plaintiffs contend that the Attorney General is a proper defendant in this suit for two reasons. First, "[t]he Attorney General's authority includes overseeing the Office of the Florida Statewide Prosecutor, which has the responsibility to 'investigate and prosecute… any crime involving voter registration, voting, or candidate or issue petition activities.'" ECF No. 1, ¶ 29. The Attorney General, Plaintiffs therefore allege, is responsible for "enforcing the criminal misdemeanor provisions of the Volunteer Assistance Ban… and criminal penalties against election officials and individuals violating Florida's election code." *Id.* Second, Plaintiffs cite the Attorney General's "oversight authority over Florida's state attorneys, who may also prosecute violations of the Florida Election Code." *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and must rise "above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are 'merely consistent with' a defendant's

liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 556 U.S. at 557).

## ARGUMENT

I. **THE ATTORNEY GENERAL OF FLORIDA IS AN IMPROPER DEFENDANT AND SHOULD BE DISMISSED.**

Plaintiffs challenge five separate provisions in Florida's elections laws. However, the Attorney General has no enforcement authority over requests for vote-by-mail ballots, *See* §101.62(1)(a), Fla. Stat. (2021), drop boxes for the return of vote-by-mail ballots, *See* §101.69(2)(a) Fla. Stat. (2021), solicitation of voters at polling places and drop boxes, *See* §102.031(4)(a – b), Fla. Stat. (2021), or vote-by-mail ballot possession, *See* §104.0616(2), Fla. Stat. (2021).[1] Thus, sovereign immunity under the Eleventh Amendment, as well as ordinary standing principles, render the Attorney General an improper defendant as to these provisions. Therefore, this Court should dismiss the Attorney General from this suit as to the claims related to these provisions.

---

[1] The Attorney General recognizes that she has <u>civil</u> enforcement authority over §97.0575(3)(a), Fla. Stat. (2021), which contains the challenged third-party voter registration organization requirements. *See* §97.0575(4), Fla. Stat. (2021).

### A. Eleventh Amendment sovereign immunity bars suit against the Attorney General.

Under the Eleventh Amendment, a state may not be sued in federal court unless it waives its sovereign immunity or its immunity is abrogated by an act of Congress under section 5 of the Fourteenth Amendment. *Grizzle v. Kemp*, 634 F.3d 1314, 1319 (11th Cir. 2011). But under *Ex Parte Young*, 209 U.S. 123 (1908), suits filed against a state official in her official capacity for injunctive relief on a prospective basis, alleging violations of the federal constitution, are not considered to be suits against the state that violate the Eleventh Amendment.

This exception, however, has been read narrowly. A state official is subject to suit in his official capacity only "when his office imbues him with the responsibility to enforce the law or laws at issue in the suit." *Grizzle*, 634 F.3d at 1319; *see Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (same). In other words, "federal courts have refused to apply *Ex [P]arte Young* where the officer who is charged has no authority to enforce the challenged statute." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1342 (11th Cir. 1999). That authority must be specific, as opposed to the official's "general executive power," which is "not a basis for jurisdiction in most circumstances." *Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) (internal quotation marks omitted).

As for suits against a state attorney general in particular, the Supreme Court has explained that if state statutes could be challenged by suing the attorney general

on the theory that she "might represent the state in litigation involving the enforcement of its statutes," it would eviscerate "the fundamental principle that [States] cannot, without their assent, be brought into any court at the suit of private persons." *Ex Parte Young*, 209 U.S. at 157.

Here, because the Attorney General has no enforcement responsibility over requests for vote-by-mail ballots, drop boxes for the return of vote-by-mail ballots, solicitation of voters at polling places and drop boxes, or vote-by-mail ballot possession, she is an improper defendant as to those challenges.

