# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al., *Plaintiffs*, <br><br> v. <br><br> LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al., *Defendants*, <br><br> REPUBLICAN NATIONAL COMMITTEE and NATIONAL REPUBLICAN SENATORIAL COMMITTEE, *Intervenor-Defendants*. | No. 4:21-cv-186-MW-MAF |

**INTERVENOR-DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

1

Intervenors—the Republican National Committee and National Republican Congressional Committee—now answer Plaintiffs' first amended complaint (Doc. 160). Unless expressly admitted below, every allegation in the complaint is denied. When Intervenors say something "speaks for itself," they do not admit that the referenced material exists, is accurate, or is placed in the proper context. Accordingly, Intervenors state:

1. Turnout data speak for themselves.

2. Data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

3. Statements speak for themselves. Intervenors admit that the Legislature enacted SB 90. The other allegations are legal conclusions that require no response.

4. Denied.

5. Denied.

6. SB 90 speaks for itself. The other allegations are legal conclusions that require no response.

7. Denied.

8. Denied.

9. Denied.

10. Plaintiffs bring this action under 42 U.S.C. §§1983 and 1988, but have no valid claim under either statute.

11. These legal arguments require no response.

12. These legal arguments require no response.

13. These legal arguments require no response.

14. These legal arguments require no response.

15. Intervenors lack sufficient information to admit or deny this allegation.

16. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

17. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

18. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

19. This allegation consists of legal conclusions that require no response.

20. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

21. Intervenors lack sufficient information to admit or deny this allegation.

22. Intervenors lack sufficient information to admit or deny this allegation.

23. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

24. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

25. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

26. Intervenors lack sufficient information to admit or deny this allegation.

27. Intervenors lack sufficient information to admit or deny this allegation.

28. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

29. Intervenors lack sufficient information to admit or deny this allegation.

30. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

31. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

32. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

33. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

34. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

35. SB 90 speaks for itself. Intervenors otherwise lack sufficient information to admit or deny this allegation.

36. The first sentence is admitted. The cited authorities speak for themselves.

37. The first sentence is admitted. The cited authorities speak for themselves.

38. The last sentence is admitted. The other allegations are legal arguments that require no response.

39. Data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegation.

40. Data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegation.

41. Data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

42. The first sentence is denied. Intervenors otherwise lack sufficient information to admit or deny this allegation.

43. Polls speak for themselves. Intervenors otherwise lack sufficient information to admit or deny this allegation.

44. Statements speak for themselves.

45. Statements speak for themselves.

46. Statements speak for themselves.

47. Statements speak for themselves.

48. Statements speak for themselves.

49. Statements speak for themselves.

50. Denied.

51. Denied.

52. Statements speak for themselves.

53. Statements speak for themselves.

54. Statements speak for themselves. According to Justice Stevens' lead opinion in *Crawford v. Marion County Election Board*, the "risk of voter fraud" is "real," voter fraud "could affect the outcome of a close election," and "[t]here is no question about the legitimacy or importance of the State's interest" in combatting it. 553 U.S. 181, 196 (2008); *see also Greater Birmingham Ministries v. Sec'y of State for Ala.*, 992 F.3d 1299, 1334 (11th Cir. 2021) ("[D]eterring voter fraud is a legitimate policy on which to enact an election law, even in the absence of any record evidence of voter fraud."); *Common Cause/Ga. v. Billups*, 554 F.3d 1340, 1353 (11th Cir. 2009) ("Georgia has an interest in preventing election fraud").

55. Statements speak for themselves. States have no obligation to "prove specific instances of voter fraud." *Common Cause/Ga.*, 554 F.3d at 1353.

