# EXHIBIT A

## CHAPTER 2021-11

### Committee Substitute for Committee Substitute for Committee Substitute for Senate Bill No. 90

An act relating to elections; creating s. 97.029, F.S.; prohibiting certain persons from settling certain actions, consenting to conditions, or agreeing to certain orders in certain circumstances; requiring certain persons to make certain legal challenges and move to dismiss or otherwise terminate a court's jurisdiction in certain circumstances; creating s. 97.0291, F.S.; prohibiting certain agencies and state and local officials from soliciting, accepting, or otherwise using private funds for election-related expenses; providing for construction; amending s. 97.052, F.S.; revising requirements for the uniform statewide voter registration application; amending s. 97.0525, F.S.; requiring the Division of Elections to maintain a website for the online voter registration system; providing additional requirements for a biennial comprehensive risk assessment of the online voter registration system; amending s. 97.053, F.S.; revising requirements governing the acceptance of voter registration applications; amending s. 97.057, F.S.; requiring the Department of Highway Safety and Motor Vehicles to assist the Department of State in identifying certain residence address changes; requiring the Department of State to report such changes to supervisors of elections; amending s. 97.0575, F.S.; revising requirements governing third-party voter registration organizations; providing applicability; revising circumstances under which a third-party voter registration organization is subject to fines for violations regarding the delivery of voter registration applications; revising requirements for division rules governing third-party voter registration organizations; amending s. 97.0585, F.S.; deleting an exemption from public records requirements for information related to a voter registration applicant's or voter's prior felony conviction and his or her restoration of voting rights to conform to changes made by the act; amending s. 97.1031, F.S.; revising information that an elector must provide to a supervisor of elections when the elector changes his or her residence address, party affiliation, or name; amending s. 98.0981, F.S.; providing that certain ballot types or precinct subtotals may not be reported in precinct-level election results; requiring supervisors of elections to make certain data available on their websites and transmit such data to the division; requiring the division to create and maintain a certain dashboard; amending s. 99.012, F.S.; removing provisions relating to the method of filling a vacancy created by an officer's resignation to qualify as a candidate for another public office; amending s. 99.021, F.S.; revising the oath for candidates seeking to qualify for nomination as a candidate of a political party; requiring a person seeking to qualify for office as a candidate with no party affiliation to subscribe to an oath or affirmation that he or she is registered without party affiliation and has not been a registered member of a political party for a specified timeframe; amending ss. 99.061 and 99.063, F.S.; conforming provisions to changes made by the

1

CODING: Words stricken are deletions; words underlined are additions.

act; amending s. 100.111, F.S.; revising the method of filling a vacancy in nomination for a political party; amending s. 101.051, F.S.; prohibiting certain solicitation of voters at drop box locations; increasing the no-solicitation zone surrounding a drop box location or the entrance of a polling place or an early voting site wherein certain activities are prohibited; conforming a provision; amending s. 101.131, F.S.; revising requirements for poll watcher identification badges; amending s. 101.545, F.S.; requiring ballots, forms, and election materials to be retained for a specified minimum timeframe following an election; amending s. 101.5605, F.S.; revising the timeframe within which the Department of State must approve or disapprove a voting system submitted for certification; amending s. 101.5614, F.S.; revising requirements for making true duplicate copies of vote-by-mail ballots under certain circumstances; requiring that an observer of the duplication of ballots be provided certain allowances; requiring that the duplication process take place in the presence of a canvassing board member; requiring a canvassing board to make certain determinations; amending s. 101.572, F.S.; requiring that voter certificates be open for public inspection; providing certain persons with reasonable access to ballot materials; requiring a supervisor to publish notice of such access; amending s. 101.591, F.S.; revising the timeframe and requirements for the voting systems audit report submitted to the department; amending s. 101.595, F.S.; requiring a specified report regarding overvotes and undervotes to be submitted with the voting systems audit report; revising the date by which the department must submit the report to the Governor and Legislature; amending s. 101.62, F.S.; limiting the duration of requests for vote-by-mail ballots to all elections through the end of the calendar year of the next regularly scheduled general election; requiring certain vote-by-mail ballot requests to include additional identifying information regarding the requesting elector; requiring supervisors of elections to record whether a voter's certificate on a vote-by-mail ballot has a mismatched signature; revising the definition of the term "immediate family" to conform to changes made by the act; prohibiting counties, municipalities, and state agencies from sending vote-by-mail ballots to voters absent a request; specifying applicability of the act to outstanding vote-by-mail ballot requests; amending s. 101.64, F.S.; revising requirements for vote-by-mail ballot mailing envelopes and secrecy envelopes; amending s. 101.68, F.S.; specifying that the supervisor may not use any knowledge of a voter's party affiliation during the signature comparison process; authorizing the canvassing of vote-by-mail ballots upon the completion of the public preelection testing of automatic tabulating equipment; revising duties of the canvassing board with respect to protests; amending s. 101.69, F.S.; revising requirements governing the placement and supervision of secure drop boxes for the return of vote-by-mail ballots; requiring the supervisor to designate drop box locations in advance of an election; prohibiting changes in drop box locations for an election after their initial designation; specifying requirements regarding the retrieval of vote-by-mail ballots returned in a drop box; providing that the supervisor is subject to a civil penalty for certain violations regarding drop boxes; amending s. 102.031,

2

CODING: Words stricken are deletions; words underlined are additions.

F.S.; prohibiting certain solicitation activities within a specified area surrounding a drop box; expanding the definition of "solicit" and "solicitation"; providing for construction; restricting certain persons from prohibiting the solicitation of voters by a candidate or a candidate's designee outside of the no-solicitation zone; creating s. 102.072, F.S.; requiring the supervisor of elections to post and update on his or her website vote-by-mail ballot data at specified intervals; amending s. 102.141, F.S.; requiring the names of canvassing board members be published on the supervisor's website before the tabulation of any vote-by-mail ballots in an election; authorizing each political party and candidate to have one watcher at canvassing board meetings within a distance that allows him or her to directly observe proceedings; requiring additional information be included in public notices of canvassing board meetings; amending s. 104.0616, F.S.; revising the definition of "immediate family"; prohibiting any person from distributing, ordering, requesting, collecting, delivering, or otherwise physically possessing more than two vote-by-mail ballots of other electors per election, not including immediate family members; providing exceptions; providing a penalty; providing an effective date.

Be It Enacted by the Legislature of the State of Florida:

Section 1.    Section 97.029, Florida Statutes, is created to read:

97.029    Civil actions challenging the validity of election laws.—

(1)    In a civil action challenging the validity of a provision of the Florida Election Code in which a state or county agency or officer is a party in state or federal court, the officer, agent, official, or attorney who represents or is acting on behalf of such agency or officer may not settle such action, consent to any condition, or agree to any order in connection therewith if the settlement, condition, or order nullifies, suspends, or is in conflict with any provision of the Florida Election Code, unless:

(a)    At the time settlement negotiations have begun in earnest, written notification is given to the President of the Senate, the Speaker of the House of Representatives, and the Attorney General.

(b)    Any proposed settlement, consent decree, or order that is proposed or received and would nullify, suspend, or conflict with any provision of the Florida Election Code is promptly reported in writing to the President of the Senate, the Speaker of the House of Representatives, and the Attorney General.

