UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., et al.,

        Plaintiffs,

        v.

LAUREL M. LEE, in her official
capacity as Florida Secretary of State,
et al.,

        Defendants,

        and

REPUBLICAN NATIONAL
COMMITTEE, and NATIONAL
REPUBLICAN SENATORIAL
COMMITTEE,

        Intervenor-Defendants.

Case No.:   4:21-cv-186-MW/MAF

Consolidated for discovery purposes
only with case nos.:
        4:21-cv-187-MW/MAF
        4:21-cv-201-MW/MAF
        4:21-cv-242-MW/MAF

## *LEAGUE* PLAINTIFFS' MEMORANDUM IN OPPOSITION TO ATTORNEY GENERAL MOODY'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................2

LEGAL STANDARD..........................................................................................3

ARGUMENT ....................................................................................................4

    I.  The Attorney General is a proper defendant for the *League*
       Plaintiffs' claims. ....................................................................................4

        A.  The Eleventh Amendment does not shield the Attorney
           General from suit...........................................................................4

           i)  The Deceptive Registration Warning ...........................................5

           ii)  The Volunteer Assistance Ban ....................................................6

           iii) The Line Warming Ban ................................................................8

        B.  The *League* Plaintiffs' injuries are traceable to and
           redressable by the Attorney General. ...........................................10

    II. The *League* Plaintiffs have stated a right-to-vote claim against
      the challenged provisions and an overbreadth and vagueness
      claim against the Line Warming Ban. .........................................................11

CONCLUSION ................................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................3

*Chaparro v. Carnival Corp.*,
    693 F.3d 1333 (11th Cir. 2012) ......................................................3, 8

*Claire v. Fla. Dep't of Mgmt. Servs.*,
    504 F. Supp. 3d 1328 (N.D. Fla. 2020) ..............................................5

*GeorgiaCarry.Org, Inc. v. Georgia*,
    687 F.3d 1244 (11th Cir. 2012) ........................................................10

*Grizzle v. Kemp*,
    634 F.3d 1314 (11th Cir. 2011) ..........................................................5

*K.P. v. LeBlanc*,
    627 F.3d 115 (5th Cir. 2010) .............................................................10

*Larson v. Valente*,
    456 U.S. 228 (1982)...........................................................................10

*Lawrence v. Dunbar*,
    919 F.2d 1525 (11th Cir. 1990) ......................................................3, 8

*Nielsen v. DeSantis*,
    469 F. Supp. 3d 1261 (N.D. Fla. 2020) .....................................passim

*Nielsen v. DeSantis*,
    No. 4:20-cv-00236-RH-GRJ, 2020 WL 6603267 (N.D. Fla. May
    27, 2020) ..............................................................................................7

*Reprod. Health Servs. v. Strange*,
    3 F.4th 1240 (11th Cir. 2021) .........................................................5, 8

*Support Working Animals, Inc. v. DeSantis*,
    457 F. Supp. 3d 1193 (N.D. Fla. 2020) ..............................................8

**STATUTES**

Fla. Stat. § 97.0575(2) ............................................................................2

Fla. Stat. § 97.0575(3)(a) ...........................................................1, 2, 4, 11

Fla. Stat. § 97.0575(4) ............................................................................5

Fla. Stat. § 101.62(1)(a)(3) .....................................................................2, 4

Fla. Stat. § 101.69 .................................................................................2, 4

Fla. Stat. § 102.031(4)(b) ...............................................................passim

Fla. Stat. § 104.41 ...................................................................................9

Fla. Stat. § 104.0616 ...................................................................1, 2, 4, 12

Fla. Stat. § 104.0616(2) ..........................................................................6

**OTHER AUTHORITIES**

Eleventh Amendment .........................................................................4, 5

Rule 12(b)(6) ..........................................................................................8

## INTRODUCTION

The Attorney General is a proper defendant in this case because her office has direct enforcement authority over three of the provisions of Senate Bill 90 that the *League* Plaintiffs challenge: the Deceptive Registration Warning, *see* Fla. Stat. § 97.0575(3)(a), the Volunteer Assistance Ban, *id.* § 104.0616, and the Line Warming Ban, *id.* § 102.031(4)(b). The Attorney General concedes that her office may civilly enforce the Deceptive Registration Warning and may criminally prosecute violations of the Volunteer Assistance Ban and Line Warming Ban if they occur in two or more judicial circuits in Florida. *See* Motion to Dismiss, ECF No. 176 at 4 n.1, 9. The *League* Plaintiffs, of course, include statewide organizations that challenge restrictions on their statewide activities, which undeniably occur in two or more judicial circuits. Nothing more is required to find the Attorney General a proper defendant in this case.

