**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**LEAGUE OF WOMEN VOTERS**
**OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                                                  Case No.:  4:21cv186-MW/MAF
                                                                                             4:21cv187-MW/MAF
**LAUREL M. LEE, in her official**                        4:21cv201-MW/MJF
**capacity as Florida Secretary of**                      4:21cv242-MW/MAF
**State, et al.,**

    *Defendants*,

**and**

**NATIONAL REPUBLICAN**
**SENATORIAL COMMITTEE and**
**REPUBLICAN NATIONAL**
**COMMITTEE,**

    *Intervenor-Defendants.*
_____/

**ORDER DENYING IN PART MOTION FOR PROTECTIVE**
**ORDER AND REQUIRING EXPEDITED RESPONSE**

To advise is "to give (someone) a recommendation about what should be done **:** to give advice to." *Advise*, Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/advise (last visited Oct. 12, 2021). It can also mean to caution, warn, or recommend. *Id.* To direct, on the other hand, is to "request or enjoin . . . with authority." *Direct*, Merriam-Webster.com Dictionary,

Merriam-Webster, https://www.merriam-webster.com/dictionary/direct (last visited Oct. 12, 2021).

This Court's initial scheduling order "directed" the parties "to conduct discovery so that the due date of any discovery requested shall not be later than" the close of discovery. ECF No. 22 at 1. It also "advised" the parties "to make discovery requests no later than 75 days before the end of the discovery period." *Id.* at 2.

Defendant Lee, joined by Defendant Moody and the Intervenor-Defendants,[1] moves for a protective order, arguing in part that Plaintiffs' requests for admission in Case Nos: 4:21cv186 and 4:21cv201 are untimely. ECF No. 276. Sidestepping the scheduling order's plain language, they argue that this Court's *advice* to the parties to make discovery requests no later than 75 days before the close of discovery is really a *directive*. As explained below, it is not. Accordingly, Defendants' motion is **DENIED in part**.

I

This dispute began on September 22, 2021, when Plaintiffs in both cases served requests for admission on Defendants. Defendants argue that these requests are untimely. Their argument goes like this. First, the scheduling and mediation order sets October 22, 2021 as the discovery deadline. ECF No. 276 at 3. Plus, for

---

[1] The Intervenor Defendants join only in the argument that Plaintiffs' requests were untimely, and Defendant Moody joins only as to Case No: 4:21cv186. This Order refers to them collectively as "Defendants."

2

matters the scheduling and mediation order does not address, the initial scheduling order governs. *Id.* at 4. In turn, the initial scheduling order "required that all parties "make discovery requests *no later than 75 days before the end of the discovery period*.'" *Id.* (emphasis added) (quoting ECF No. 22 at 2). Thus, because October 22, 2021 is the discovery deadline, "all discovery requests should have been served by August 9, 2021, at the latest." *Id.* By this logic, "Plaintiffs have . . . missed the Court's deadline by over six weeks." *Id.*

The Plaintiffs in Case No: 4:21cv186 respond that the "no later than 75 days before" language is cautionary, but not mandatory. And they emphasize that the initial scheduling order provides that the parties must conduct discovery "so that the due date of any discovery requested shall not be later than the last day of the discovery period." ECF No. 279 at 2 (quotations omitted). Accordingly, any discovery requests must be served so that they are due no later than October 22, 2021. *Id.* Requests for admission are due 30 days after service. Fed. R. Civ. P. 36(a)(4). And Plaintiffs served their requests on September 22, 2021, making the responses due on October 22, 2021. Thus, according to Plaintiffs, their requests comply with this Court's initial scheduling order.[2]

---

[2] In email correspondence that Defendant Lee attaches to her motion, Plaintiffs maintained that requests for admissions "are not discovery requests at all." ECF No. 276-1. Plaintiffs, however, do not make that argument in their response. Nor could they, this Court's initial scheduling order includes "admissions requests" in its definition of discovery materials. ECF No. 22 at 11.

3

II

Defendants' argument is creative, but it relies on a selective reading of this Court's orders. In full, the portion of the initial scheduling order Defendants cite warns the parties to serve their discovery requests well in advance of the deadline because, ordinarily, this Court will not entertain motions to compel brought less than 30 days before the close of discovery:

> (c) This Court's intent is to encourage early discovery and discourage discovery at the eleventh hour unless it is truly necessary. The parties are advised to make discovery requests no later than 75 days before the end of the discovery period. Unless otherwise ordered by the Court, motions to compel discovery are due no later than 30 days before the close of discovery. The Court will ordinarily entertain a motion to compel brought during the last 30 days of discovery only on a showing of reasonable diligence during the discovery period and the discovery dispute in question arose during the last 30 days of discovery.

ECF No. 22 at 2.

As explained above, to advise is to warn or caution. And that is all this provision does. Contrary to Defendants' selective reading, it does not *require* anything. Instead, a different provision of the initial scheduling order sets the deadline for discovery requests. That provision provides that the parties must make their requests so that the responses will be due no later than the last day of discovery:

> (a) The parties must begin discovery immediately. The parties are further directed to conduct discovery so that the due date of any discovery requested shall not be later than September 15, 2021. The conduct of any discovery which would require a later due date shall be permitted only on order of the Court. An extension of time will ordinarily be granted only for good cause and upon showing of

4

diligence during the initial discovery period. *See* N.D. Fla. Loc. R. 6.1.

. . .

*Id.* at 1–2. In short, Plaintiffs have the better argument. The initial scheduling order, combined with the scheduling and mediation order, requires the parties to serve all discovery requests so that the response is due on or before the close of discovery, October 22, 2021. Thus, although Plaintiffs waited to the last possible moment, their requests for admission were timely. Defendants' motion for a protective order is therefore **DENIED in part** as to Case No: 4:21cv186.

Defendants, however, also argue that the requests for admission in Case No: 4:21cv201 "are unduly burdensome, and are not proportional to the needs of the case." ECF 276 at 2. Plaintiffs in Case No: 4:21cv201 are ordered to file an expedited response to Defendants' motion **on or before October 22, 2021**.

**SO ORDERED on October 14, 2021.**

s/Mark E. Walker<br>
**Chief United States District Judge**
