IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,

    *Plaintiffs*,

v.                                                                  Case No.:  4:21cv186-MW/MAF

LAUREL M. LEE, in her official
capacity as Florida Secretary of
State, et al.,

    *Defendants,*

and

NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,

    *Intervenor-Defendants.*
_____/

## ORDER ON PLAINTIFFS' MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs move for leave to file a second amended complaint to add Dave Aronberg, State Attorney of Florida's Fifteenth Judicial District, as a new defendant, and Miriam Hanan, a Florida voter, as a new plaintiff. ECF No. 292 at 3-4. This Court has considered, without hearing, Plaintiffs' motion, Defendants' response in opposition, ECF No. 303, and all attached exhibits. Because Plaintiff files this

motion after the discovery deadline but does not provide a good cause for the delay, the motion is **DENIED**.

## I. BACKGROUND

This is a voting rights case. Plaintiffs are nonprofit groups and individual voters who challenge Florida's newly enacted law, Senate Bill 90 ("SB 90"), which they allege "burdens all Floridians," and "is crafted to and will operate to make it more difficult for certain types of voters to participate in the state's elections[.]" ECF No. 160 ¶ 5. Plaintiffs have sued Florida's Secretary of State, Laurel Lee, Florida's Attorney General, Ashley Moody, and Florida's 67 Supervisors of Elections.

Among other aspects of SB 90, Plaintiffs challenge section 104.0616(2), Florida Statutes (2021), which provides that any person who distributes, orders, requests, collects, delivers, or otherwise physically possesses more than two vote-by-mail ballots per election in addition to their own ballot or a ballot belonging to an immediate family member commits a first-degree misdemeanor. However, this Court dismissed all counts related to section 104.0616 because Plaintiffs' asserted injuries were not traceable to any Defendants, therefore, Plaintiffs lacked standing to challenge these provisions. ECF No. 275 at 21-22.

Plaintiffs had not identified any authority or alleged any facts from which this Court could reasonably infer that Defendant Lee or Defendant Supervisors have any enforcement authority under this criminal statute. *Id.* at 22. Nor did Plaintiffs allege

2

facts permitting this Court to reasonably infer that its members have assisted or intend to assist voters in two or more judicial circuits, thus subjecting them to prosecution by Attorney General Moody. As Defendant Moody pointed out, in most cases, Florida's State Attorneys are responsible for enforcing criminal statutes like section 104.0616(2). ECF No. 176 at 10–1, but Plaintiffs had not sued any State Attorneys. Now Plaintiffs seek leave to file a second amended complaint to add David Aronberg, the State Attorney for Florida's Fifteenth Judicial District, as a defendant to overcome their standing infirmity. ECF No. 292 at 4. This is despite the fact that the scheduling order's deadline for motions to amend the pleadings passed on July 6, 2021—nearly four months ago—and the deadline for discovery passed on October 22, 2021—the day Plaintiffs filed this motion. ECF No. 162 at 2.

## II. DISCUSSION

When, as here, Plaintiff cannot amend as a matter of course, this Court must nonetheless grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether amendment furthers the interests of justice, this Court must consider several factors. These factors include "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th

3

Cir. 2014) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv. Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009)).

Plus, as here, when a party moves to amend after the deadline set by this Court's scheduling and mediation order, the party must also show "good cause" within the meaning of Federal Rule of Civil Procedure 16(b)(4). *Sosa v. Airprint Sys. Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quotation marks omitted). This Court must therefore determine whether Plaintiff meets the good cause standard first, before moving on to whether Rule 15 permits amendment. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007). Accordingly, this Court begins its analysis with Rule 16.

Under the Rule 16 standard set out above, to justify modification at this late stage, Plaintiffs must establish that despite their diligence they could not have known State Attorney Aronberg was a more appropriate party until now. *See Sosa*, 133 F.3d at 1419 (explaining that courts should consider whether the information supporting amendment was available when the plaintiff filed suit). An amending party is not diligent if facts giving rise to the amendment were available early in litigation. *Pugh v. Kobelco Const. Mach. Am., LLC*, 413 F. App'x 134, 136 (11th Cir. 2011) (motion denied because the "proposed amendment was based on facts that were, or should

4

have been, within [the plaintiff's] own knowledge"); *Dixon v. Blanc*, 796 F. App'x 684, 689 (11th Cir. 2020) (motion to add new defendants based on events that transpired months before initiating the lawsuit denied); *Norris v. Hicks*, 855 F. App'x 515, 525 (11th Cir. 2021) (motion denied because plaintiff had learned information necessary add a new defendant early in the case). An amending party is also not diligent if the law giving rise to the amendment was settled prior to litigation. *Anderson v. Brown Indus.*, 614 F. App'x 415, 417 (11th Cir. 2015); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (finding a plaintiff did not have good cause just because his counsel misunderstood the scope of his legal protections).

