IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,

    *Plaintiffs*,

v.　　　　　　　　　　　　　　　　Case No.:  4:21cv186-MW/MAF

LAUREL M. LEE, in her official
capacity as Florida Secretary of
State, et al.,

    *Defendants*,

and

NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,

    *Intervenor-Defendants*.
_____/

## ORDER DENYING PLAINTIFFS'
## MOTION TO EXCLUDE EXPERT TESTIMONY

    Plaintiffs move to exclude the testimony of Defendants Lee and Moody's proffered expert, Dr. Quentin Kidd. ECF No. 349. In so moving, Plaintiffs make two broad arguments. The first targets Dr. Kidd's qualifications and the substance of his testimony—claiming that Dr. Kidd is unqualified and that his testimony is unreliable and unhelpful. The second alleges that Defendants violated Federal Rule of Civil

Procedure 26 and that Dr. Kidd's opinions should thus be excluded. This Court tackles each argument in turn.

I

Starting with Plaintiffs' attack on the substance of Dr. Kidd's testimony, expert testimony must be relevant and reliable. Fed. R. Evid. 702. With those requirements in mind, the Eleventh Circuit requires district courts to apply a three-part test to determine whether expert evidence is admissible. Under that test, courts must consider whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). The burden is on the proponent of the testimony to show, "by a preponderance of the evidence, that the testimony satisfies each prong." *Id.* To be sure, as Plaintiffs argue, this test is "rigorous" and its importance "cannot be overstated." *Frazier*, 387 F.3d at 1260.

When conducting a bench trial, however, courts are less concerned about the parties "dumping a barrage of questionable scientific evidence on a jury." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999). *See also United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the

gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself."); *accord In re Teltronics, Inc.*, 904 F.3d 1303, 1311–12 (11th Cir. 2018). Thus, "[w]here a trial judge conducts a bench trial, the judge need not conduct a Daubert (or Rule 702) analysis before presentation of the evidence, even though he must determine admissibility at some point." *Kan. City S. Ry. Co. v. Sny Island Levee Drainage Dist.*, 831 F.3d 892, 900 (7th Cir. 2016).

The cases Plaintiffs cite are consistent with this conclusion. *See Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009) (noting that the court must make a ruling but also stating that "[t]he usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial."); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002) (same).

Moreover, "[t]hough [motions *in limine*] can work a savings in time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007). This Court is acutely aware of the issues other courts have found with Dr. Kidd's previous proffers. *See People First of Ala. v. Merrill*, 491 F. Supp. 3d 1076, 1102 (N.D. Ala. 2020). But here, this Court finds that an adversarial presentation at trial will put it in the best position to determine what weight—if any—to give Dr. Kidd's testimony. Accordingly, this Court finds that

3

Plaintiffs' first set of arguments do not weigh in favor of granting their motion to exclude.

II

Turning to Plaintiffs' timeliness argument, Federal Rule of Civil Procedure 26(a)(2) requires additional disclosures for expert witnesses beyond those required for ordinary witnesses. Retained experts or other experts "specially employed to provide expert testimony" must comply with Rule 26(a)(2)(B). To comply with Rule 26(a)(2)(B), the disclosures must include a written report addressing an enumerated list of topics.

In turn, Rule 37(c) provides that, in the event that a party fails to provide the necessary disclosures under Rule 26, a court may prevent the party from using that witness. In applying Rule 37(c), this Court enjoys a "wide latitude" of discretion to either admit or exclude expert testimony based on an insufficient or untimely report. *See Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004). Typically, a party may not offer the expert testimony unless the insufficient disclosure was "substantially justified or harmless." *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 718 (N.D. Fla. 2019) (citing Fed. R. Civ. P. 37(c)(1)). The party offering the testimony bears the burden of showing its failure to disclose was substantially justified or harmless. *Id.* "In determining whether to exclude previously undisclosed evidence under Rule 37, this Court considers 1) the importance of the

4

evidence, 2) the reason for the party's failure to disclose the evidence earlier, and 3) the prejudice to the opposing party if the evidence is considered." *Id. See also Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603 (11th Cir. 2019) (Julie Carnes, J. concurring specially) (suggesting "an 'inadvertent' omission of information that was available to the opposing party" is harmless).[1]

Here, Plaintiffs argue that Dr. Kidd failed to provide "the facts and data" he considered in reaching his opinion as required by Federal Rule of Civil Procedure 26(a)(2)(B)(ii). Unquestionably, an expert report supplemented less than 18 hours before the expert's deposition is untimely.[2] The question, then, is whether that late disclosure was substantially justified or harmless.

Although the burden rests with Defendants, this Court finds a response unnecessary. Defendants would meet their burden to show that their late disclosure was harmless because, even accepting all of Plaintiffs' allegations as true, this Court finds the late disclosure was harmless.

---

[1] While "Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26," *Taylor*, 940 F.3d at 593, it may be an abuse of that discretion to exclude evidence where the failure to disclose is either substantially justified or harmless, *see OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). On the other hand, there is a circuit split on whether a court *must* exclude evidence where the failure to disclose is not either substantially justified or harmless, and the Eleventh Circuit has not yet taken sides. *Taylor*, 940 F.3d at 603 (Julie Carnes, J., concurring specially). This Court need not confront that issue because it finds Defendants' failures here were harmless.

[2] This Court has previously counseled Defense counsel about questionable litigation practices. *See* ECF No. 290 at 4 n.3. The parties are cautioned that this Court's patience for such conduct is growing thin.

First, Dr. Kidd's testimony is clearly important to Defendants' case, but not overly so; Defendants have other experts. Second, there appears to be no excuse for Defendants' late disclosure. Even so, this Court finds the third factor decisive; that is, this Court finds that Plaintiffs are not prejudiced. Even accepting that Plaintiffs did not have the statutes Dr. Kidd relied on in drafting his report, Defendants timely disclosed the report itself. Thus, Plaintiffs still had the opportunity to meaningfully depose Dr. Kidd. And although Plaintiffs allege that many of the late-disclosed citations "confirm" the "errors" in Dr. Kidd's analysis, Plaintiffs are not prejudiced because they will have ample opportunities to explore these alleged errors at trial.

Because neither of Plaintiffs' two arguments warrant excluding Dr. Kidd's testimony, their motion to exclude is **DENIED**. This Court will determine what weight, if any, to give Dr. Kidd's testimony after trial.

**SO ORDERED on December 6, 2021.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**