# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LAUREL M. LEE, in her official capacity as the Secretary of State of Florida, et al., <br><br> Defendants. | Case No. 4:21-cv-186-MW-MAF <br><br> Consolidated for trial with <br> Case No. 4:21-cv-201-MW-MJF <br> Case No. 4:21-cv-187-MW-MAF <br> Case No. 4:21-cv-242-MW-MAF |

## PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OR TESTIMONY ABOUT LEGISLATIVE INTENTIONS, MOTIVATIONS, AND ACTIVITIES, AND INCORPORATED MEMORANDUM OF LAW

In light of the prior assertions of legislative privilege in this case, Plaintiffs move to preclude Defendants from offering evidence or testimony regarding legislative intentions, motivations, or activities.[1] Specifically, Plaintiffs request an order precluding Defendants from offering (1) testimony or evidence from any of the legislators or Governor's Office representatives who successfully asserted legislative privilege; (2) evidence derived directly or indirectly from non-public information possessed by the individuals who asserted legislative privilege; and (3)

---

[1] This motion is filed by the *Florida Rising* Plaintiffs, the *NAACP* Plaintiffs, the *League* Plaintiffs, and Plaintiff HTFF.

1

evidence that otherwise seeks to explain the legislature's intentions or motivations in drafting and enacting SB 90.

## FACTUAL BACKGROUND

On September 29, 2021, Plaintiffs served third-party subpoenas on several members of the Florida Legislature. *See FRT* ECF 217; *FRT* ECF 220-1. Specifically, the *Florida Rising* Plaintiffs subpoenaed Florida Senators Jeff Brandes (*FRT* ECF 217-1 and 217-8), Joe Gruters (*FRT* ECF 217-3 and 217-10), and Kathleen Passidomo (*FRT* ECF 217-5 and 217-12), as well as Florida Representatives Blaise Ingoglia (*FRT* ECF 217-4 and 217-11) and Erin Grall (*FRT* ECF 217-2 and 217-9). The *NAACP* Plaintiffs subpoenaed Senators Dennis Baxley (*FRT* ECF 217-6 and 217-13) and Jim Boyd (*FRT* ECF 217-7 and 217-14). Plaintiffs also served a third-party subpoena on the Executive Office of the Governor seeking the deposition of a Rule 30(b)(6) representative.

Plaintiffs sought discovery from the legislators on several topics, including but not limited to: (1) the information available to the legislators about the potential impact of SB 90, (2) the legislative process, (3) the legislators' interactions with third-party groups like Heritage Action and the James Madison Institute, and (4) specific legislators' service on the Republican National Committee or Republican State Leadership Committee Election Integrity Commissions during the pendency of SB 90. *See FRT* ECF 217-1–14; *see also*

*FRT* ECF 235 at 3. Represented by the Florida Attorney General's Office, the legislators "largely agreed" to produce documents in response to Plaintiffs' requests, but moved to quash the deposition subpoenas in their entirety. *FRT* ECF 217 at 1. They argued that legislative privilege bars discovery regarding legislative acts and the motivation for those actions. *Id.* at 2-3.

Plaintiffs' subpoena to the Governor's Office requested testimony on several topics, including but not limited to: (1) the state interests SB 90 serves, (2) the Office's statements and opinions about the 2020 general election in Florida, (3) the Office's statements and opinions concerning SB 90, (4) communications between the Governor's Office and other defendants with respect to SB 90, and (5) the anticipated impact of SB 90. *FRT* ECF 220-1. Plaintiffs also sought discovery about any communications between the Governor's Office and the state university system regarding SB 90 litigation. *FRT* ECF 220-2. The Governor's Office moved to quash the subpoena based on legislative privilege, executive privilege, and undue burden. *See FRT* ECF 220. Represented by counsel for Defendant Lee, the Office argued that legislative privilege bars discovery into "the Governor's perspective about the virtues of legislation," "analysis of legislation," "formulation of legislation," and "interactions with stakeholders about legislation." *Id.* at 6-7; *see also id.* at 7 (asserting that legislative privilege bars questions about "the motivations and process for proposing, formulating, and supporting legislation").

3

This Court granted both motions to quash. The Court applied a five-factor test to determine whether the legislative privilege was overcome in this case and found the factors "largely mixed." *FRT* ECF 235 at 14-18. The Court concluded that Plaintiffs were "entitled to the materials and information available [to the Legislature] at the time a decision was made,'" but granted the legislators' motion to quash because they were "already providing that information in the form of document production." *FRT* ECF 235 at 18-19 (alteration in original) (internal quotation marks omitted). The Court also granted the Governor's Office's motion to quash, explaining that some of the requested information "str[uck] directly at the heart of the privilege," and other information was not sufficiently relevant to overcome the privilege. *See FRT* ECF 235 at 19.

## ARGUMENT

Because the legislators and the Governor's Office invoked legislative privilege as a shield to block depositions and withhold discovery as to their intentions and communications in enacting SB 90, Defendants should be precluded as a matter of fairness from introducing evidence or argument on those same topics at trial.

It is well established that parties cannot use privilege as both a "shield" to prevent discovery and a "sword" to present evidence or claims related to the privileged information. *See Knox v. Roper Pump Co.*, 957 F.3d 1237, 1248 (11th

Cir. 2020) (quoting *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)); *All. of Auto. Mfrs., Inc. v. Jones*, No. 4:08-555, 2013 WL 4838764, at *5 n.9 (N.D. Fla. Sep. 11, 2013) ("[T]he 'sword and shield doctrine' does not permit withholding discovery on the basis of privilege and then using the information later."); *accord Ahern v. Pac. Gulf Marine, Inc.*, No. 8:06-CV-2068, 2007 WL 9723901, at *3 (M.D. Fla. Nov. 8, 2007) (similar). "In other words, [a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994) (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d. Cir. 1991) (alteration in original).

