IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,

       *Plaintiffs,*

v.

LAUREL M. LEE, in her official
capacity as Florida Secretary of
State, et al.,

       *Defendants,*

and

NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,

       *Intervenor-Defendants.*
_____/

Case No.:  **4:21cv186-MW/MAF**
          **4:21cv187-MW/MAF**
          **4:21cv201-MW/MJF**
          **4:21cv242-MW/MAF**

## <u>OMNIBUS ORDER ON MOTIONS IN LIMINE</u>

There are 11 motions *in limine* pending in this consolidated voting-rights action. In addressing the pending motions, this Court first summarizes them and then discusses each in turn.

I

Starting with Plaintiffs, all Plaintiffs move to preclude Defendants from offering testimony or evidence on the Legislature's intent, motivations, or activities

proffered by those who have successfully asserted legislative privilege. ECF No. 385. Plus, Plaintiffs move to bar Defendants from arguing—as to all claims subject to heightened scrutiny—that any of SB 90's provisions serve any state interest not contemporaneously identified by the Legislature. ECF No. 389. In the same motion, they also move to preclude Defendants from presenting any evidence or argument related to any state interest in preventing voter fraud.

Next, the *Florida Rising*, *NAACP*, and *HTFF* Plaintiffs move to bar Defendants from introducing quantitative expert evidence of the impact that SB 90 will have on Florida voters. ECF No. 390. The same Plaintiffs also move to bar Defendants from calling any witness in their case-in-chief that they did not disclose in their initial Rule 26 disclosures. ECF No. 391. Further, the *Florida Rising* and *NAACP* Plaintiffs move to exclude as hearsay evidence that the Supervisors supported SB 90. ECF No. 386.

Additionally, the *League*, *NAACP*, and *Florida Rising* Plaintiffs move to exclude Dr. Brad Lockerbie's opinions and testimony. ECF No. 393. The *Florida Rising* and *NAACP* Plaintiffs move to exclude Intervenor-Defendants' expert Dr. Dario Moreno's opinions and testimony. ECF No. 388. And all Plaintiffs move to exclude Dr. Moreno's supplemental report. ECF No. 401.

Finally, the *Florida Rising* Plaintiffs move to exclude evidence or argument about the untimely return of voter registration forms. Plus, in the same motion, they

seek to exclude any mention of the untimely return of voter registration forms by non-party New Florida Majority Education Fund and problems related to its canvassers. ECF No. 387.

Defendant Lee and Intervenor-Defendants, in turn, move to exclude the testimony of 15 Florida legislators who opposed SB 90, or to depose those legislators on an expedited basis. ECF No. 394. They also move to exclude at trial all exhibits not timely disclosed during discovery. ECF No. 395.

## II

This Court takes the motions *in limine* in the order set out above, starting with Plaintiffs' motions.

### A

#### 1

Plaintiffs move to exclude any evidence or testimony on legislative intent stemming from those who have successfully invoked legislative privilege. In so moving, Plaintiffs rely on the "sword and shield doctrine." If any party who has successfully invoked legislative privilege now wishes to testify or otherwise offer evidence, Plaintiffs say, they improperly "seek to use their unique position as [SB 90's] principal drafters as a sword to defend the law on its merits, but intermittently seek to retreat behind the shield of legislative privilege when it suits them." *Singleton v. Merrill*, No. 2:21-CV-1291-AMM, 2021 WL 5979516, at *7 (N.D. Ala. Dec. 16,

2021). To allow the legislators and Governor to do so, Plaintiffs argue, "would be unfair and would unduly 'thwart the plaintiffs' effort to get at the truth.' " ECF No. 385 at 6 (quoting *Doe v. Nebraska*, 898 F. Supp. 2d 1086, 1126 (D. Neb. 2012)). So, say Plaintiffs, this Court should only allow Defendants to present evidence of the Legislature's intent in passing SB 90 if that evidence is based on publicly available information.