The Attorney General is Florida's "chief state legal officer." Art. IV, §4(b), Fla. Const. But while she may choose to intervene, in certain circumstances, to defend the constitutionality of Florida's laws in state and federal court, the Attorney General ordinarily has no role in enforcing these provisions of the election code. Instead, Florida law vests that authority in other officials, most notably the locally elected supervisors of elections. *See, e.g.*, Art. VIII, §1(d), Fla. Const. (establishing the office of county supervisor of elections). Those officials, for instance, are tasked with administering the State's vote-by-mail system. *See* §101.62(1)(a), Fla. Stat. (2021) (requiring supervisors to accept vote-by-mail ballot requests); §101.69(2)(a), Fla. Stat. (2021) (requiring supervisors to accept vote-by-mail ballots in secure drop boxes); §102.012(1)(a), Fla. Stat. (2021) (requiring supervisors to appoint election boards); §102.031(1), Fla. Stat. (2021) (providing that election boards "shall possess

full authority to maintain order at the polls"). Because the Attorney General does not "have any relationship to the enforcement of [the challenged] provision,… the *Ex Parte Young* doctrine does not apply." *Summit Med. Assocs.*, 180 F.3d at 1342.[2]

The Attorney General does have authority to intervene in cases "in which the state may be a party, or in anywise interested." Fla. Stat. § 16.01(4) & (5); *see also State v. S.H. Kress & Co.*, 155 So. 823, 826 (Fla. 1934). But that authority is wholly discretionary. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1553 (S.D. Fla. 1996) ("It has long been recognized that the [Attorney General] is not a necessary party each time the constitutionality of a statute is drawn into question. The [Attorney General] is thus not affirmatively required to intervene every time an entity challenges the constitutionality of a statute." (citations omitted)), *aff'd without opinion*, 109 F.3d 771 (11th Cir. 1997). And forcing the Attorney General to defend the constitutionality of a statute would effectively eliminate her unreviewable discretion to intervene. *See S. H. Kress & Co.*, 155 So. at 826.

---

[2] *See also Okpalobi v. Foster*, 244 F.3d 405, 422–24 (5th Cir. 2001) (en banc) (constitutional challenge to state statute not viable under *Ex Parte Young* because no enforcement connection existed between Governor or Attorney General and the statute); *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (finding an allegation that California's Attorney General, as its "chief legal officer," has "[a] 'general duty to enforce California law'" to be "plainly insufficient to invoke the *Ex Parte Young* exception to Eleventh Amendment immunity"); *June Med. Servs., LLC v. Caldwell*, No. 3:14-cv-525, 2014 WL 4296679, at *3 (M.D. La. Aug. 31, 2014) (Louisiana Attorney General's "broad power" as the state's chief legal officer is insufficient to trigger *Ex Parte Young* exception).

As a result, the Attorney General's statutory authority to intervene vests only general executive power that does not constitute a "sufficient connection" to permit the exercise of jurisdiction. *Women's Emergency Network*, 323 F.3d at 949–50; *see Osterback v. Scott*, 782 F. App'x 856, 859 (11th Cir. 2019) (holding that Florida Governor's "general authority to enforce Florida's laws" did not make him a proper party).

Plaintiffs allege only two theories justifying the inclusion of the Attorney General in this suit, both of which are predicated on her oversight over the authorities empowered to prosecute crimes. However, as to two of the four challenged statutes for which the Attorney General does not have civil enforcement authority, Plaintiffs fail to allege that they could be subject to criminal prosecution for violation of those statutes. Specifically, Plaintiffs fail to allege that they could be criminally prosecuted for violating the challenged statutes related to requests for vote-by-mail ballots (§101.62(1)(a)) or drop boxes for the return of vote-by-mail ballots (§101.69(2)(a)). Therefore, the Attorney General cannot be a proper defendant as to those provisions based on the oversight theories alleged by Plaintiffs. *See Nielsen v. DeSantis*, 469 F. Supp. 3d 1261, 1268 (N.D. Fla. 2020) (granting Attorney General's motion to dismiss to the extent plaintiffs challenged voting provisions for which violations were not criminalized).

As to the challenged statutes for which Plaintiffs allege the threat of criminal prosecution, specifically the statutes related to vote-by-mail ballot possession (§104.0616(2)) and solicitation of voters at polling places and drop boxes (§102.031(4)(a )), the Attorney General is still not a proper defendant.