56. Statements speak for themselves.

57. Statements speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

58. Statements speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

59. Quotes speak for themselves.

60. Quotes speak for themselves.

61. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

62. Denied.

63. Legislative history speaks for itself.

64. Denied.

65. Statements speak for themselves.

66. Statements speak for themselves.

67. Statements speak for themselves.

68. Statements speak for themselves.

69. Statements and legislative history speak for themselves.

70. Statements speak for themselves.

71. Denied.

72. SB 90 speaks for itself.

73. The first sentence is admitted. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

74. Quotations speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

75. SB 90 speaks for itself.

76. Turnout and voting data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

77. Florida law and voting data speak for themselves.

78. Data speak for themselves.

79. Statistics speak for themselves.

80. Data speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

81. Denied.

82. SB 90 speaks for itself.

83. SB 90 speaks for itself. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

84. SB 90 speaks for itself. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

85. Announcements speak for themselves. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

86. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

87. Statements speak for themselves.

88. SB 90 speaks for itself. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny the other allegations.

89. Denied.

90. The second sentence is denied. Intervenors otherwise lack sufficient information to admit or deny this allegation.

91. Intervenors lack sufficient information to admit or deny this allegation.

92. Data speak for themselves.

93. Voting data speak for themselves.

94. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

95. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

96. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

97. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

98. Admissions speak for themselves. Otherwise denied.

99. SB 90 speaks for itself.

100. The cited authorities speak for themselves.

101. The cited authorities speak for themselves.

102. SB 90 speaks for itself.

103. SB 90 speaks for itself.

104. Denied.

105. Denied.

106. Testimony speaks for itself. Otherwise denied.

107. Denied.

108. Denied.

109. Denied.

110. The citied authority speaks for itself.

111. Florida law speaks for itself.

112. The referenced authority speaks for itself.

113. SB 90 speaks for itself.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. SB 90 speaks for itself.

120. SB 90 speaks for itself, and does so regardless of what individual legislators said about it during debates.

121. Denied.

122. Denied.

123. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

124. Statements speak for themselves.

125. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

126. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

127. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

128. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

129. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

130. The cited authorities speak for themselves.

131. SB 90 speaks for itself.

132. Denied.

133. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

134. Intervenors lack sufficient information to admit or deny this allegation.

135. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

136. Denied.

137. This allegation consists of legal conclusions that require no response.

138. The cited authorities speak for themselves.

139. The cited authorities speak for themselves.

140. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

141. The cited authorities speak for themselves.

142. SB 90 speaks for itself.

143. Denied.

144. Denied.

145. Because Plaintiffs cite nothing, Intervenors lack sufficient information to admit or deny this allegation.

146. Intervenors lack sufficient information to admit or deny this allegation.

147. Denied.

148. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

149. These legal arguments require no response.

150. These legal arguments require no response.

151. These legal arguments require no response.

152. Denied.

153. Florida law speaks for itself.

154. These legal arguments require no response.

155. These legal arguments require no response.

156. Statements and data speak for themselves. Otherwise denied.

157. Florida law speaks for itself. Otherwise denied.

158. Statements speak for themselves. The other allegations are legal arguments that require no response.

159. Denied.

160. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

161. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

162. The First Amendment speaks for itself.

163. These legal arguments require no response.

164. These legal arguments require no response.

165. These legal arguments require no response.

166. These legal arguments require no response.

167. These legal arguments require no response.

168. These legal arguments require no response.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

173. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

174. These legal arguments require no response.

175. These legal arguments require no response.

176. Denied.

177. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

178. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

179. The first sentence is denied. The cited authority speaks for itself.

180. These legal arguments require no response.

181. These legal arguments require no response.

182. Denied.

183. Admissions speak for themselves. The allegations are otherwise denied.

184. The cited authorities speak for themselves.

185. The cited authorities speak for themselves. The second and third sentences are denied.

186. Denied.

## RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

187. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

188. The First Amendment speaks for itself.

189. These legal arguments require no response.

190. These legal arguments require no response.

191. These legal arguments require no response.

192. These legal arguments require no response.

193. Denied.

### RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

194. Intervenors repeat and reallege their responses in paragraphs 1 through 147.

195. These legal arguments require no response.

196. These legal arguments require no response.

197. These legal arguments require no response.

198. These legal arguments require no response.

199. These legal arguments require no response.

200. These legal arguments require no response.

201. These legal arguments require no response.

202. Denied.

### RESPONSE TO PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to their requested relief.

### AFFIRMATIVE DEFENSES

1. The allegations in the complaint fail to state a claim.

2. Plaintiffs' requested relief is barred by the *Purcell* principle.

Dated: July 30, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Daniel E. Nordby

Tyler Green*　　　　　　　　　　　　　Daniel E. Nordby
Cameron T. Norris*　　　　　　　　　　Fla. Bar No. 14588
Steven C. Begakis*　　　　　　　　　　Benjamin J. Gibson
Daniel Shapiro　　　　　　　　　　　　Fla. Bar No. 58661
Fla. Bar No. 1011108　　　　　　　　　George N. Meros, Jr.
CONSOVOY MCCARTHY PLLC　　　　Fla. Bar No. 263321
1600 Wilson Blvd., Ste. 700　　　　　　Amber Stoner Nunnally
Arlington, VA 22209　　　　　　　　　Fla. Bar No. 109281
(703) 243-9423　　　　　　　　　　　　SHUTTS & BOWEN LLP
tyler@consovoymccarthy.com　　　　　215 South Monroe Street, Suite 804
cam@consovoymccarthy.com　　　　　Tallahassee, Florida 32301
steven@consovoymccarthy.com　　　　Tel: (850) 241-1717
daniel@consovoymccarthy.com　　　　dnordby@shutts.com
　　　　　　　　　　　　　　　　　　　bgibson@shutts.com
　　　　　　　　　　　　　　　　　　　gmeros@shutts.com
　　　　　　　　　　　　　　　　　　　anunnally@shutts.com
　　　　　　　　　　　　　　　　　　　mmontanaro@shutts.com


*pro hac vice

　　　　　*Counsel for Intervenor-Defendants Republican National Committee and*
　　　　　　　　　　*National Republican Senatorial Committee*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve all parties whose counsel have entered appearances. Those parties who have not yet appeared will be served via email.

       */s/ Daniel E. Nordby*