(c)    At least 10 days before the date a settlement or presettlement agreement or order is to be made final, written notification is given to the President of the Senate, the Speaker of the House of Representatives, and the Attorney General.

3

CODING: Words stricken are deletions; words underlined are additions.

(2)  If any notification required by this section is precluded by federal law, federal regulation, court order, or court rule, the officer, agent, official, or attorney representing such agency or officer, or the Attorney General, shall challenge the constitutionality of such preclusion in the civil suit affected and give prompt notice thereof to the President of the Senate, the Speaker of the House of Representatives, and the Attorney General.

(3)  If, after a court has entered an order or judgment that nullifies or suspends, or orders or justifies official action that is in conflict with, a provision of the Florida Election Code, the Legislature amends the general law to remove the invalidity or unenforceability, the officer, agent, official, or attorney who represents or is acting on behalf of the agency or officer bound by such order or judgment must promptly after such amendment of the general law move to dismiss or otherwise terminate any ongoing jurisdiction of such case.

Section 2.    Section 97.0291, Florida Statutes, is created to read:

97.0291    Prohibition on use of private funds for election-related expenses. No agency or state or local official responsible for conducting elections, including, but not limited to, a supervisor of elections, may solicit, accept, use, or dispose of any donation in the form of money, grants, property, or personal services from an individual or a nongovernmental entity for the purpose of funding election-related expenses or voter education, voter outreach, or registration programs. This section does not prohibit the donation and acceptance of space to be used for a polling room or an early voting site.

Section 3.    Paragraph (t) of subsection (2) of section 97.052, Florida Statutes, is amended to read:

97.052    Uniform statewide voter registration application.—

(2)  The uniform statewide voter registration application must be designed to elicit the following information from the applicant:

(t)1.  Whether the applicant has ~~never~~ been convicted of a felony and, if convicted, has had his or her voting rights restored by including the statement "I affirm that I am not a convicted felon or, if I am, my right to vote has been restored ~~I have never been convicted of a felony~~." and providing a box for the applicant to check to affirm the statement.

~~2.  Whether the applicant has been convicted of a felony, and if convicted, has had his or her civil rights restored through executive clemency, by including the statement "If I have been convicted of a felony, I affirm my voting rights have been restored by the Board of Executive Clemency." and providing a box for the applicant to check to affirm the statement.~~

~~3.  Whether the applicant has been convicted of a felony and, if convicted, has had his or her voting rights restored pursuant s. 4, Art. VI of the State Constitution, by including the statement "If I have been convicted of a felony,~~

CODING: Words ~~stricken~~ are deletions; words underlined are additions.

I affirm my voting rights have been restored pursuant to s. 4, Art. VI of the State Constitution upon the completion of all terms of my sentence, including parole or probation." and providing a box for the applicant to check to affirm the statement.

Section 4.   Subsections (1) and (2) and paragraph (b) of subsection (3) of section 97.0525, Florida Statutes, are amended to read:

97.0525   Online voter registration.—

(1)   Beginning October 1, 2017, An applicant may submit an online voter registration application using the procedures set forth in this section.

(2)   The division shall establish and maintain a secure Internet website that safeguards an applicant's information to ensure data integrity and permits an applicant to:

(a)   Submit a voter registration application, including first-time voter registration applications and updates to current voter registration records.

(b)   Submit information necessary to establish an applicant's eligibility to vote, pursuant to s. 97.041, which includes the information required for the uniform statewide voter registration application pursuant to s. 97.052(2).

(c)   Swear to the oath required pursuant to s. 97.051.

(3)

(b)   The division shall conduct a comprehensive risk assessment of the online voter registration system before making the system publicly available and every 2 years thereafter. The comprehensive risk assessment must comply with the risk assessment methodology developed by the Department of Management Services for identifying security risks, determining the magnitude of such risks, and identifying areas that require safeguards. In addition, the comprehensive risk assessment must incorporate all of the following:

1.   Load testing and stress testing to ensure that the online voter registration system has sufficient capacity to accommodate foreseeable use, including during periods of high volume of website users in the week immediately preceding the book-closing deadline for an election.

2.   Screening of computers and networks used to support the online voter registration system for malware and other vulnerabilities.

3.   Evaluation of database infrastructure, including software and operating systems, in order to fortify defenses against cyberattacks.

4.   Identification of any anticipated threats to the security and integrity of data collected, maintained, received, or transmitted by the online voter registration system.

5

Section 5.   Paragraph (a) of subsection (5) and subsection (6) of section 97.053, Florida Statutes, are amended to read:

97.053   Acceptance of voter registration applications.—

(5)(a)   A voter registration application is complete if it contains the following information necessary to establish the applicant's eligibility pursuant to s. 97.041, including:

1.   The applicant's name.

2.   The applicant's address of legal residence, including a distinguishing apartment, suite, lot, room, or dormitory room number or other identifier, if appropriate. Failure to include a distinguishing apartment, suite, lot, room, or dormitory room or other identifier on a voter registration application does not impact a voter's eligibility to register to vote or cast a ballot, and such an omission may not serve as the basis for a challenge to a voter's eligibility or reason to not count a ballot.

3.   The applicant's date of birth.

4.   A mark in the checkbox affirming that the applicant is a citizen of the United States.

5.a.   The applicant's current and valid Florida driver license number or the identification number from a Florida identification card issued under s. 322.051, or

b.   If the applicant has not been issued a current and valid Florida driver license or a Florida identification card, the last four digits of the applicant's social security number.

In case an applicant has not been issued a current and valid Florida driver license, Florida identification card, or social security number, the applicant shall affirm this fact in the manner prescribed in the uniform statewide voter registration application.

6.   A mark in the ~~applicable~~ checkbox affirming that the applicant has not been convicted of a felony or that, if convicted, ~~has had his or her civil rights restored through executive clemency, or~~ has had his or her voting rights restored ~~pursuant to s. 4, Art. VI of the State Constitution~~.

7.   A mark in the checkbox affirming that the applicant has not been adjudicated mentally incapacitated with respect to voting or that, if so adjudicated, has had his or her right to vote restored.

8.   The original signature or a digital signature transmitted by the Department of Highway Safety and Motor Vehicles of the applicant swearing or affirming under the penalty for false swearing pursuant to s. 104.011 that the information contained in the registration application is true

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

and subscribing to the oath required by s. 3, Art. VI of the State Constitution and s. 97.051.

(6)   A voter registration application, including an application with a change in name, address, or party affiliation, may be accepted as valid only after the department has verified the authenticity or nonexistence of the driver license number, the Florida identification card number, or the last four digits of the social security number provided by the applicant. If a completed voter registration application has been received by the book-closing deadline but the driver license number, the Florida identification card number, or the last four digits of the social security number provided by the applicant cannot be verified, the applicant shall be notified that the number cannot be verified and that the applicant must provide evidence to the supervisor sufficient to verify the authenticity of the applicant's driver license number, Florida identification card number, or last four digits of the social security number. If the applicant provides the necessary evidence, the supervisor shall place the applicant's name on the registration rolls as an active voter. If the applicant has not provided the necessary evidence or the number has not otherwise been verified prior to the applicant presenting himself or herself to vote, the applicant shall be provided a provisional ballot. The provisional ballot shall be counted only if the number is verified by the end of the canvassing period or if the applicant presents evidence to the supervisor of elections sufficient to verify the authenticity of the applicant's driver license number, Florida identification card number, or last four digits of the social security number no later than 5 p.m. of the second day following the election.