Because the *League* Plaintiffs ask this Court to find the Attorney General a proper defendant for only those statutes for which she may directly enforce, the Attorney General's arguments about her lack of supervisory authority over Florida's state attorneys are therefore beside the point. The *League* Plaintiffs' claims against the Attorney General do not turn on any such theory. Instead, as Judge Hinkle found just last year in a nearly identical challenge to Florida's previous ballot-delivery statute, the Attorney General's direct enforcement authority over certain election

1

laws makes the Attorney General a proper defendant in challenges to such laws. *See Nielsen v. DeSantis*, 469 F. Supp. 3d 1261, 1267–68 (N.D. Fla. 2020). The Court should therefore deny the Attorney General's motion, except as to the Drop Box Restrictions, Fla. Stat. § 101.69, and Vote-by-Mail Repeat Request Requirement, *id.* § 101.62(1)(a)(3), which, based on the Attorney General's representations, the *League* Plaintiffs agree she lacks the authority to enforce.

## BACKGROUND

The *League* Plaintiffs describe the factual background of this case and the nature of their claims in the Background section of their Opposition to the Secretary of State's Motion to Dismiss. *See* ECF No. 197 at 9-14. In brief, the *League* Plaintiffs challenge five provisions of SB 90: the (1) Deceptive Registration Warning, Fla. Stat. § 97.0575(3)(a), (2) Volunteer Assistance Ban, *id.* § 104.0616, (3) Line Warming Ban, *id.* § 102.031(4)(b), (4) Drop Box Restrictions, *id.* § 101.69, and (5) Vote-by-Mail Repeat Request Requirement, *id.* § 101.62(1)(a)(3). The *League* Plaintiffs bring claims against not only the Attorney General, but also the Secretary of State and the 67 county Supervisors of Elections. *See* Corrected First Am. Compl. ¶¶ 36–38, ECF No. 160 ("Compl.").

The Attorney General's motion challenges only the claims against her, not against the other defendants. Specifically, the Attorney General argues that she is an improper defendant as to challenges to the Drop Box Restrictions and Vote-by-Mail

Repeat Request Requirement, over which she contends her office lacks enforcement authority. *See* Mot. at 8. And while she accepts that her office has enforcement authority over the Volunteer Assistance Ban and Line Warming Ban under certain circumstances, she argues that this enforcement authority is insufficient to render her a proper defendant as to the challenges to those provisions in this case. *See* Mot. at 9–11. She does, however, concede that she is a proper defendant to challenges to the Deceptive Registration Warning. *See* Mot. at 4 n.1.

## LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim, the allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). The standard is not rigorous: a motion to dismiss must be denied so long as the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)). This same standard applies to "facial attacks" on subject matter jurisdiction, like the Attorney General's motion, which are based on the facts as alleged in the complaint rather than on an evidentiary challenge to those allegations. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

3

## **ARGUMENT**

I.    **The Attorney General is a proper defendant for the *League* Plaintiffs' challenges to the Deceptive Registration Warning, the Volunteer Assistance Ban, and the Line Warming Ban.**

The Attorney General is a proper defendant for the *League* Plaintiffs' challenges to Florida's Deceptive Registration Warning, *see* Fla. Stat. § 97.0575(3)(a), the Volunteer Assistance Ban, *id.* § 104.0616, and the Line Warming Ban, *id.* § 102.031(4)(b). Because the Attorney General's Office directly enforces those statutes, the Eleventh Amendment does not shield her from suit. And an injunction against the Attorney General would redress the *League* Plaintiffs' injuries, at least in part, by eliminating the threat of enforcement by the Attorney General's office.

In contrast, the *League* Plaintiffs do not contest the dismissal of claims against the Attorney General as it relates to the Drop Box Restrictions, Fla. Stat. § 101.69, and the Vote-by-Mail Repeat Request Requirement, *id.* § 101.62(1)(a)(3), which, based on the Attorney General's representations, the *League* Plaintiffs agree she lacks the authority to enforce. Those claims, however, should remain active against the remaining defendants, the Secretary of State and the Supervisors of Elections, who do have authority to enforce them.