In this case, Plaintiffs have pointed to no newly revealed facts or changes in law that give rise to their motion to amend. Plaintiffs explain that this amendment is the result of this Court's order dismissing their claim. ECF No. 292 at 5. They cite only *Nielson v. DeSantis*, 469 F. Supp. 3d 1261, 1267-68 (N.D. Fla. 2020) as the authority which led them to believe they had standing to sue the Attorney General. *Id.* But Plaintiffs had multiple opportunities to reassess their position before the end of discovery. In early July, this Court ordered Plaintiffs to show cause as to whether they had standing to pursue their claims against Secretary Lee. ECF No. 115. The order clarified that standing is not all or nothing and warned Plaintiffs to take care to identify the specific provisions being challenged and how Secretary Lee was

responsible for enforcing each provision. *Id.* at 4. This should have been a cue to Plaintiffs to that they needed to allege with particularity how each claim and injury was traceable to each defendant.

Shortly thereafter, on July 12, 2021, Defendant Moody filed her first motion to dismiss. ECF No. 120. She pointed out Plaintiffs' reliance on Defendant Moody's role as statewide prosecutor to establish standing failed to address the fact that "the Statewide Prosecutor may act 'only when any such offense is occurring, or has occurred, in two or more judicial circuits as part of a related transaction . . ..' Fla. Stat. § 16.56(1)(a) [sic]. Despite that requirement, Plaintiffs [had] not alleged that they intend to engage in any such conduct." *Id.* at 9. Plaintiffs subsequently filed an amended complaint, but they did not address this particular deficiency. ECF No. 124. Plaintiffs had a second opportunity to reassess when Defendant's filed their second motion to dismiss on July 30, 2021. ECF No. 176. Again, Plaintiff would have had the opportunity to amend, but instead they chose to hold their ground and filed a response in opposition arguing that they had standing according to *Nielsen v. Desantis*, No. 4:20-cv-00236-RH-GRJ, 2020 WL 6603267 (N.D. Fla. 2020). ECF No. 198.[1]

---

[1] It should be noted that Plaintiffs' choice to defend their standing to sue the Attorney General or to amend their complaint to add either (1) factual allegations that they plan to engage in a multi-jurisdictional ballot-delivery effort or (2) a claim against State Attorney Aronberg are not mutually exclusive.

Finally, Plaintiffs were on notice of the deficiencies in their complaint when Defendants filed supplemental authority in support of their motion to dismiss. ECF No. 228. Defendants attached a copy of *Support Working Animals, Inc. v. Governor of Fla.*, No. 20-12665, 2021 WL 3556779 (11th Cir. Aug. 12, 2021). In *Support Working Animals*, the court held that plaintiffs failed to show their harm was traceable to the Attorney General because they did not show offenses would likely occur in two or more judicial circuits, subjecting them to prosecution. ECF No. 228-1 at 13. This same logic supports Defendants' motion and this Courts order to dismiss for lack of standing. ECF No. 274 at 23. Where a plaintiff "was on notice of the deficiencies in his complaint before the deadline expired as a result of [defendants] motion to dismiss," he cannot claim he was diligent. *Brivik v. Law*, 545 F. App'x 804, 807 (11th Cir. 2013). The law and facts this Court relied on to come to its decision were equally available to—and brought to the attention of—Plaintiffs much earlier in litigation. Plaintiffs had multiple opportunities to amend to add State Attorney Aronberg as a defendant, but they chose to wait until the close of discovery, after this Court issued its order to dismiss. They have not shown that they were diligent in amending, thus they have not shown good cause for their delay.

This Court is not saying Plaintiffs must get things right on the first try. To effectively litigate their claims, Plaintiffs sued 67 county supervisors of elections, the Secretary of State, and Attorney General Moody. ECF No. 1. Plaintiffs should

not feel compelled to join every defendant under the sun to have their case heard, but they should be flexible and take cues from this Court and opposing parties. By holding their ground, Plaintiffs postponed amending until the end of discovery, putting pressure on an already time sensitive process. *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("Amending [plaintiff's] complaint on the last day of the already extended discovery period would have produced more attempts at discovery, delayed disposition of the case, and likely prejudiced [defendant].") Accordingly, Plaintiffs' motion for leave to file a second amended complaint is **DENIED**.

    **SO ORDERED on November 4, 2021.**

**s/Mark E. Walker**
**Chief United States District Judge**