The sword and shield doctrine applies equally to legislative privilege. *See Singleton v. Merrill*, No. 2:21-CV-1291, 2021 WL 5979516, at *7 (N.D. Ala. Dec. 16, 2021); *see also Doe v. Nebraska*, 898 F. Supp. 2d 1086, 1126 (D. Neb. 2012). Indeed, "courts have been loath to allow a legislator to invoke the privilege at the discovery stage, only to selectively waive it thereafter in order to offer evidence to support the legislator's claims or defenses." *Favors v. Cuomo*, 285 F.R.D. 187, 212 (E.D.N.Y. 2012).

For example, in *Doe*, after the defendants successfully asserted legislative privilege to block the depositions of legislators, the court relied on the sword and shield doctrine to preclude defendants from introducing evidence at trial as to

whether a state statute was impermissibly intended to be punitive. *See Doe*, 898 F. Supp. 2d at 1126 ("While the defendants and their lawyers were entitled to invoke [legislative] privilege[], and while this court was duty-bound to apply the law of privilege, the defendants cannot now claim that the evidence is lacking regarding the true motives of the law-makers.").

This Court should likewise preclude Defendants from offering testimony or evidence that seeks to explain the motivations behind SB 90. The legislators and the Governor's Office successfully asserted legislative privilege to block *any* inquiry into those topics. *See FRT* ECF 217 at 1-2; *FRT* ECF 220 at 7. Defendants cannot now use the privilege as a sword to challenge Plaintiffs' evidence of, *e.g.*, discriminatory intent. *Cf. Singleton*, 2021 WL 5979516, at *7 (applying sword/shield doctrine where legislators sought "to use their unique position as [the law's] principal drafters as a sword to defend the law on its merits, but intermittently seek to retreat behind the shield of legislative privilege when it suits them"). To hold otherwise would be unfair and would unduly "thwart the plaintiffs' effort to get at the truth." *Doe*, 898 F. Supp. 2d at 1126.

## CONCLUSION

For the foregoing reasons, Defendants should be barred from offering (1) testimony or evidence from any of the legislators or Governor's Office representatives who successfully asserted legislative privilege; (2) testimony or

evidence that derives directly or indirectly from non-public information provided by or communications with the individuals who successfully asserted legislative privilege; and (3) testimony or evidence that otherwise seeks to explain the legislature's intent in enacting SB 90, unless such testimony is based exclusively on the public legislative record or publicly available information.

Dated:  December 23, 2021

Respectfully submitted,

s/    *Kira Romero-Craft*

| | |
|---|---|
| JOHN A. FREEDMAN* | KIRA ROMERO-CRAFT |
| JEREMY C. KARPATKIN | Florida Bar No. 49927 |
| ELISABETH S. THEODORE* | MIRANDA GALINDO* |
| JANINE M. LOPEZ* | LatinoJustice, PRLDEF |
| LESLIE C. BAILEY* | 523 W. Colonial Drive |
| SAM I. FERENC* | Orlando, FL 32804 |
| Arnold & Porter Kaye Scholer LLP | (321) 418-6354 |
| 601 Massachusetts Ave., N.W. | Kromero@latinojustice.org |
| Washington, D.C. 20001-3743 | Mgalindo@latinojustice.org |
| (202) 942-5000 | |
| John.Freedman@arnoldporter.com | BRENDA WRIGHT* |
| Jeremy.Karpatkin@arnoldporter.com | DEMOS |
| Elisabeth.Theodore@arnoldporter.com | 80 Broad St, 4th Flr |
| Janine.Lopez@arnoldporter.com | New York, NY 10004 |
| Leslie.Bailey@arnoldporter.com | (212) 633-1405 |
| Sam.Ferenc@arnoldporter.com | bwright@demos.org |
| | |
| JEFFREY A. MILLER* | JUDITH BROWNE DIANIS** |
| Arnold & Porter Kaye Scholer LLP | GILDA R. DANIELS |
| 3000 El Camino Road | JORGE VASQUEZ** |
| Five Palo Alto Square, Suite 500 | SABRINA KHAN** |
| Palo Alto, CA 94306-3807 | ESPERANZA SEGARRA |
| (650) 319-4500 | Florida Bar No. 527211 |
| Jeffrey.Miller@arnoldporter.com | SHARION SCOTT** |

AARON STIEFEL*
DANIEL R. BERNSTEIN*
RYAN D. BUDHU*
ANDREW R. HISCHEL*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Aaron.Stiefel@arnoldporter.com
Daniel.Bernstein@arnoldporter.com
Ryan.Budhu@arnoldporter.com

ADVANCEMENT PROJECT
1220 L Street, N.W., Suite 850
Washington, DC 20005
(202) 728-9557
Jbrowne@advancementproject.org
Gdaniels@advancementproject.org
Jvasquez@advancementproject.org
Skhan@advancementproject.org
Esegarra@advancementproject.org
Sscott@advancementproject.org

*Attorneys for Plaintiffs*

*Admitted pro hac vice*

**Application for admission pro hac vice forthcoming*

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(B), Plaintiffs' counsel has attempted to confer with counsel for the Secretary of State, the Attorney General, the Lee County and Lake County Supervisors of Elections, and the Intervenor Defendants. They have not yet responded to the conferral. Plaintiffs' counsel will supplement this certification.

Pursuant to Local Rule 7.1(F), this memorandum contains 1,289 words, excluding the case style, table of authorities, table of contents, signature blocks, and certificate of service.

s/ *Kira Romero-Craft*
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record through the Court's CM/ECF system on the 23rd of December, 2021.

s/ *Kira Romero-Craft*
Attorney for Plaintiffs