Defendants retort that Plaintiffs mischaracterize what has transpired in this case. For instance, they say, the legislators who invoked legislative privilege produced some documents Plaintiffs sought. More to the point, Defendants argue that Plaintiffs cannot foreclose them "from offering *all* evidence in *any* form that demonstrates that SB 90 was not the product of discriminatory intent." ECF No. 411 at 3.

Having reviewed the parties' arguments, Plaintiffs' motion, ECF No. 385, is **GRANTED in part** and **DENIED in part**. To the extent that Defendants now seek to offer evidence or testimony withheld from Plaintiffs under the legislative privilege, the motion is **GRANTED**. To hold otherwise would inequitably allow the Legislature and Governor to use the privilege as both a sword and a shield. As to all other evidence bearing on legislative intent, however, Plaintiffs' motion is **DENIED**.

2

Plaintiffs also move to preclude Defendants from offering *post-hoc* rationalizations in defense of SB 90's challenged provisions when defending against claims that trigger heightened scrutiny. And Plaintiffs move to exclude any evidence or argument about any state interest in preventing voter fraud.

On the first point, Plaintiffs argue that—when addressing their First Amendment and intentional discrimination claims—this Court must look only to the Legislature's actual motivations. Thus, any argument or evidence presenting rationalizations contrary to those espoused by the Legislature is irrelevant.

As for evidence of voter fraud, Plaintiffs do not deny that a state can generally offer *post-hoc* rationalizations when confronted with claims implicating section 2 of the Voting Rights Act or *Anderson-Burdick*. Even so, Plaintiffs argue, Defendants cannot offer rationalizations that the Legislature expressly rejected when considering SB 90. To that end, Plaintiffs contend that the Legislature expressly disclaimed any intent to address voter fraud while considering SB 90.

Even though this Court extended the deadline to respond to motions *in limine*, Defendants apparently chose not to respond to Plaintiffs' motion. Under the Local Rules, this Court could grant Plaintiffs' motion by default. *See* N.D. Fla. Loc. R. 7.1(E) ("A party who opposes a motion must file a memorandum in opposition.");

N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if the opposing party does not file a memorandum as required by this rule.").

That said, when possible, this Court is inclined to hear the parties' evidence and then decide what weight, if any, to give it. Accordingly, Plaintiffs' motion, ECF No. 389, is **DENIED**.

B

Next, the *Florida Rising*, *NAACP*, and *HTFF* Plaintiffs move to bar Defendants from introducing quantitative expert evidence of the impact that SB 90 will have on Florida voters. In the same motion, those Plaintiffs also move to bar Defendants from calling any witness in their case-in-chief that they did not disclose in their initial Rule 26(a)(1) disclosures. Finally, by separate motion, the *Florida Rising* and *NAACP* Plaintiffs move to exclude evidence that some Supervisors supported SB 90. This Court addresses each motion in turn.

1

In moving to exclude quantitative expert evidence of SB 90's impact, the above-listed Plaintiffs argue that "Defendants' experts present[] no quantitative evidence of either the benefit or burden of any of the Challenged Provisions." ECF No. 390 at 3. Because Federal Rule of Civil Procedure 26(a)(2)(B)(i) requires experts to disclose "all opinions the witness will express and the basis and reasons for them," and because failure to disclose such information typically bars the

6

offending party from offering the information at trial, Plaintiffs argue that this Court must prohibit Defendants from offering any quantitative evidence.

In response, Defendants state that they "do not plan on submitting any opinion testimony concerning 'quantitative evidence' beyond what is included in" the expert reports at issue. ECF No. 414 at 2.

In short, it appears to this Court that Defendants might question Plaintiffs' characterization of their experts' reports as bereft of quantitative evidence, but do not plan to present evidence not disclosed in their expert reports. Because Defendants agree not to venture outside the realm of the disclosed, Plaintiffs' motion, ECF No. 390, is **GRANTED in part**. Defendants may not present opinion testimony about quantitative evidence beyond what is in their expert reports.