First, citing the existence of a special prosecutor housed within the Office of the Attorney General, Plaintiffs point out that the Office of Statewide Prosecution is empowered to "investigate and prosecute… any crime involving voter registration, voting, or candidate or issue petition activities." ECF No. 1, ¶ 29 (*citing* §16.56(1)(a)(12), Fla. Stat.). They ignore, however, that the Statewide Prosecutor may act "only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction, or when any such offense is connected with an organized criminal conspiracy affecting two or more judicial circuits." Fla. Stat. § 16.56(1)(a) (emphasis added). Despite that requirement, Plaintiffs have not alleged that they intend to engage in any such conduct. They assert merely that the League of Women Voters of Florida, Black Lives Matter Fund, and its members would be prevented from collecting and delivering vote-by-mail ballots and/or from handing out food and water to voters at polling places. ECF No. 1, ¶¶ 17-18, 20-21, 25. Those assertions, without more, are insufficient to "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and it is "not…

proper to assume that [the plaintiff] can prove facts that it has not alleged." *Id.* at 563 n.8 (citation omitted).

Second, Plaintiffs assert that the Attorney General can be sued because she "has oversight authority over Florida's state attorneys, who may also prosecute violations of the Voter Assistance Ban." ECF No. 1, ¶ 29. To be sure, the Attorney General exercises a "general superintendence and direction over" the State's prosecuting attorneys. §16.08, Fla. Stat. (2021). But that does not mean that she bears any responsibility for enforcing the challenged statutes in the absence of a violation in multiple circuits. Instead, each "state attorney shall be the prosecuting officer of all trial courts in [her] circuit." Art. V, §17, Fla. Const. "The State Attorney enforces criminal law in Florida, not the Florida Attorney General." *Freiberg v. Francois*, No. 4:05-cv-177, 2006 WL 2362046, at *6 n.2 (N.D. Fla. Aug. 15, 2006) (dismissing complaint as to Attorney General because he "ha[d] no role… in the enforcement of the criminal statute"); *see also Roberts v. Bondi*, No. 8:18-cv-1062, 2018 WL 3997979, at *2 (M.D. Fla. Aug. 21, 2018) (rejecting argument that Attorney General is a proper party simply because "the challenged law is a criminal statute").[3]

---

[3] This Court previously found that the Attorney General is not a proper defendant in a case challenging the constitutionality of a state law, even though violations of that law were subject to criminal penalties. *See NRA v. Swearingen*, No. 4:18-cv-00137, at *6 (N.D. Fla. May 1, 2020) (slip op.) (dismissing Attorney General as an improper defendant even though challenged provision of law made it a third-degree felony for

Nothing in Florida law grants the Attorney General the power to compel an elected state attorney to either prosecute or refrain from prosecuting an offense under state law. The Attorney General's superintendence instead contemplates administrative activities like the receipt of "regular quarterly reports" from the state attorneys. Fla. Stat. § 16.09. Because enforcement of the challenged provision, at least as pled in the Complaint, is left entirely to "local prosecutors, not the Attorney General," *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416–17 (6th Cir. 1996), the Attorney General is an improper defendant.

Since Plaintiffs have not adequately pled that the Attorney General is a proper defendant as to four of the challenged statutes, she must be dismissed as to any claims related to those four statutes. Moreover, even if this Court finds that Plaintiffs have adequately pled that the Attorney General has criminal enforcement authority over the statutes related to vote-by-mail ballot possession and solicitation of voters at polling places and drop boxes, Plaintiffs have failed to allege that the Attorney General could criminally enforce against them the statutes related to requests for

---

a person under the age of 21 to purchase a firearm). As that decision underscores, the Attorney General's "general superintendence and direction over" the State's prosecuting attorneys does not make her a proper defendant in every case challenging a law that may be enforced by locally elected State Attorneys. *But see Support Working Animals, Inc. v. DeSantis*, 457 F.Supp. 3d 1193, 1211-13 (N.D. Fla. Apr. 27, 2020) (finding that, under section 16.08, "the Attorney General could 'superintend and direct' the state attorneys to bring prosecutions," and was therefore a proper party).

vote-by-mail ballots or drop boxes for the return of vote-by-mail ballots. Therefore, at a minimum, the Attorney General must be dismissed as to any claims related to those two statutes.

> **B. Alternatively, Plaintiffs have not demonstrated standing to sue the Attorney General because she has not caused their alleged injuries and cannot redress them.**

Lack of standing is a separate reason why the Attorney General is an improper defendant. To have standing, a litigant must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193, 1201 (11th Cir. 2020). This analysis is even more searching than the *Ex Parte Young* analysis. *See id.* at 1210. Here, however, Plaintiffs cannot show that the Attorney General caused their injuries or has the power to redress them.