Section 6.   Subsection (13) is added to section 97.057, Florida Statutes, to read:

97.057   Voter registration by the Department of Highway Safety and Motor Vehicles.—

(13)   The Department of Highway Safety and Motor Vehicles must assist the Department of State in regularly identifying changes in residence address on the driver license or identification card of a voter. The Department of State must report each such change to the appropriate supervisor of elections who must change the voter's registration records in accordance with s. 98.065(4).

Section 7.   Paragraphs (c) and (d) of subsection (1), paragraph (a) of subsection (3), and subsection (5) of section 97.0575, Florida Statutes, are amended to read:

97.0575   Third-party voter registrations.—

(1)   Before engaging in any voter registration activities, a third-party voter registration organization must register and provide to the division, in an electronic format, the following information:

7

CODING: Words stricken are deletions; words underlined are additions.

(c)   The names, permanent addresses, and temporary addresses, if any, of each registration agent registering persons to vote in this state on behalf of the organization. This paragraph does not apply to persons who only solicit applications and do not collect or handle voter registration applications.

(d)   A sworn statement from each registration agent employed by or volunteering for the organization stating that the agent will obey all state laws and rules regarding the registration of voters. Such statement must be on a form containing notice of applicable penalties for false registration.

(3)(a)   A third-party voter registration organization that collects voter registration applications serves as a fiduciary to the applicant, ensuring that any voter registration application entrusted to the organization, irrespective of party affiliation, race, ethnicity, or gender, must shall be promptly delivered to the division or the supervisor of elections in the county in which the applicant resides within 14 days after completed by the applicant, but not after registration closes for the next ensuing election. A third-party voter registration organization must notify the applicant at the time the application is collected that the organization might not deliver the application to the division or the supervisor of elections in the county in which the applicant resides in less than 14 days or before registration closes for the next ensuing election and must advise the applicant that he or she may deliver the application in person or by mail. The third-party voter registration organization must also inform the applicant how to register online with the division and how to determine whether the application has been delivered 48 hours after the applicant completes it or the next business day if the appropriate office is closed for that 48-hour period. If a voter registration application collected by any third-party voter registration organization is not promptly delivered to the division or supervisor of elections in the county in which the applicant resides, the third-party voter registration organization is liable for the following fines:

1.   A fine in the amount of $50 for each application received by the division or the supervisor of elections in the county in which the applicant resides more than 14 days 48 hours after the applicant delivered the completed voter registration application to the third-party voter registration organization or any person, entity, or agent acting on its behalf or the next business day, if the office is closed. A fine in the amount of $250 for each application received if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

2.   A fine in the amount of $100 for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, before book closing for any given election for federal or state office and received by the division or the supervisor of elections in the county in which the applicant resides after the book-closing deadline for such election. A fine in the amount of $500 for each application received if the third-party registration organization or person, entity, or agency acting on its behalf acted willfully.

CODING: Words stricken are deletions; words underlined are additions.

3.  A fine in the amount of $500 for each application collected by a third-party voter registration organization or any person, entity, or agent acting on its behalf, which is not submitted to the division or supervisor of elections <u>in the county in which the applicant resides</u>. A fine in the amount of $1,000 for any application not submitted if the third-party voter registration organization or person, entity, or agency acting on its behalf acted willfully.

The aggregate fine pursuant to this paragraph which may be assessed against a third-party voter registration organization, including affiliate organizations, for violations committed in a calendar year is $1,000.

(5)  The division shall adopt by rule a form to elicit specific information concerning the facts and circumstances from a person who claims to have been registered to vote by a third-party voter registration organization but who does not appear as an active voter on the voter registration rolls. The division shall also adopt rules to ensure the integrity of the registration process, including <u>controls to ensure that all completed forms are promptly delivered to the division or a supervisor in the county in which the applicant resides</u> ~~rules requiring third-party voter registration organizations to account for all state and federal registration forms used by their registration agents. Such rules may require an organization to provide organization and form specific identification information on each form as determined by the department as needed to assist in the accounting of state and federal registration forms~~.

Section 8.  Paragraphs (d), (e), and (f) of subsection (1) of section 97.0585, Florida Statutes, are amended to read:

97.0585  Public records exemption; information regarding voters and voter registration; confidentiality.—

(1)  The following information held by an agency, as defined in s. 119.011, and obtained for the purpose of voter registration is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution and may be used only for purposes of voter registration:

(d)  ~~Information related to a voter registration applicant's or voter's prior felony conviction and whether such person has had his or her voting rights restored by the Board of Executive Clemency or pursuant to s. 4, Art. VI of the State Constitution.~~

~~(e)~~  All information concerning preregistered voter registration applicants who are 16 or 17 years of age. <u>This paragraph is</u>

~~(f)~~  ~~Paragraphs (d) and (e) are~~ subject to the Open Government Sunset Review Act in accordance with s. 119.15 and shall stand repealed on October 2, 2024, unless reviewed and saved from repeal through reenactment by the Legislature.

Section 9.  Section 97.1031, Florida Statutes, is amended to read:

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

97.1031    Notice of change of residence, change of name, or change of party affiliation.—

(1)(a)    When an elector changes his or her residence address, the elector must notify the supervisor of elections. Except as provided in paragraph (b), an address change must be submitted using a voter registration application.

(b)    If the address change is within the state and notice is provided to the supervisor of elections of the county where the elector has moved, the elector may do so by:

1.    Contacting the supervisor of elections via telephone or electronic means, in which case the elector must provide his or her date of birth and the last four digits of his or her social security number, his or her Florida driver license number, or his or her Florida identification card number, whichever may be verified in the supervisor's records; or

2.    Submitting the change on a voter registration application or other signed written notice.

(2)    When an elector seeks to change party affiliation, the elector shall notify his or her supervisor of elections or other voter registration official by submitting a voter registration application using a signed written notice that contains the elector's date of birth or voter registration number. When an elector changes his or her name by marriage or other legal process, the elector shall notify his or her supervisor of elections or other voter registration official by submitting a voter registration application using a signed written notice that contains the elector's date of birth or voter's registration number.

(3)    The voter registration official shall make the necessary changes in the elector's records as soon as practical upon receipt of such notice of a change of address of legal residence, name, or party affiliation. The supervisor of elections shall issue the new voter information card.