A.    **The Eleventh Amendment does not shield the Attorney General from suit.**

The Attorney General is a proper defendant in the *League* Plaintiffs'

4

challenges to the Deceptive Registration Warning, the Volunteer Assistance Ban, and the Line Warming Ban because her office has the authority to enforce those statutes. Under the *Ex parte Young* exception to the Eleventh Amendment, a state official may be sued in federal court if that state official "enforces" or "administers" the statute in question. *Claire v. Fla. Dep't of Mgmt. Servs.*, 504 F. Supp. 3d 1328, 1334 (N.D. Fla. 2020) (Walker, J.). As the Eleventh Circuit recently reaffirmed, "if a state-official defendant can enforce an allegedly unconstitutional statute, the necessary *Ex parte Young* connection exists." *Reprod. Health Servs. v. Strange*, 3 F.4th 1240, 1256 (11th Cir. 2021). Because the Attorney General can enforce all three provisions, the Eleventh Amendment does not bar suit against her.

### i) The Deceptive Registration Warning

The Attorney General admits "that she has <u>civil</u> enforcement authority over" the Deceptive Registration Warning. Mot. at 4 n.1 (emphasis in original). Plaintiffs agree: Under Fla. Stat. § 97.0575(4), "[t]he Attorney General may institute a civil action for a violation of" that provision, including seeking a "permanent or temporary injunction, a restraining order, or any other appropriate order." The Attorney General does not explain why she emphasizes the "civil" nature of her enforcement authority, but it makes no difference: it is well-established that civil enforcement authority is sufficient to make an official subject to suit under *Ex parte Young*. *See, e.g.*, *Grizzle v. Kemp*, 634 F.3d 1314 (11th Cir. 2011) (finding the

Georgia Secretary of State a proper defendant under *Ex parte Young* based on civil enforcement authority). The Attorney General's admitted enforcement authority over the Deceptive Registration Warning thus satisfies the *Ex parte Young* standard and makes her a proper defendant here.

### ii) The Volunteer Assistance Ban

The Attorney General also admits that her office has authority to enforce violations of the Volunteer Assistance Ban, at least where they involve multiple judicial circuits. *See* Mot. at 9. As Judge Hinkle found just last year, that authority makes the Attorney General a proper defendant in challenges to that provision. *See Nielsen*, 469 F. Supp. 3d 1261. In that case, the *Nielsen* plaintiffs challenged the prior, less restrictive version of Florida's ballot delivery restriction. The punishment under either version of the statute is the same: a misdemeanor in the first degree, which can result in a fine of $1,000 and year-long imprisonment. *See* Fla. Stat. § 104.0616(2); Compl. ¶ 103. As Judge Hinkle explained in *Nielsen*, the Attorney General was a proper defendant for the challenge because the Attorney General's Office specifically has the "authority to prosecute any crime that occurs in two or more judicial circuits and involves voter registration or voting," which "includes the challenged ballot-delivery provision." *Nielsen*, 469 F. Supp. 3d at 1268 (citing Fla. Stat. § 16.56(1)(a)(12)). The Attorney General ignores this precedent in discussing the Volunteer Assistance Ban in this case, but the factors that made the Attorney

6

General a proper defendant in *Nielsen* also make her a proper defendant here.

Notably, while the Attorney General argues that the *League* Plaintiffs' allegations are insufficient to establish her enforcement authority because the *League* Plaintiffs do not explicitly allege that they plan to engage in a *multi*-jurisdictional ballot-delivery effort, *see* Mot. at 12–13, the Attorney General made, and lost, that same argument last year in *Nielsen*. *See* 469 F. Supp. 3d at 1268; Attorney General of Florida's Motion to Dismiss, *Nielsen v. DeSantis*, No. 4:20-cv-00236-RH-GRJ, 2020 WL 6603267 (N.D. Fla. May 27, 2020).