2

Turning to the second motion, in moving to bar Defendants from calling any witness in their case-in-chief that they did not disclose in their initial Rule 26(a)(1) disclosures, Plaintiffs argue the following. Defendants Doyle and Hays disclosed no individuals in discovery as likely to have relevant information, Intervenor-Defendants identified only Plaintiffs, Defendant Lee, Defendant Moody, and the Supervisors, and Defendant Lee identified only Maria Matthews, Plaintiffs, and the Supervisors.

Rule 26(a)(1) requires the parties to provide "the name and, if known, the address of each individual likely to have discoverable information." If Defendants now seek to call witnesses that they did not identify in their Rule 26 disclosures, they have violated Rule 26. And "[i]n the event a party fails to disclose a witness as required by Rule 26, that 'party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.' " *Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017) (quoting Fed. R. Civ. P. 37(c)(1)). Defendants' failure to disclose, Plaintiffs argue, is neither. So this Court must not permit Defendants to call witnesses outside the narrow list of persons that Defendants identified.

In response, Defendants argue that they intend to call only five fact witnesses: Defendants Doyle, Earley, Hays, White, and non-party Maria Matthews. Plaintiffs have long known that Defendants intended to put on these witnesses. In fact, Defendants say, Plaintiffs have deposed "each of the Defense's proposed witnesses." ECF No. 412 at 2. In short, Defendants argue that they adequately disclosed each witness and that, even if they had not, their failure to do so was harmless.

Defendants have the better argument. All of the witnesses Defendants intend to call were listed on Defendant Lee's disclosures. But even if that were not enough to satisfy Rule 26, Plaintiffs have deposed all five witnesses, and so Defendants'

inadequate disclosure would be harmless. Plaintiffs' motion, ECF No. 391, is therefore **DENIED**.[1]

3

The *Florida Rising* and *NAACP* Plaintiffs also move to exclude evidence that some Supervisors supported SB 90. In moving to exclude such evidence, these Plaintiffs largely argue that, if Defendants intend to support their claim that Supervisors supported SB 90 using those Supervisors' prior statements, those statements are inadmissible hearsay.

Defendants respond that any such statements are not offered for the truth of the matter asserted. What the Supervisors think is irrelevant, Defendants say. They offer the Supervisors' statements only to show what the Florida Legislature knew when it passed SB 90. Thus, the Supervisors' statements are not hearsay, and this Court should not exclude them.

It appears to this Court that the information at issue does fall within the oft-cited—and perhaps overused—category of statements that are not offered for their truth, and thus are not hearsay. That said, this Court would prefer to rule on any such objections at trial, where the context in which the statements were made can inform

---

[1] In so ruling, this Court emphasizes that Defendants' witnesses cannot testify as to subjects not disclosed in Defendants' Rule 26 disclosures. Similarly, if these witnesses disclaimed any knowledge of a topic in their deposition, they will not miraculously become experts on the topic at trial. And what's good for the goose is good for the gander. In other words, the same goes for Plaintiffs' witnesses.

its analysis. Thus, Plaintiffs' motion, ECF No. 386, is **DENIED without prejudice** to renew at trial.

C

And now to the experts. The *League*, *NAACP*, and *Florida Rising* Plaintiffs move to exclude Dr. Brad Lockerbie's opinions and testimony, the *Florida Rising* and *NAACP* Plaintiffs move to exclude Dr. Dario Moreno's opinions and testimony, and all Plaintiffs move to exclude as untimely Dr. Moreno's supplemental report.

1

This Court starts with Dr. Lockerbie. The three Plaintiffs listed above move to exclude his opinions and testimony for three reasons: (1) because Dr. Lockerbie is not qualified to opine on the issues raised by Plaintiffs' experts' reports, (2) because Dr. Lockerbie's analysis is unreliable, and (3) because Dr. Lockerbie's report is not helpful.