For all the reasons discussed above, the Attorney General lacks the power to enforce the statutes related to requests for vote-by-mail ballots, drop boxes for the return of vote-by-mail ballots, solicitation of voters at polling places and drop boxes, or vote-by-mail ballot possession. She simply is not involved in those aspects of Florida election law. Moreover, absent any allegation that the Plaintiffs intend to violate the challenged statutes in multiple circuits, the Office of Statewide Prosecution—and therefore the Attorney General herself—has no power to criminally enforce any of the challenged statutes.

"If relief is sought against an official who cannot remedy the plaintiff's alleged injury, there is no 'case or controversy between himself and the defendant[s] within the meaning of Art[icle] III.'" *Gallardo by & through Vassallo v. Senior*, No. 4:16-cv-116, 2017 WL 3081816, at *6 (N.D. Fla. July 18, 2017) (quoting *Scott v. Taylor*, 405 F.3d 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring)); *see Lewis v. Governor of Alabama*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc) (holding that plaintiffs challenging state statute lacked standing to sue Alabama's Attorney General, who had "no enforcement role" as to challenged statute); *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1248 (11th Cir. 1998) (dismissing, for lack of standing, supervisors of elections who had "no . . . source of power" to enforce provision at issue).

Moreover, even assuming that the Attorney General is a proper party under *Ex Parte Young* to Plaintiffs' challenge to any statute that could subject them to criminal prosecution, Plaintiffs have not shown that the Attorney General has the power to redress their alleged injuries. "Article III standing and the proper defendant under *Ex [P]arte Young* are '[s]eparate[]' issues." *Jacobson*, 957 F.3d at 1210 (quoting *Lewis*, 944 F.3d at 1295). Whereas a "state official need only have 'some connection' with the enforcement of the challenged law" to constitute a proper party under *Ex Parte Young*, standing requires more: "that the plaintiff's injury be 'fairly traceable' to the defendant's actions and redressable by relief against *that*

defendant." *Id.* (quoting *Lewis*, 944 F.3d at 1298, 1301). But it is Florida's twenty state attorneys who will be responsible for prosecuting any criminal violations of the challenged statutes, and the Attorney General has no authority to order those independently elected officials to refrain from prosecuting. *See* Art. V, § 17, Fla. Const.; Fla. Stat. § 27.02. An injunction directed to the Attorney General would therefore do nothing to prevent the "chilling effect" Plaintiffs allege.

Since none of Plaintiffs' alleged injuries are traceable to or redressable by the Attorney General, she must also be dismissed from the case (as to any claims related to the four challenged statutes for which she does not have civil enforcement authority) based on lack of standing.

## II. COUNTS I AND III SHOULD BE DISMISSED.

The Florida Attorney General adopts and incorporates by reference herein the arguments presented in Sections III(A) and III(D) of Secretary of State's Omnibus Memorandum of Law in Support of Her Motions to Dismiss. ECF No. 107-1.

## CONCLUSION

For the foregoing reasons, the Florida Attorney General requests that this Court dismiss her from this case as to any claims related to statutes for which she does not have enforcement authority and/or enforcement authority has not been sufficiently alleged. The Florida Attorney General also requests that this Court dismiss Counts I and II of the Complaint.

          Respectfully submitted,

          ASHLEY MOODY
          Attorney General

          <u>/s/ *William H. Stafford III*</u>
          WILLIAM H. STAFFORD III
          Senior Assistant Attorney General
          Florida Bar Number 70394
          BILAL AHMED FARUQUI
          Senior Assistant Attorney General
          Florida Bar Number 15212
          Office of the Attorney General
          General Civil Litigation Division
          State Programs Bureau
          PL – 01 The Capitol
          Tallahassee, Florida 32399-1050
          (850) 414-3785
          William.Stafford@myfloridalegal.com
          Bilal.Faruqui@myfloridalegal.com
          COUNSEL FOR ASHLEY MOODY,
          FLORIDA ATTORNEY GENERAL

<u>CERTIFICATE OF COMPLIANCE</u>

  Pursuant to Local Rule 7.1(F), I hereby certify that the total number of words in this Supporting Memorandum is 3453.

          <u>/s/ *William H. Stafford III*</u>
          WILLIAM H. STAFFORD III