Section 10.    Present subsections (4) and (5) of section 98.0981, Florida Statutes, are redesignated as subsections (5) and (6), respectively, a new subsection (4) is added to that section, and paragraph (a) of subsection (2) of that section is amended, to read:

98.0981    Reports; voting history; statewide voter registration system information; precinct-level election results; book closing statistics; live turnout data.—

(2)    PRECINCT-LEVEL ELECTION RESULTS.—

(a)    Within 30 days after certification by the Elections Canvassing Commission of a presidential preference primary election, special election, primary election, or general election, the supervisors of elections shall collect and submit to the department precinct-level election results for the election in a uniform electronic format specified by paragraph (c). The precinct-level

10

election results shall be compiled separately for the primary or special primary election that preceded the general or special general election, respectively. The results shall specifically include for each precinct the total of all ballots cast for each candidate or nominee to fill a national, state, county, or district office or proposed constitutional amendment, with subtotals for each candidate and ballot type. However, ballot type or precinct subtotals in a race or question having fewer than 30 voters voting on the ballot type or in the precinct may not be reported in precinct results, unless fewer than 30 voters voted a ballot type. "All ballots cast" means ballots cast by voters who cast a ballot whether at a precinct location, by vote-by-mail ballot including overseas vote-by-mail ballots, during the early voting period, or by provisional ballot.

(4)  LIVE TURNOUT DATA.—On election day, each supervisor of elections shall make live voter turnout data, updated at least once per hour, available on his or her website. Each supervisor shall transmit the live voter turnout data to the division, which must create and maintain a real-time statewide turnout dashboard that is available for viewing by the public on the division's website as the data becomes available.

Section 11.  Paragraph (f) of subsection (3) and paragraph (g) of subsection (4) of section 99.012, Florida Statutes, are amended to read:

99.012  Restrictions on individuals qualifying for public office.—

(3)

(f)1.  With regard to an elective office, the resignation creates a vacancy in office to be filled by election. Persons may qualify as candidates for nomination and election as if the public officer's term were otherwise scheduled to expire.

2.  With regard to an elective charter county office or elective municipal office, the vacancy created by the officer's resignation may be filled for that portion of the officer's unexpired term in a manner provided by the respective charter. The office is deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation.

(4)

(g)  Notwithstanding the provisions of any special act to the contrary, with regard to an elective office, the resignation creates a vacancy in office to be filled by election, thereby authorizing persons to qualify as candidates for nomination and election as if the officer's term were otherwise scheduled to expire. With regard to an elective charter county office or elective municipal office, the vacancy created by the officer's resignation may be filled for that portion of the officer's unexpired term in a manner provided by the respective charter. The office is deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation.

11
CODING: Words stricken are deletions; words underlined are additions.

Section 12.    Present paragraph (c) of subsection (1) of section 99.021, Florida Statutes, is redesignated as paragraph (d), a new paragraph (c) is added to that subsection, and paragraph (b) of that subsection is amended, to read:

99.021    Form of candidate oath.—

(1)

(b)    In addition, any person seeking to qualify for nomination as a candidate of any political party shall, at the time of subscribing to the oath or affirmation, state in writing:

1.    The party of which the person is a member.

2.    That the person has ~~not~~ been a registered member of the ~~any other~~ political party <u>for which he or she is seeking nomination as a candidate</u> for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.

3.    That the person has paid the assessment levied against him or her, if any, as a candidate for said office by the executive committee of the party of which he or she is a member.

<u>(c)    In addition, any person seeking to qualify for office as a candidate with no party affiliation shall, at the time of subscribing to the oath or affirmation, state in writing that he or she is registered without any party affiliation and that he or she has not been a registered member of any political party for 365 days before the beginning of qualifying preceding the general election for which the person seeks to qualify.</u>

Section 13.    Paragraph (a) of subsection (7) of section 99.061, Florida Statutes, is amended to read:

99.061    Method of qualifying for nomination or election to federal, state, county, or district office.—

(7)(a)    In order for a candidate to be qualified, the following items must be received by the filing officer by the end of the qualifying period:

1.    A properly executed check drawn upon the candidate's campaign account payable to the person or entity as prescribed by the filing officer in an amount not less than the fee required by s. 99.092, unless the candidate obtained the required number of signatures on petitions pursuant to s. 99.095. The filing fee for a special district candidate is not required to be drawn upon the candidate's campaign account. If a candidate's check is returned by the bank for any reason, the filing officer shall immediately notify the candidate and the candidate shall have until the end of qualifying to pay the fee with a cashier's check purchased from funds of the campaign account. Failure to pay the fee as provided in this subparagraph shall disqualify the candidate.

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

2.   The candidate's oath required by s. 99.021, which must contain the name of the candidate as it is to appear on the ballot; the office sought, including the district or group number if applicable; and the signature of the candidate, which must be verified under oath or affirmation pursuant to s. 92.525(1)(a).

3.   If the office sought is partisan, the written statement of political party affiliation required by s. 99.021(1)(b); or if the candidate is running without party affiliation for a partisan office, the written statement required by s. 99.021(1)(c).

4.   The completed form for the appointment of campaign treasurer and designation of campaign depository, as required by s. 106.021.

5.   The full and public disclosure or statement of financial interests required by subsection (5). A public officer who has filed the full and public disclosure or statement of financial interests with the Commission on Ethics or the supervisor of elections prior to qualifying for office may file a copy of that disclosure at the time of qualifying.

Section 14.   Paragraph (b) of subsection (2) of section 99.063, Florida Statutes, is amended to read:

99.063   Candidates for Governor and Lieutenant Governor.—

(2)   No later than 5 p.m. of the 9th day following the primary election, each designated candidate for Lieutenant Governor shall file with the Department of State:

(b)   If the office sought is partisan, the written statement of political party affiliation required by s. 99.021(1)(b); or if the office sought is without party affiliation, the written statement required by s. 99.021(1)(c).

Section 15.   Paragraph (a) of subsection (3) of section 100.111, Florida Statutes, is amended to read:

100.111   Filling vacancy.—

(3)(a)   In the event that death, resignation, withdrawal, or removal should cause a party to have a vacancy in nomination which leaves no candidate for an office from such party, the filing officer before whom the candidate qualified shall notify the chair of the state and county political party executive committee of such party and:

1.   If the vacancy in nomination is for a statewide office, the state party chair shall, within 5 days, call a meeting of his or her executive board to consider designation of a nominee to fill the vacancy.

2.   If the vacancy in nomination is for the office of United States Representative, state senator, state representative, state attorney, or public defender, the state party chair shall notify the appropriate county chair or

13
CODING: Words stricken are deletions; words underlined are additions.

~~chairs and~~, within 5 days, ~~the appropriate county chair or chairs shall~~ call a meeting of the <u>state executive committee members residing</u> ~~members of the executive committee~~ in the affected county or counties to consider designation of a nominee to fill the vacancy.

3.    If the vacancy in nomination is for a county office, the state party chair shall notify the appropriate county chair and, within 5 days, the appropriate county chair shall call a meeting of his or her executive committee to consider designation of a nominee to fill the vacancy.

The name of any person so designated shall be submitted to the filing officer before whom the candidate qualified within 7 days after notice to the chair in order that the person designated may have his or her name on the ballot of the ensuing general election. If the name of the new nominee is submitted after the certification of results of the preceding primary election, however, the ballots shall not be changed and the former party nominee's name will appear on the ballot. Any ballots cast for the former party nominee will be counted for the person designated by the political party to replace the former party nominee. If there is no opposition to the party nominee, the person designated by the political party to replace the former party nominee will be elected to office at the general election.