Here, too, the *League* Plaintiffs' allegations plainly establish their desire to engage in ballot delivery efforts statewide. Specifically, Plaintiffs allege that the League "has thousands of members across Florida," with "29 chapters across the State of Florida, *from Pensacola to the Keys*," and that but for the Volunteer Assistance Ban, "the League would help collect and deliver vote-by-mail ballots on behalf of its members and members of its voting constituencies who asked for their assistance." Compl. ¶¶ 15, 17, 20 (emphasis added). Similarly, Plaintiffs alleged that "LULAC has *thousands of members across Florida*" for whom LULAC wishes to "help collect and deliver vote-by-mail ballots." *Id.* ¶¶ 24, 27 (emphasis added). These allegations cannot plausibly be read as limiting Plaintiffs' interest in delivering ballots for voters to a single judicial circuit, particularly when the Court must accept the factual allegations in the Complaint as true and evaluate inferences

in the light most favorable to Plaintiffs. *See Chaparro*, 693 F.3d at 1335; *Lawrence*, 919 F.2d at 1529 ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true.").

Ultimately, because the Attorney General "can enforce [the] allegedly unconstitutional statute, the necessary *Ex parte Young* connection exists." *Reprod. Health Servs.*, 3 F.4th at 1256. The fact that Florida's individual state attorneys might also prosecute Plaintiffs is irrelevant. As this Court has aptly noted, "[t]he *Ex parte Young* doctrine does not demand that Plaintiffs wait . . . to see which state official—be it the Attorney General acting in her discretion or a state attorney—brings an enforcement action before challenging [the statute]." *Support Working Animals, Inc. v. DeSantis*, 457 F. Supp. 3d 1193, 1213 (N.D. Fla. 2020).[1]

### iii) The Line Warming Ban

The Attorney General is subject to suit for the *League* Plaintiffs' challenge to the Line Warming Ban, *see* Fla. Stat. § 102.031(4)(b), for all the same reasons she is subject to suit for the Volunteer Assistance Ban. Like the Volunteer Assistance

---

[1] The *League* Plaintiffs recognize that *Support Working Animals* also approved a broader theory, under which the Attorney General's supervisory authority over state's attorneys rendered her a proper defendant. In light of the Eleventh Circuit's evolving precedent on these issues, and the Attorney General's representations in her Motion to Dismiss disavowing any ability to enforce the Drop Box Restrictions and Vote-by-Mail Repeat Request Requirement, the *League* Plaintiffs do not object to her dismissal as a defendant with respect to those provisions.

Ban, a violation of the Line Warming Ban at polling places is a misdemeanor in the first-degree, *see* Fla. Stat. § 104.41, which the Attorney General acknowledges she has the authority to prosecute if the violation is multi-jurisdictional. *See* Mot. at 9. Here, too, the *League* Plaintiffs' Complaint plainly alleges statewide activities. *See* Compl. ¶¶ 15, 18, 20 (alleging the League "has thousands of members across Florida," with "29 chapters across the State of Florida, from Pensacola to the Keys," and that "the League has previously hosted 'Party at the Polls' events across Florida"); *id.* ¶¶ 25, 27 (alleging LULAC "has thousands of members across Florida" and "LULAC appears on the ground at polling locations in Florida to assist its members to vote and provide any kind of support they need"); *id.* ¶ 28 (alleging Black Voters Matter focuses its work in "low-income and working class populations" and that the Line Warming Ban appears to "prohibit the type of civic engagement and assistance that Black Voters Matter has previously provided to Florida voters and intends to provide again in upcoming elections"). Once again, none of these allegations can be plausibly read as limiting Plaintiffs' interest in assisting voters at the polls to a single judicial circuit. Rather, they plainly convey an interest in assisting Florida voters at the polls statewide, thus bringing the conduct within the "domain" of the Office of the Statewide Prosecutor and thus within the direct enforcement authority of the Attorney General. *See Nielsen*, 469 F. Supp. 3d at 1268.

**B.      The *League* Plaintiffs' injuries are traceable to and redressable by the Attorney General.**

Because the *League* Plaintiffs ask this Court to find the Attorney General a proper defendant in this case only for the statutes for which she has direct enforcement authority, the *League* Plaintiffs' injuries for those statutes are, by definition, traceable to the Attorney General. The redressability analysis is also straightforward: Just as Judge Hinkle recognized last year, "[i]f the challenge [against the ballot delivery statute] succeeds, an injunction against prosecution could properly run against the Attorney General" and bar her office from prosecuting the *League* Plaintiffs. *Nielsen*, 469 F. Supp. 3d at 1268.