In response, Defendants argue that Dr. Lockerbie is qualified, as a political scientist, to comment on the statistical analyses performed by Plaintiffs' political science expert. Moreover, say Defendants, any potential issues go to the weight and not the admissibility of Dr. Lockerbie's opinions.

Just as it said in addressing the parties' previous two motions to exclude expert opinions, this Court finds that an adversarial presentation at trial will put it in the best position to determine what weight—if any—to give Dr. Lockerbie's testimony.

10

Plaintiffs identify no reason for this Court to change course as it relates to Dr. Lockerbie. And so Plaintiffs' motion, ECF No. 393, is **DENIED**.

2

The *Florida Rising* and *NAACP* Plaintiffs also move to exclude Dr. Dario Moreno's opinions and testimony, arguing that Dr. Moreno is not qualified to opine on discriminatory intent and that his methodology is unreliable. For the same reason this Court denied the motion to exclude Dr. Lockerbie's opinions and testimony, this motion, ECF No. 388, is **DENIED**.

3

Dr. Moreno's supplemental report, however, is a different story. The supplemental report, served on December 24, 2021, seeks to supplement Dr. Moreno's report with "additional cases of suspected and confirmed ballot fraud in Florida." ECF No. 401-1 at 1. These include an October 26, 2021 court order finding that two illegal votes decided the outcome of the Eatonville Town Council election, a December 8, 2021 judgment in which a woman pled *nolo contendere* to ten counts of submitting false voter registration information, and September 10, 2021 incident reports for three persons accused of casting more than one ballot in the 2020 election.

Plaintiffs argue that this Court should exclude Dr. Moreno's supplement because it came long after the September 29, 2021 expert disclosure deadline and long after the incidents themselves. In response, Intervenor-Defendants, who proffer

11

Dr. Moreno as an expert, accuse Plaintiffs of hypocrisy because Plaintiffs' expert, Dr. Smith, served two supplemental reports—one as late as December 3, 2021. Whataboutism, however, is not an argument. Plaintiffs' motion to exclude, ECF No. 401, is **GRANTED**.[2]

### D

Finally for Plaintiffs, the *Florida Rising* Plaintiffs move to exclude evidence or argument about the untimely return of voter registration forms. They also move to exclude evidence related to issues with canvassers working for non-party New Florida Majority Education Fund. In short, Plaintiffs argue that these "isolated instances of the untimely return of voter registration forms . . . ha[ve] limited probative value and any probative value [they] do[] have is outweighed by the risk of unfair prejudice." ECF No. 387 at 3.

Plaintiffs' argument goes like this. This Court must evaluate many of Plaintiffs' claims related to voter registration using heightened scrutiny. When applying heightened scrutiny, this Court must focus on the Legislature's actual motivation to the exclusion of any *post hoc* rationalizations. And the Legislature's stated goal, Plaintiffs say, was to clean up statutes that had been ruled unconstitutional. Plaintiffs also argue that the challenged evidence is of limited

---

[2] Though this Court does not prejudge the issue, it might still take judicial notice of the incidents identified in Dr. Moreno's supplemental report. *See* Fed. R. Evid. 201.

relevance in the *Anderson-Burdick* context—ditto for section 2 of the Voting Rights Act. Indeed, Plaintiffs press, Defendants' stated interest in ensuring that registrations are timely processed is so weak that it risks distracting this Court from the real issues. To finish, Plaintiffs argue that New Florida Majority Education Fund no longer exists—although it is a predecessor of Plaintiff Florida Rising Together. And because it no longer exists, "[e]vidence concerning the alleged actions of New Florida Majority Education Fund would unfairly smear FRT." ECF No. 387 at 9.

But as Defendants correctly note—and Plaintiffs implicitly concede—the above-detailed evidence is relevant to this Court's *Anderson-Burdick* and section 2 analysis. Defendants are also correct that Plaintiffs' motion asks this Court to prejudge the issues by finding Defendants' interests so weak that to even allow Defendants to present evidence supporting those interests would confuse the issues. And finally, whether New Florida Majority Education Fund is Florida Rising Together's predecessor or not, evidence of any impropriety on its part would still be relevant in determining whether Florida has a legitimate interest in regulating the collection of voter registration forms in the manner set out in SB 90.