Section 16.    Subsections (2) and (5) of section 101.051, Florida Statutes, are amended to read:

101.051    Electors seeking assistance in casting ballots; oath to be executed; forms to be furnished.—

(2)    It is unlawful for any person to be in the voting booth with any elector except as provided in subsection (1). A person at a polling place<u>, a drop box location,</u> or <u>an</u> early voting site, or within <u>150</u> ~~100~~ feet of <u>a drop box location or</u> the entrance of a polling place or <u>an</u> early voting site, may not solicit any elector in an effort to provide assistance to vote pursuant to subsection (1). Any person who violates this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(5)    If an elector needing assistance requests that a person other than an election official provide him or her with assistance in voting, the clerk or one of the inspectors shall require the person providing assistance to take the following oath:

DECLARATION TO PROVIDE ASSISTANCE

State of Florida

County of ......

Date ......

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

Precinct ......

I, ...(Print name)..., have been requested by ...(print name of elector needing assistance)... to provide him or her with assistance to vote. I swear or affirm that I am not the employer, an agent of the employer, or an officer or agent of the union of the voter and that I have not solicited this voter at the polling place, drop box location, or early voting site or within 150 100 feet of such locations in an effort to provide assistance.

...(Signature of assistor)...

Sworn and subscribed to before me this ...... day of ......, ...(year)....

...(Signature of Official Administering Oath)...

Section 17.   Subsection (5) of section 101.131, Florida Statutes, is amended to read:

101.131   Watchers at polls.—

(5)   The supervisor of elections shall provide to each designated poll watcher an, no later than 7 days before early voting begins, a poll watcher identification badge which that identifies the poll watcher by name. Each poll watcher must wear his or her identification badge while performing his or her duties in the polling room or early voting area.

Section 18.   Section 101.545, Florida Statutes, is amended to read:

101.545   Retention and destruction of certain election materials.—All ballots, forms, and other election materials shall be retained in the custody of the supervisor of elections for a minimum of 22 months after an election and in accordance with the schedule approved by the Division of Library and Information Services of the Department of State. All unused ballots, forms, and other election materials may, with the approval of the Department of State, be destroyed by the supervisor after the election for which such ballots, forms, or other election materials were to be used.

Section 19.   Paragraph (d) of subsection (2) of section 101.5605, Florida Statutes, is amended to read:

101.5605   Examination and approval of equipment.—

(2)

(d)   The Department of State shall approve or disapprove any voting system submitted to it within 120 90 days after the date of its initial submission.

15

Section 20.    Paragraph (a) of subsection (4) of section 101.5614, Florida Statutes, is amended to read:

101.5614    Canvass of returns.—

(4)(a)    If any vote-by-mail ballot is physically damaged so that it cannot properly be counted by the voting system's automatic tabulating equipment, a true duplicate copy shall be made of the damaged ballot in an open and accessible room in the presence of witnesses and substituted for the damaged ballot. Likewise, a duplicate ballot shall be made of a vote-by-mail ballot containing an overvoted race if there is a clear indication on the ballot that the voter has made a definite choice in the overvoted race or ballot measure. A duplicate or a marked vote-by-mail ballot in which every race is undervoted which shall include all valid votes as determined by the canvassing board based on rules adopted by the division pursuant to s. 102.166(4). A duplicate may be made of a ballot containing an undervoted race or ballot measure if there is a clear indication on the ballot that the voter has made a definite choice in the undervoted race or ballot measure. A duplicate may not include a vote if the voter's intent in such race or on such measure is not clear. Upon request, a physically present candidate, a political party official, a political committee official, or an authorized designee thereof, must be allowed to observe the duplication of ballots. The observer must be allowed to observe the duplication of ballots in such a way that the observer is able to see the markings on each ballot and the duplication taking place. All duplicate ballots must shall be clearly labeled "duplicate," bear a serial number which shall be recorded on the defective ballot, and be counted in lieu of the defective ballot. The duplication of ballots must happen in the presence of at least one canvassing board member. After a ballot has been duplicated, the defective ballot shall be placed in an envelope provided for that purpose, and the duplicate ballot shall be tallied with the other ballots for that precinct. If any observer makes a reasonable objection to a duplicate of a ballot, the ballot must be presented to the canvassing board for a determination of the validity of the duplicate. The canvassing board must document the serial number of the ballot in the canvassing board's minutes. The canvassing board must decide whether the duplication is valid. If the duplicate ballot is determined to be valid, the duplicate ballot must be counted. If the duplicate ballot is determined to be invalid, the duplicate ballot must be rejected and a proper duplicate ballot must be made and counted in lieu of the original.

Section 21.    Section 101.572, Florida Statutes, is amended to read:

101.572    Public inspection of ballots.—

(1)    The official ballots and ballot cards received from election boards and removed from vote-by-mail ballot mailing envelopes and voter certificates on such mailing envelopes shall be open for public inspection or examination while in the custody of the supervisor of elections or the county canvassing board at any reasonable time, under reasonable conditions; however, no persons other than the supervisor of elections or his or her employees or the

CODING: Words stricken are deletions; words underlined are additions.

county canvassing board shall handle any official ballot or ballot card. If the ballots are being examined prior to the end of the contest period in s. 102.168, the supervisor of elections shall make a reasonable effort to notify all candidates whose names appear on such ballots or ballot cards by telephone or otherwise of the time and place of the inspection or examination. All such candidates, or their representatives, shall be allowed to be present during the inspection or examination.

(2)   A candidate, a political party official, or a political committee official, or an authorized designee thereof, shall be granted reasonable access upon request to review or inspect ballot materials before canvassing or tabulation, including voter certificates on vote-by-mail envelopes, cure affidavits, corresponding comparison signatures, duplicate ballots, and corresponding originals. Before the supervisor begins comparing signatures on vote-by-mail voter certificates, the supervisor must publish notice of the access to be provided under this section, which may be access to the documents or images thereof, and the method of requesting such access. During such review, no person granted access for review may make any copy of a signature.

Section 22.   Subsection (5) of section 101.591, Florida Statutes, is amended to read:

101.591   Voting system audit.—

(5)   By December 15 of each general election year Within 15 days after completion of the audit, the county canvassing board or the board responsible for certifying the election shall provide a report with the results of the audit to the Department of State in a standard format as prescribed by the department. The report must be consolidated into one report with the overvote and undervote report required under s. 101.595(1). The report shall contain, but is not limited to, the following items:

(a)   The overall accuracy of audit.

(b)   A description of any problems or discrepancies encountered.

(c)   The likely cause of such problems or discrepancies.

(d)   Recommended corrective action with respect to avoiding or mitigating such circumstances in future elections.

Section 23.   Subsections (1) and (3) of section 101.595, Florida Statutes, are amended to read:

101.595   Analysis and reports of voting problems.—

(1)   No later than December 15 of each general election year, the supervisor of elections in each county shall report to the Department of State the total number of overvotes and undervotes in the "President and Vice President" or "Governor and Lieutenant Governor" race that appears first on the ballot or, if neither appears, the first race appearing on the ballot

CODING: Words stricken are deletions; words underlined are additions.

pursuant to s. 101.151(2), along with the likely reasons for such overvotes and undervotes and other information as may be useful in evaluating the performance of the voting system and identifying problems with ballot design and instructions which may have contributed to voter confusion. <u>This report must be consolidated into one report with the audit report required under s. 101.591(5).</u>

(3)    The Department of State shall submit the report to the Governor, the President of the Senate, and the Speaker of the House of Representatives by <u>February 15</u> <s>January 31</s> of each year following a general election.