Such an injunction against the Attorney General would redress the *League* Plaintiffs' injuries even if, as the Attorney General contends, she cannot order Florida's state attorneys not to prosecute. After all, "a plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself. He need not show that a favorable decision will relieve his *every* injury." *Larson v. Valente,* 456 U.S. 228, 243 n. 15 (1982). There are often multiple proper defendants from whom plaintiffs could obtain relief, and yet plaintiffs may seek relief only from one. *See, e.g., GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 n.18 (11th Cir. 2012) (finding Georgia Governor to be proper defendant even though "other officials, who are charged specifically to enforce the law, would certainly be more appropriate defendants"); *K.P. v. LeBlanc*,

627 F.3d 115, 123–24 (5th Cir. 2010) (in challenge to abortion statute, recognizing a State Board was "far from the sole participant in the application of the challenged statute," but finding that an injunction against State Board from prosecution would redress plaintiffs' injuries even though other "litigants may bypass the Board and proceed directly in the courts"). The same is true here: an injunction against the Attorney General prohibiting her office from enforcing these statutes would legally redress the *League* Plaintiffs' injuries, notwithstanding any action a state attorney may or may not take.

## II.    The *League* Plaintiffs have stated a right-to-vote claim against the challenged provisions and an overbreadth and vagueness claim against the Line Warming Ban.

Finally, the Attorney General's motion "adopts and incorporates by reference herein the arguments presented in Sections III(A) and III(D) of Secretary of State's Omnibus Memorandum of Law in Support of Her Motions to Dismiss." Mot. at 14. Because the *League* Plaintiffs have already addressed these issues in their Opposition to the Secretary of State's Motion to Dismiss, *see* ECF No. 197, the *League* Plaintiffs adopt and incorporate those arguments here.

## <u>CONCLUSION</u>

For the reasons stated herein, the Court should deny in part the Attorney General's motion to dismiss and find the Attorney General a proper defendant for the *League* Plaintiffs' challenge to the Deceptive Registration Warning, *see* Fla. Stat.

§ 97.0575(3)(a), the Volunteer Assistance Ban, *id.* § 104.0616, and the Line Warming Ban, *id.* § 102.031(4)(b). The *League* Plaintiffs' remaining claims, of course, are properly asserted against the Supervisors of Elections and Secretary of State.

## LOCAL RULES CERTIFICATION

Undersigned counsel certifies that this response contains 2,602 words, excluding the case style, table of contents, table of authorities, and certificate of service.

Respectfully submitted this 13th day of August, 2021.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
Thomas A. Zehnder
Florida Bar No. 0063274
King, Blackwell, Zehnder & Wermuth, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
tzehnder@kbzwlaw.com

Marc E. Elias
Aria C. Branch*
David R. Fox*
Lalitha D. Madduri*
Christina A. Ford
Francesca Gibson*
Perkins Coie, LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960

Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
abranch@perkinscoie.com
davidfox@perkinscoie.com
lmadduri@perkinscoie.com
christinaford@perkinscoie.com
fgibson@perkinscoie.com

Danielle Sivalingam*
Perkins Coie LLP
1888 Century Park East, Suite 1700
Century City, California 90067
Telephone: (310) 788-3344
Facsimile: (310) 843-2844
dsivalingam@perkinscoie.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel in the Service List below.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*

13

## SERVICE LIST

Bradley R. McVay
Florida Bar No. 79034
Ashley E. Davis
Florida Bar No. 48032
Colleen E. O'Brien
Florida Bar No. 76578
Florida Department of State
RA Gray Building
500 South Bronough Street, Ste. 100
Tallahassee, FL 32399
Telephone: 850-245-6531
brad.mcvay@dos.myflorida.com
ashley.davis@dos.myflorida.com
colleen.obrien@dos.myflorida.com

Mohammad O. Jazil
Florida Bar No. 72556
Gary V. Perko
Florida Bar No. 855898
Holzman Vogel Baran Torchinsky &
Josefiak PLLC
1532 Cristobal Dr.
Tallahassee, FL 32303
Telephone: 850-567-5762
mJazil@holtzmanvogel.com
gperko@holtzmanvogel.com

Phillip M. Gordon
Holzman Vogel Baran Torchinsky &
Josefiak PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: 540-341-8808
pgordon@holtzmanvogel.law