In sum, Defendants' evidence is relevant, and at trial it will be given the weight it deserves. Plaintiffs' motion, ECF No. 387, is **DENIED**.

III

Having addressed all of Plaintiffs' motions *in limine*, this Court now turns to Defendants' motions, again taking them in the order set out above.

A

First, Defendant Lee and Intervenor-Defendants seek to exclude the testimony of 15 legislators who opposed SB 90 or, in the alternative, to depose those legislators on an expedited basis. In short, Defendants argue that the legislators' testimony is so worthless that it would waste this Court's time to hear it. And if this Court is inclined to hear the testimony, it should rescue Defendants from Plaintiffs' "ambush" by allowing Defendants to depose the legislators ahead of trial. ECF No. 394 at 6. Plaintiffs, on the other hand, argue that the legislators' testimony is relevant, and that Defendants have long been on notice of Plaintiffs' intent to call the legislators in the upcoming trial.

To be sure, this Court has "acknowledge[d] the issues attendant with relying on opposing legislators' statements" when deciding whether a legislature passed a law with discriminatory intent. *Fla. State Conf. of NAACP v. Lee*, No. 4:21cv187-MW/MAF, 2021 WL 4818913, at *22 (N.D. Fla. Oct. 8, 2021). To put it mildly, it would make little sense to find that a bill was enacted with discriminatory intent just because the bill's opponents say so. But the issue is not as cut and dry as Defendants would have it. There is, for example, "a clear difference between opposing legislators

14

testifying about their personal knowledge regarding the normal procedural sequence of passing legislation and opposing legislators merely speculating about the motives of [a bill's] proponents." *Veasey v. Abbott*, 830 F.3d 216, 238 n.22 (5th Cir. 2016). In other words, a bill's opponents may testify about facts within their personal knowledge, such as procedural deviations or the information before the legislature. What they may not do is offer *ipse dixit* statements that the legislature was motivated by race. So long as the legislative witnesses do not speculate as to the Florida Legislature's motivation, their testimony is both relevant and probative. Defendants' motion to prohibit such testimony, ECF No. 394, is therefore **DENIED**.

As for whether Defendants may depose the legislators ahead of trial, Defendants argue that Plaintiffs "should not be allowed to ambush the defense through testimony provided for the first time at the rapidly approaching trial." ECF No. 394 at 6. But as early as July 2021, Plaintiffs disclosed the legislators at issue as likely to have discoverable evidence. *See, e.g.*, ECF No. 67 at 8–16, *in* Case No. 4:21cv201. Indeed, Defendants do not argue that they did not know about the legislators. Rather, they say that they "did not previously seek the deposition of individual legislators because, as this Court recognized, the legislative privilege applies to members of the Florida Legislature." ECF No. 394 at 2. But the legislative privilege belongs to the legislators; the privilege is not Defendants' to raise or waive.

Plus, it is no excuse to say that Defendants declined to depose the legislators because their testimony—speculating that SB 90 was passed with discriminatory intent—lacks value. Besides representing that the legislators know about intent, Plaintiffs also disclosed that the legislators know about the "legislative proceedings that resulted in the enactment of SB90." ECF No. 264 at 58–63, *in* Case No. 4:21cv187. Put another way, Defendants' argument is like a party in a slip-and-fall case arguing that they declined to depose a witness who knew of a transient substance at the scene of the incident because that witness also had inadmissible knowledge of subsequent remedial measures. Such an argument would not cut it there, nor does it cut it here.

At bottom, Defendants have long been on notice that Plaintiffs might call these legislators, and this Court rejects Defendants' attempt to excuse their failure to do so by invoking someone else's privilege or by arguing that some of the information the legislators possess is not admissible. Accordingly, Defendants' motion to take the legislators' depositions ahead of trial, ECF No. 394, is **DENIED**.