Section 24.    Paragraphs (a) and (b) of subsection (1), subsection (3), and paragraph (c) of subsection (4) of section 101.62, Florida Statutes, are amended, and subsection (7) is added to that section, to read:

101.62    Request for vote-by-mail ballots.—

(1)(a)    The supervisor shall accept a request for a vote-by-mail ballot from an elector in person or in writing. One request <u>is</u> <s>shall be</s> deemed sufficient to receive a vote-by-mail ballot for all elections through the end of the calendar year of the <u>next</u> <s>second ensuing</s> regularly scheduled general election, unless the elector or the elector's designee indicates at the time the request is made the elections <u>within such period</u> for which the elector desires to receive a vote-by-mail ballot. Such request may be considered canceled when any first-class mail sent by the supervisor to the elector is returned as undeliverable.

(b)    The supervisor may accept a written<u>, an in-person,</u> or <u>a</u> telephonic request for a vote-by-mail ballot to be mailed to an elector's address on file in the Florida Voter Registration System from the elector, or, if directly instructed by the elector, a member of the elector's immediate family, or the elector's legal guardian. <u>If an in-person or a telephonic request is made, the elector must provide the elector's Florida driver license number, the elector's Florida identification card number, or the last four digits of the elector's social security number, whichever may be verified in the supervisor's records.</u><s>;</s> If the ballot is requested to be mailed to an address other than the elector's address on file in the Florida Voter Registration System, the request must be made in writing. <u>A written request must be</u> <s>and</s> signed by the elector <u>and include the elector's Florida driver license number, the elector's Florida identification card number, or the last four digits of the elector's social security number</u>. However, an absent uniformed service voter or an overseas voter seeking a vote-by-mail ballot is not required to submit a signed, written request for a vote-by-mail ballot that is being mailed to an address other than the elector's address on file in the Florida Voter Registration System. For purposes of this section, the term "immediate family" has the same meaning as specified in paragraph (4)(c). The person making the request must disclose:

1.    The name of the elector for whom the ballot is requested.

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

2. The elector's address.

3. The elector's date of birth.

4. The elector's Florida driver license number, the elector's Florida identification card number, or the last four digits of the elector's social security number, whichever may be verified in the supervisor's records.

5. The requester's name.

6.5. The requester's address.

7.6. The requester's driver license number, the requester's identification card number, or the last four digits of the requester's social security number, if available.

8.7. The requester's relationship to the elector.

9.8. The requester's signature (written requests only).

(3) For each request for a vote-by-mail ballot received, the supervisor shall record: the date the request was made; the identity of the voter's designee making the request, if any; the Florida driver license number, Florida identification card number, or last four digits of the social security number of the elector provided with a written request;, the date the vote-by-mail ballot was delivered to the voter or the voter's designee or the date the vote-by-mail ballot was delivered to the post office or other carrier; the address to which the ballot was mailed or the identity of the voter's designee to whom the ballot was delivered;, the date the ballot was received by the supervisor;, the absence of the voter's signature on the voter's certificate, if applicable; whether the voter's certificate contains a signature that does not match the elector's signature in the registration books or precinct register;, and such other information he or she may deem necessary. This information shall be provided in electronic format as provided by division rule adopted by the division. The information shall be updated and made available no later than 8 a.m. of each day, including weekends, beginning 60 days before the primary until 15 days after the general election and shall be contemporaneously provided to the division. This information shall be confidential and exempt from s. 119.07(1) and shall be made available to or reproduced only for the voter requesting the ballot, a canvassing board, an election official, a political party or official thereof, a candidate who has filed qualification papers and is opposed in an upcoming election, and registered political committees for political purposes only.

(4)

(c) The supervisor shall provide a vote-by-mail ballot to each elector by whom a request for that ballot has been made by one of the following means:

CODING: Words stricken are deletions; words underlined are additions.

1.  By nonforwardable, return-if-undeliverable mail to the elector's current mailing address on file with the supervisor or any other address the elector specifies in the request.

2.  By forwardable mail, e-mail, or facsimile machine transmission to absent uniformed services voters and overseas voters. The absent uniformed services voter or overseas voter may designate in the vote-by-mail ballot request the preferred method of transmission. If the voter does not designate the method of transmission, the vote-by-mail ballot shall be mailed.

3.  By personal delivery before 7 p.m. on election day to the elector, upon presentation of the identification required in s. 101.043.

4.  By delivery to a designee on election day or up to 9 days before prior to the day of an election. Any elector may designate in writing a person to pick up the ballot for the elector; however, the person designated may not pick up more than two vote-by-mail ballots per election, other than the designee's own ballot, except that additional ballots may be picked up for members of the designee's immediate family. For purposes of this section, "immediate family" means the designee's spouse or the parent, child, grandparent, grandchild, or sibling of the designee or of the designee's spouse. The designee shall provide to the supervisor the written authorization by the elector and a picture identification of the designee and must complete an affidavit. The designee shall state in the affidavit that the designee is authorized by the elector to pick up that ballot and shall indicate if the elector is a member of the designee's immediate family and, if so, the relationship. The department shall prescribe the form of the affidavit. If the supervisor is satisfied that the designee is authorized to pick up the ballot and that the signature of the elector on the written authorization matches the signature of the elector on file, the supervisor shall give the ballot to that designee for delivery to the elector.

5.  Except as provided in s. 101.655, the supervisor may not deliver a vote-by-mail ballot to an elector or an elector's immediate family member on the day of the election unless there is an emergency, to the extent that the elector will be unable to go to his or her assigned polling place. If a vote-by-mail ballot is delivered, the elector or his or her designee shall execute an affidavit affirming to the facts which allow for delivery of the vote-by-mail ballot. The department shall adopt a rule providing for the form of the affidavit.

(7)  Except as expressly authorized for voters having a disability under s. 101.662, for overseas voters under s. 101.697, or for local referenda under ss. 101.6102 and 101.6103, a county, municipality, or state agency may not send a vote-by-mail ballot to a voter unless the voter has requested a vote-by-mail ballot in the manner authorized under this section.

Section 25.  Notwithstanding the amendments made to s. 101.62(1)(a), Florida Statutes, by this act, an existing vote-by-mail ballot request

CODING: Words stricken are deletions; words underlined are additions.

submitted before the effective date of this act is deemed sufficient for elections held through the end of the 2022 calendar year.

Section 26.   Subsection (1) of section 101.64, Florida Statutes, is amended to read:

101.64   Delivery of vote-by-mail ballots; envelopes; form.—

(1)(a)   The supervisor shall enclose with each vote-by-mail ballot two envelopes: a secrecy envelope, into which the absent elector shall enclose his or her marked ballot; and a mailing envelope, into which the absent elector shall then place the secrecy envelope, which shall be addressed to the supervisor and also bear on the back side a certificate in substantially the following form:

Note: Please Read Instructions Carefully Before
Marking Ballot and Completing Voter's Certificate.