*Counsel for Defendant Laurel M. Lee*

William H. Stafford, III
Florida Bar No. 70394
Bilal A. Faruqui
Florida Bar No. 15212
Karen A. Brodeen
Florida Bar No. 512772
Office of the Attorney General
PL-01 The Capitol
Tallahassee, Florida 32399
Telephone: 850-414-3785
william.stafford@myfloridalegal.com
bilal.faruqui@myfloridalegal.com
karen.brodeen@myfloridalegal.com

*Counsel for Defendant Ashley Moody*

14

Robert C. Swain
Florida Bar No. 366961
Diana M. Johnson
Florida Bar No. 366961
Alachua County Attorney's Office
12 SE First St.
Gainesville, FL 32602
Telephone: 352-374-5218
bswain@alachuacounty.us
dmjohnson@alachuacounty.us

*Counsel for Defendant Kim A. Barton*

Edward P. Cuffe
Florida Bar No. 1018521
Susan Erdelyi
Florida Bar No. 0648965
Marks Gray, P.A.
1200 Riverplace Blvd, Ste. 800
Jacksonville, FL 32207
Telephone: 904-807-2110
sse@marksgray.com
pcuffe@marksgray.com

*Counsel for Defendants Christopher Milton, Mark Anderson, Amanda Seyfang, Sharon Chason, Tomi S. Brown, Starlet Cannon, Heather Riley, Shirley Knight, Laura Hutto, Carol Dunaway, Travis Hart, Grant Conyers, Janet Adkins, Charles Overturf, Tappie Villane, Vicky Oakes, William Keen, Jennifer Musgrove, Dana Southerland, Deborah Osborne, Joseph Morgan, Bobby Beasley and Carol Rudd*

Frank M. Mari
Florida Bar No. 93243
Bell & Roper PA
2707 E. Jefferson St.
Orlando, FL 32803
Telephone: 407-897-5150
fmari@bellroperlaw.com

*Counsel for Defendants Mark Negley, Connie Sanchez, John Hanlon, Marty Bishop, Heath Driggers, Lori Scott, Kaiti Lenhart, and Penny Ogg*

Ronald A. Labasky
Florida Bar No. 206326
Brewton Plante PA
215 S. Monroe Street, Ste. 825
Tallahassee, FL 32301
Telephone: 850-222-7718
rlabasky@bplawfirm.net

John T. LaVia
Florida Bar No. 853666
Gardner, Bist, Bowden, Bush, Dee, Lavia & Wright, P.A.
1300 Thomaswood Drive
Tallahassee, FL 32308
Telephone: 850-385-0070
jlavia@gbwlegal.com

15

*Counsel for Defendants Chris H. Chambless, Vicki Davis, Mary Jane Arrington, Gertrude Walker and Lori Edwards*

Andy V. Bardos
Florida Bar No. 822671
GrayRobinson PA
301 S. Bronough St, Ste. 600
Tallahassee, FL 32301
Telephone: 850-577-9090
andy.bardos@gray-robinson.com

*Counsel for Defendant Jennifer J. Edwards, Leslie Swan, Alan Hays, Tommy Doyle, Michael Bennett, Wesley Wilcox, Joyce Griffin, Brian Corley, Christopher Anderson and Paul Stamoulis*

Jon A. Jouben
Florida Bar No. 149561
Hernando County
20 N. Main Street, Ste. 462
Brookesville, FL 34601-2850
Telephone: 351-754-4122
jjouben@co.hernando.fl.us

*Counsel for Defendant Shirley Anderson*

Kia M. Johnson
Florida Bar No. 124746
Escambia County Attorneys Office
221 Palafox Place, Ste. 430
Pensacola, FL 32502
Telephone: 850-595-4970
kmjohnson@myescambia.com

Stephen M. Todd
Florida Bar No. 0886203
Office of The County Attorney
601 E. Kennedy Blvd., 27th Floor
Tampa, FL 33602
Telephone: 813-272-5670
todds@hillsboroughcounty.org

*Counsel for Defendant Craig Latimer*

Kelly L. Vicari
Florida Bar No. 88704
Pinellas County Attorney's Office
315 Court Street, 6th Floor
Clearwater, FL 33756
Telephone: 727-464-3354
kvicari@pinellascounty.org