B

Finally, Defendants seek to preclude the *Florida Rising* Plaintiffs "from using untimely produced materials at trial." ECF No. 395 at 13. This apparently refers to 108 documents listed on Plaintiffs' exhibit list. *See id.* at 9. The late-disclosed documents must be excluded, Defendants say, because the *Florida Rising* Plaintiffs

16

disclosed 78 of the documents after the close of discovery, and 30 of the documents on the final day of discovery—after depositions were complete—thus prejudicing Defendants. Plaintiffs retort that Defendants are not prejudiced by the late disclosure of documents. And at any rate, Plaintiffs argue, their late disclosure was substantially justified.

Federal Rule of Civil Procedure 37(c) provides that, if a party fails to provide the necessary disclosures under Rule 26, a court may prevent the party from using the non-disclosed information. In applying Rule 37(c), this Court enjoys a "wide latitude" of discretion to either admit or exclude evidence based on an untimely disclosure. *See Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348–49 (11th Cir. 2004). Typically, a party may not offer the undisclosed evidence unless the insufficient disclosure was "substantially justified or harmless." *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 718 (N.D. Fla. 2019) (citing Fed. R. Civ. P. 37(c)(1)). The party offering the evidence bears the burden of showing that its failure to disclose was substantially justified or harmless. *Id.* "In determining whether to exclude previously undisclosed evidence under Rule 37, this Court considers 1) the importance of the evidence, 2) the reason for the party's failure to disclose the evidence earlier, and 3) the prejudice to the opposing party if the evidence is considered." *Id.* With this standard in mind, this Court addresses the parties' arguments.

On the first factor, Plaintiffs have shown that the disputed evidence is important. All of the exhibits at issue "are . . . evidence that corroborates [that] the Plaintiffs have standing to bring this action," such as internal emails discussing shifting resources. ECF No. 420 at 5. Without such evidence, Plaintiffs may lose their whole case. *See Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1250 (11th Cir. 2020).

On the second factor, Plaintiffs argue that "Plaintiff organizations are non-profit, community-based organizations with limited capacity to search, retrieve and bundle data in response to large discovery requests on a tight time frame." ECF No. 420 at 11. While this does not absolve Plaintiffs of their responsibility to timely produce discovery, it is relevant to this Court's Rule 37 analysis. That said, as Defendants argue, "prejudice lies at the heart of this motion." ECF No. 395 at 6. Plaintiffs bear the burden to show that Defendants are not prejudiced, and this Court finds that they have done so.

Foremost, Defendants acknowledge that they have not reviewed the documents at issue. While problematic, that is somewhat understandable, given that the late production includes tens of thousands of documents. But now, through their exhibit list, Plaintiffs have narrowed the universe of relevant documents to 108. Yet Defendants, as Plaintiffs point out, do not discuss a single document in their motion. For example, while Defendants emphasize that the document production came after

Defendants had deposed Plaintiffs' leadership, Defendants do not explain how any of the documents at issue would have aided them in their questioning.

Plus, Defendants' recitation of the relevant timeline shows that Defendants knew that they were not receiving complete production. Indeed, Defendants say, "[t]hroughout the discovery period, the Secretary attempted to communicate telephonically and through email with Kira Romero-Craft, counsel for the Florida Rising Plaintiffs, concerning their production delays." ECF No. 395 at 5.

Still, despite their knowledge, Defendants never moved to compel. Instead, Defendants have waited until the eve of trial to move to exclude the late disclosed documents. As the Sixth Circuit has noted, evidence that the movant "knew of the lack of disclosures and . . . apparently did not [object or move to compel] may suggest that the[] violation[] should be considered substantially justified or harmless." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003). And on top of that, Plaintiffs offered to make their witnesses available for follow up depositions—an offer to which Defendants did not respond. *See* ECF No. 420-1 (stating to Defendants that "Plaintiffs are willing to produce witnesses for deposition should [they] find documents that [they] would have used at earlier depositions").