VOTER'S CERTIFICATE

I, ......, do solemnly swear or affirm that I am a qualified and registered voter of ...... County, Florida, and that I have not and will not vote more than one ballot in this election. I understand that if I commit or attempt to commit any fraud in connection with voting, vote a fraudulent ballot, or vote more than once in an election, I can be convicted of a felony of the third degree and fined up to $5,000 and/or imprisoned for up to 5 years. I also understand that failure to sign this certificate will invalidate my ballot.

…(Date)…                                    …(Voter's Signature)…

…(E-Mail Address)…                    …(Home Telephone Number)…

                                      …(Mobile Telephone Number)…

(b)   Each return mailing envelope must bear the absent elector's name and any encoded mark used by the supervisor's office.

(c)   A mailing envelope or secrecy envelope may not bear any indication of the political affiliation of an absent elector.

Section 27.   Subsections (1) and (2) of section 101.68, Florida Statutes, are amended to read:

101.68   Canvassing of vote-by-mail ballot.—

(1)   The supervisor of the county where the absent elector resides shall receive the voted ballot, at which time the supervisor shall compare the signature of the elector on the voter's certificate with the signature of the elector in the registration books or the precinct register to determine

CODING: Words stricken are deletions; words underlined are additions.

whether the elector is duly registered in the county and <u>must</u> <s>may</s> record on the elector's registration <u>record</u> <s>certificate</s> that the elector has voted. <u>During the signature comparison process, the supervisor may not use any knowledge of the political affiliation of the voter whose signature is subject to verification.</u> An elector who dies after casting a vote-by-mail ballot but on or before election day shall remain listed in the registration books until the results have been certified for the election in which the ballot was cast. The supervisor shall safely keep the ballot unopened in his or her office until the county canvassing board canvasses the vote. Except as provided in subsection (4), after a vote-by-mail ballot is received by the supervisor, the ballot is deemed to have been cast, and changes or additions may not be made to the voter's certificate.

(2)(a)   The county canvassing board may begin the canvassing of vote-by-mail ballots <u>upon the completion of the public testing of automatic tabulating equipment pursuant to s. 101.5612(2)</u> <s>at 7 a.m. on the 22nd day before the election</s>, but <u>must begin such canvassing by no</u> <s>not</s> later than noon on the day following the election. <s>In addition, for any county using electronic tabulating equipment, the processing of vote-by-mail ballots through such tabulating equipment may begin at 7 a.m. on the 22nd day before the election.</s> However, notwithstanding any such authorization to begin canvassing or otherwise processing vote-by-mail ballots early, no result shall be released until after the closing of the polls in that county on election day. Any supervisor, deputy supervisor, canvassing board member, election board member, or election employee who releases the results of a canvassing or processing of vote-by-mail ballots prior to the closing of the polls in that county on election day commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(b)   To ensure that all vote-by-mail ballots to be counted by the canvassing board are accounted for, the canvassing board shall compare the number of ballots in its possession with the number of requests for ballots received to be counted according to the supervisor's file or list.

(c)1.   The canvassing board must, if the supervisor has not already done so, compare the signature of the elector on the voter's certificate or on the vote-by-mail ballot cure affidavit as provided in subsection (4) with the signature of the elector in the registration books or the precinct register to see that the elector is duly registered in the county and to determine the legality of that vote-by-mail ballot. A vote-by-mail ballot may only be counted if:

a.   The signature on the voter's certificate or the cure affidavit matches the elector's signature in the registration books or precinct register; however, in the case of a cure affidavit, the supporting identification listed in subsection (4) must also confirm the identity of the elector; or

b.   The cure affidavit contains a signature that does not match the elector's signature in the registration books or precinct register, but the

CODING: Words <s>stricken</s> are deletions; words <u>underlined</u> are additions.

elector has submitted a current and valid Tier 1 identification pursuant to subsection (4) which confirms the identity of the elector.

For purposes of this subparagraph, any canvassing board finding that an elector's signatures do not match must be by majority vote and beyond a reasonable doubt.

2.   The ballot of an elector who casts a vote-by-mail ballot shall be counted even if the elector dies on or before election day, as long as, before the death of the voter, the ballot was postmarked by the United States Postal Service, date-stamped with a verifiable tracking number by a common carrier, or already in the possession of the supervisor.

3.   A vote-by-mail ballot is not considered illegal if the signature of the elector does not cross the seal of the mailing envelope.

4.   If any elector or candidate present believes that a vote-by-mail ballot is illegal due to a defect apparent on the voter's certificate or the cure affidavit, he or she may, at any time before the ballot is removed from the envelope, file with the canvassing board a protest against the canvass of that ballot, specifying the precinct, the voter's certificate or the cure affidavit the ballot, and the reason he or she believes the ballot to be illegal. A challenge based upon a defect in the voter's certificate or cure affidavit may not be accepted after the ballot has been removed from the mailing envelope.

5.   If the canvassing board determines that a ballot is illegal, a member of the board must, without opening the envelope, mark across the face of the envelope: "rejected as illegal." The cure affidavit, if applicable, the envelope, and the ballot therein shall be preserved in the manner that official ballots are preserved.

(d)   The canvassing board shall record the ballot upon the proper record, unless the ballot has been previously recorded by the supervisor. The mailing envelopes shall be opened and the secrecy envelopes shall be mixed so as to make it impossible to determine which secrecy envelope came out of which signed mailing envelope; however, in any county in which an electronic or electromechanical voting system is used, the ballots may be sorted by ballot styles and the mailing envelopes may be opened and the secrecy envelopes mixed separately for each ballot style. The votes on vote-by-mail ballots shall be included in the total vote of the county.

Section 28.   Subsection (2) of section 101.69, Florida Statutes, is amended, and subsection (3) is added to that section, to read:

101.69   Voting in person; return of vote-by-mail ballot.—

(2)(a)   The supervisor shall allow an elector who has received a vote-by-mail ballot to physically return a voted vote-by-mail ballot to the supervisor by placing the return mail envelope containing his or her marked ballot in a secure drop box. Secure drop boxes shall be placed at the main office of the supervisor, at each permanent branch office of the supervisor, and at each

23

CODING: Words stricken are deletions; words underlined are additions.

early voting site. Secure drop boxes may also be placed at any other site that would otherwise qualify as an early voting site under s. 101.657(1). Drop boxes must be geographically located so as to provide all voters in the county with an equal opportunity to cast a ballot, insofar as is practicable. Except for secure drop boxes at an office of the supervisor, a secure drop box may only be used; provided, however, that any such site must be staffed during the county's early voting hours of operation and must be monitored in person by an employee of the supervisor's office. A secure drop box at an office of the supervisor must be continuously monitored in person by an employee of the supervisor's office when the drop box is accessible for deposit of ballots or a sworn law enforcement officer.

(b)   A supervisor shall designate each drop box site at least 30 days before an election. The supervisor shall provide the address of each drop box location to the division at least 30 days before an election. After a drop box location has been designated, it may not be moved or changed except as approved by the division to correct a violation of this subsection.

(c)1.   On each day of early voting, all drop boxes must be emptied at the end of early voting hours and all ballots retrieved from the drop boxes must be returned to the supervisor's office.

2.   For drop boxes located at an office of the supervisor, all ballots must be retrieved before the drop box is no longer monitored by an employee of the supervisor.