*Counsel for Defendant Julie Marcus*

Benjamin Salzillo
Florida Bar No. 582751
Nathaniel A. Klitsberg
Florida Bar No. 307520
115 South Andrews Ave., Ste. 423
Ft. Lauderdale, FL 33301
Telephone: 954-357-7600
bsalizzo@broward.org
nklitsberg@broward.org

16

*Counsel for Defendant David H. Stafford*

Dale Scott
Florida Bar No. 568821
Bell & Roper, P.A.
2707 E. Jefferson St.
Orlando, Florida 32803
Telephone: 407-897-5150
dscott@bellroperlaw.com

*Counsel for Defendant Maureen Baird*

Robert Shearman
Florida Bar No. 105572
Geraldo F. Olivo
Florida Bar No. 60905
Henderson, Franklin, Starnes
& Holt, P.A.
1715 Monroe Street
Ft. Myers, Florida 33901
Telephone: 239-334-1346
robert.shearman@henlaw.com
jerry.olivo@henlaw.com

*Counsel for Defendants Aletris Farnam, Diane Smith, Brenda Hoots, Therisa Meadows, Tammy Jones and Melissa Arnold*

Gregory T. Stewart
Florida Bar No. 203718
Elizabeth D. Ellis
Florida Bar No. 97873
Kirsten H. Mood
Florida Bar No. 115595

*Counsel for Defendant Joe Scott*

Craig D. Feiser
Florida Bar No. 164593
Jason Teal
Florida Bar No. 157198
Mary Margaret Giannini
Florida Bar No. 105572
117 W. Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: 904-255-5052
cfeiser@coj.net
mgiannini@coj.net

*Counsel for Defendant Mike Hogan*

Mark Herron
Florida Bar No. 199737
S. Denay Brown
Florida Bar No. 88571
Patrick O'Bryant
Florida Bar No. 1011566
Messer Caparello & Self, P.A.
2618 Centennial Place
Tallahassee, Florida 32308
Telephone: 850-222-0720
mherron@lawfla.com
dbrown@lawfla.com
pobryant@lawfla.com

*Counsel for Defendant Mark Earley*

Nicholas Shannin
Florida Bar No. 9570
Shannin Law Firm
214 S. Lucerne Circle East
Orlando, Florida 32801
Telephone: 407-985-2222

17

Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, FL 32308
Telephone: 850-224-4070
gstewart@ngnlaw.com
eellis@ngnlaw.com
kmood@ngnlaw.com

*Counsel for Defendant Paul Lux*

W. Kevin Bledsoe
Florida Bar No. 029769
London L. Ott
Florida Bar No. 95058
123 W. Indiana Avenue, Room 301
Deland, Florida 32720
Telephone: 386-736-5950
kbledsoe@volusia.org
lott@volusia.org

*Counsel for Defendant Lisa Lewis*

Michael B. Valdes
Florida Bar No. 93129
Oren Rosenthal
Florida Bar No. 86320
Miami-Dade Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
Telephone: 305-375-5620
michael.valdes@miamidade.gov
oren.rosenthal@miamidade.gov

*Counsel for Defendant Christine White*

Benjamin J. Gibson
Daniel E. Nordby
George N. Meros, Jr.

nshannin@shanninlaw.com

*Counsel for Defendant Bill Cowles*

Morgan Bentley
Florida Bar No. 962287
Bentley Law Firm, P.A.
783 South Orange Ave., Third Floor
Sarasota, Florida 34236
Telephone: 941-556-9030
mbentley@thebentleylawfirm.com

*Counsel for Defendant Ron Turner*

Ashley D. Houlihan
Florida Bar No. 125852
Palm Beach County Supervisor of Elections
240 S Military Trail
West Palm Beach, FL 33416
Telephone: 561-656-6200
ashleyhoulihan@votepalmbeach.gov

*Counsel for Defendant Wendy Link*

18

Amber S. Nunnally
Shutts & Bowen LLP
215 S. Monroe St., Ste. 804
Tallahassee, FL 32301
Telephone: 850-241-1720
bgibson@shutts.com
dnordby@shutts.com
gmeros@shutts.com
anunnally@shutts.com

Daniel J. Shapiro
Cameron T. Norris
Tyler R. Green
Steven C. Begakis
Consovoy McCarthy, PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
Telephone: 703-243-9423
daniel@consovoymccarthy.com
cam@consovoymccarthy.com
tyler@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Intervenor Defendants
Republican National Committee and
National Republican Senatorial
Committee*