The point is that Defendants cannot create the prejudice they complain of. For example, in *Torres v. Wal-Mart Stores East, L.P.*, the court considered a motion by a

defendant who "never did anything about [a] deficient [expert] summary until, in its motion for summary judgment—filed three months after the summary was turned over and long after discovery had closed—it asked [the court] to throw out [the plaintiff's expert's] testimony and enter judgment against [the plaintiff]." No. 19-62352-CIV, 2021 WL 3634632, at *19 (S.D. Fla. Aug. 17, 2021). The court found that the defendant was not prejudiced, to the contrary, the court declined to "reward [the defendant's] 'gamesmanship' with an easy win." So too here; because Defendants have created the prejudice, this Court finds that Defendants are not prejudiced.

No doubt the *Florida Rising* Plaintiffs' handling of the discovery process deserves no plaudits. But, as explained above, their failure to disclose the disputed documents was substantially justified and harmless. Accordingly, Defendants' motion, ECF No. 395, is **DENIED**.

For these reasons,

**IT IS ORDERED**:

1. Plaintiffs' motion to preclude Defendants from offering testimony or evidence on the Legislature's intent, motivations, or activities proffered by those who have successfully asserted legislative privilege, ECF No. 385, is **GRANTED in part** and **DENIED in part**. To the extent that Defendants now seek to offer evidence or testimony withheld from

Plaintiffs under the legislative privilege, the motion is **GRANTED**. As to all other evidence bearing on legislative intent, the motion is **DENIED**.

2. Plaintiffs' motion to bar Defendants from arguing—as to all claims subject to heightened scrutiny—that any of SB 90's provisions serve any state interest not contemporaneously identified by the Legislature and to bar Defendants from presenting any evidence or argument related to any state interest in preventing voter fraud, ECF No. 389, is **DENIED**.

3. The *Florida Rising*, *NAACP*, and *HTFF* Plaintiffs' motion to bar Defendants from introducing quantitative expert evidence of the impact that SB 90 will have on Florida voters, ECF No. 390, is **GRANTED in part**. Defendants may not present opinion testimony about quantitative evidence beyond what is in their expert reports.

4. The *Florida Rising*, *NAACP*, and *HTFF* Plaintiffs' motion to bar Defendants from calling any witnesses in their case-in-chief that they did not disclose in their initial Rule 26 disclosures, ECF No. 391, is **DENIED**.

5. The *Florida Rising* and *NAACP* Plaintiffs' motion to exclude as hearsay evidence that the Supervisors supported SB 90, ECF No. 386, is **DENIED without prejudice** to renew at trial.

6. The *League*, *NAACP*, and *Florida Rising* Plaintiffs' motion to exclude Dr. Brad Lockerbie's opinions and testimony, ECF No. 393, is **DENIED**.

7. The *Florida Rising* and *NAACP* Plaintiffs' motion to exclude Dr. Dario Moreno's opinions and testimony, ECF No. 388, is **DENIED**.

8. Plaintiffs' motion to exclude Dr. Moreno's supplemental report, ECF No. 401, is **GRANTED**.

9. The *Florida Rising* Plaintiffs' motion to exclude, among other things, evidence or argument about the untimely return of voter registration forms, ECF No. 387, is **DENIED**.

10. Defendant Lee and Intervenor-Defendants' motion to exclude the testimony of 15 Florida legislators who opposed SB 90 or, in the alternative, to depose those legislators on an expedited basis, ECF No. 394, is **DENIED**.

11. Defendant Lee and Intervenor-Defendants' motion to exclude at trial all exhibits not timely disclosed during discovery, ECF No. 395, is **DENIED**.

**SO ORDERED on January 4, 2022.**

**s/Mark E. Walker**
**Chief United States District Judge**

22