3.   Employees of the supervisor must comply with procedures for the chain of custody of ballots as required by s. 101.015(4).

(3)   If any drop box is left accessible for ballot receipt other than as authorized by this section, the supervisor is subject to a civil penalty of $25,000. The division is authorized to enforce this provision.

Section 29.   Paragraphs (a), (b), and (e) of subsection (4) of section 102.031, Florida Statutes, are amended to read:

102.031   Maintenance of good order at polls; authorities; persons allowed in polling rooms and early voting areas; unlawful solicitation of voters.—

(4)(a)   No person, political committee, or other group or organization may solicit voters inside the polling place or within 150 feet of a drop box or the entrance to any polling place, a polling room where the polling place is also a polling room, an early voting site, or an office of the supervisor where vote-by-mail ballots are requested and printed on demand for the convenience of electors who appear in person to request them. Before the opening of a drop box location, a the polling place, or an early voting site, the clerk or supervisor shall designate the no-solicitation zone and mark the boundaries.

(b)   For the purpose of this subsection, the terms "solicit" or "solicitation" shall include, but not be limited to, seeking or attempting to seek any vote, fact, opinion, or contribution; distributing or attempting to distribute any

CODING: Words stricken are deletions; words underlined are additions.

political or campaign material, leaflet, or handout; conducting a poll except as specified in this paragraph; seeking or attempting to seek a signature on any petition; and selling or attempting to sell any item; and engaging in any activity with the intent to influence or effect of influencing a voter. The terms "solicit" or "solicitation" may not be construed to prohibit an employee of, or a volunteer with, the supervisor from providing nonpartisan assistance to voters within the no-solicitation zone such as, but not limited to, giving items to voters, or to prohibit exit polling.

(e)    The owner, operator, or lessee of the property on which a polling place or an early voting site is located, or an agent or employee thereof, may not prohibit the solicitation of voters by a candidate or a candidate's designee outside of the no-solicitation zone during polling hours.

Section 30.    Section 102.072, Florida Statutes, is created to read:

102.072    Vote-by-mail count reporting.—Beginning at 7:00 p.m. election day, the supervisor must, at least once every hour while actively counting, post on his or her website the number of vote-by-mail ballots that have been received and the number of vote-by-mail ballots that remain uncounted.

Section 31.    Subsection (1) and paragraphs (a) and (b) of subsection (2) of section 102.141, Florida Statutes, are amended to read:

102.141    County canvassing board; duties.—

(1)    The county canvassing board shall be composed of the supervisor of elections; a county court judge, who shall act as chair; and the chair of the board of county commissioners. The names of the canvassing board members must be published on the supervisor's website upon completion of the logic and accuracy test. Alternate canvassing board members must be appointed pursuant to paragraph (e). In the event any member of the county canvassing board is unable to serve, is a candidate who has opposition in the election being canvassed, or is an active participant in the campaign or candidacy of any candidate who has opposition in the election being canvassed, such member shall be replaced as follows:

(a)    If no county court judge is able to serve or if all are disqualified, the chief judge of the judicial circuit in which the county is located shall appoint as a substitute member a qualified elector of the county who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed. In such event, the members of the county canvassing board shall meet and elect a chair.

(b)    If the supervisor of elections is unable to serve or is disqualified, the chair of the board of county commissioners shall appoint as a substitute member a member of the board of county commissioners who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with

25

opposition in the election being canvassed. The supervisor, however, shall act in an advisory capacity to the canvassing board.

(c)   If the chair of the board of county commissioners is unable to serve or is disqualified, the board of county commissioners shall appoint as a substitute member one of its members who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed.

(d)   If a substitute member or alternate member cannot be appointed as provided elsewhere in this subsection, or in the event of a vacancy in such office, the chief judge of the judicial circuit in which the county is located shall appoint as a substitute member or alternate member a qualified elector of the county who is not a candidate with opposition in the election being canvassed and who is not an active participant in the campaign or candidacy of any candidate with opposition in the election being canvassed.

(e)1.   The chief judge of the judicial circuit in which the county is located shall appoint a county court judge as an alternate member of the county canvassing board or, if each county court judge is unable to serve or is disqualified, shall appoint an alternate member who is qualified to serve as a substitute member under paragraph (a).

2.   The chair of the board of county commissioners shall appoint a member of the board of county commissioners as an alternate member of the county canvassing board or, if each member of the board of county commissioners is unable to serve or is disqualified, shall appoint an alternate member who is qualified to serve as a substitute member under paragraph (d).

3.   If a member of the county canvassing board is unable to participate in a meeting of the board, the chair of the county canvassing board or his or her designee shall designate which alternate member will serve as a member of the board in the place of the member who is unable to participate at that meeting.

4.   If not serving as one of the three members of the county canvassing board, an alternate member may be present, observe, and communicate with the three members constituting the county canvassing board, but may not vote in the board's decisions or determinations.

(2)(a)   The county canvassing board shall meet in a building accessible to the public in the county where the election occurred at a time and place to be designated by the supervisor to publicly canvass the absent electors' ballots as provided for in s. 101.68 and provisional ballots as provided by ss. 101.048, 101.049, and 101.6925. <u>During each meeting of the county canvassing board, each political party and each candidate may have one watcher able to view directly or on a display screen ballots being examined for signature matching and other processes.</u> Provisional ballots cast

CODING: Words ~~stricken~~ are deletions; words <u>underlined</u> are additions.

pursuant to s. 101.049 shall be canvassed in a manner that votes for candidates and issues on those ballots can be segregated from other votes. As soon as the absent electors' ballots and the provisional ballots are canvassed, the board shall proceed to publicly canvass the vote given each candidate, nominee, constitutional amendment, or other measure submitted to the electorate of the county, as shown by the returns then on file in the office of the supervisor.

(b)   Public notice of the canvassing board members, alternates, time, and place at which the county canvassing board shall meet to canvass the absent electors' ballots and provisional ballots must be given at least 48 hours prior thereto by publication on the supervisor's website and published in one or more newspapers of general circulation in the county or, if there is no newspaper of general circulation in the county, by posting such notice in at least four conspicuous places in the county. The time given in the notice as to the convening of the meeting of the county canvassing board must be specific and may not be a time period during which the board may meet.

Section 32.   Section 104.0616, Florida Statutes, is amended to read:

104.0616   Vote-by-mail ballots and voting; violations.—

(1)   For purposes of this section, the term "immediate family" means a person's spouse or the parent, child, grandparent, grandchild, or sibling of the person or the person's spouse.

(2)   Any person who distributes, orders, requests, collects, delivers provides or offers to provide, and any person who accepts, a pecuniary or other benefit in exchange for distributing, ordering, requesting, collecting, delivering, or otherwise physically possesses possessing more than two vote-by-mail ballots per election in addition to his or her own ballot or a ballot belonging to an immediate family member, except as provided in ss. 101.6105-101.694, including supervised voting at assisted living facilities and nursing home facilities as authorized under s. 101.655, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or, s. 775.083, or s. 775.084.

Section 33.   This act shall take effect upon becoming a law.

Approved by the Governor May 6, 2021.

Filed in Office Secretary of State May 6, 2021.

CODING: Words stricken are deletions; words underlined are additions.