# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al., | 4:21-cv-186-MW-MAF |
| | Consolidated for trial with: |
| *Plaintiffs*, | 4:21-cv-187-MW-MAF |
| | 4:21-cv-201-MW-MAF |
| v. | 4:21-cv-242-MW-MAF |
| LAUREL M. LEE, in her official Capacity as Secretary of State of Florida, et al., | |
| *Defendants*, | |
| and | |
| NATIONAL REPUBLICAN SENATORIAL COMMITTEE and REPUBLICAN NATIONAL COMMITTEE, | |
| *Intervenor-Defendants*. | |
| _____/ | |

## STATE-LEVEL DEFENDANTS' AND INTERVENOR-DEFENDANTS' SUPPLEMENTAL BRIEFING

Secretary of State Laurel M. Lee, Attorney General Ashley Moody ("State-level Defendants") and Defendant-Intervenors, the Republican National Committee and National Republican Senatorial Committee, file this Supplemental Briefing in response to this Court's Order dated January 25, 2022 (the "Order") (ECF No. 471).

The Court's Order directed the parties to address footnote 2 on page 2 of the Parties' Corrected Notice of Filing Pre-Review Copies of Expert Report Trial Exhibits (ECF No. 467), which states that State-level Defendants and Intervenor-Defendants "maintain that in entering into this stipulation they reserved all second-level hearsay objections with respect to all expert materials" and that "Plaintiffs dispute this therefore the issue will need to be resolved at trial." This Court also directed the parties to file portions of the order and/or transcript containing Judge Hinkle's analysis." ECF No. 471 at 1-2. This Supplemental Briefing addresses this Court's directives in turn.

First, State-level Defendants and Intervenor-Defendants have long intended to have an agreement with Plaintiffs to treat expert materials in this case in the same manner as they were treated in *Jones v. DeSantis*, No. 4:19-cv-300. State-level Defendants and Intervenor-Defendants believed this was the agreement in place between the parties in December 2021 and at least part of the purpose behind footnote 11 in the corrected pre-trial stipulation (ECF No. 402 at 19 n.11), which noted that the parties would admit the disclosed expert reports of witnesses who testified but not to the admission of attachments or references within those expert reports. State-level Defendants and Intervenor-Defendants did not know until January 2022 that Plaintiffs were asserting that State-level Defendants' and

Intervenor-Defendants' objections to second-level hearsay contained within the Plaintiffs' experts' reports and other related materials had somehow been waived.

State-level Defendants and Intervenor-Defendants believe this Court should hear the evidence and rule upon the merits of these consolidated cases. Thus, as was done in the *Jones* case, State-level Defendants and Intervenor-Defendants here have agreed to the limited admission of expert reports for testifying experts to streamline trial as much as possible and to help with the orderly presentation of evidence. Indeed, during the parties' January 2022 negotiations, State-level Defendants and Intervenor-Defendants also agreed in good faith to allow Plaintiffs to add the exhibits to the expert reports for Burch, Smith, and Cooper to the exhibits for this Court's consideration, even though Plaintiffs did not include those documents on their December 29, 2021 exhibit list. Although Plaintiffs did not list these exhibits last month as required, Plaintiffs claimed State-level Defendants and Intervenor-Defendants should have "understood" that Plaintiffs might seek to admit them. State-level Defendants and Intervenor-Defendants did not want to involve the Court at that point because no harm would be done; State-level Defendants and Intervenor-Defendants' believed that second-level hearsay objections to those documents were preserved.

Now Plaintiffs suggest that it was also "understood" that State-level Defendants and Intervenor-Defendants agreed to waive second-level hearsay

3

objections to materials quoted and referenced within Plaintiffs' experts' reports and the accompanying exhibits. But State-level Defendants and Intervenor-Defendants cannot have waived any rights based on Plaintiffs' misunderstanding. *See, e.g.*, *Griffin v. Coca-Cola Enters., Inc.*, 686 F. App'x 820, 822 (11th Cir. 2017) (stating that waiver requires "the intentional relinquishment of a known right"). Although State-level Defendants and Intervenor-Defendants have tried to negotiate in good faith and have accommodated many of Plaintiffs' requests to remove objections, this is a bridge too far, particularly when so many of Plaintiffs' experts quote sources such as newspaper articles or organizational think tanks that are not a part of this lawsuit and advocate political and policy change. Plaintiffs have even suggested that their experts' reports do not contain second-level hearsay, which is not the case, but even if it were, then there should be no harm in State-level Defendants' and Intervenor-Defendants' preservation of the objection.

The law is clear that Plaintiffs' experts are not permitted to testify on the stand as conduits for second-level hearsay, *see, e.g.*, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19md2885, 2021 WL 684183, at *2 (N.D. Fla. Feb. 11, 2021) (citing cases), and the philosophical reasoning behind State-level Defendants' and Intervenor-Defendants' position is that Plaintiffs' expert reports and materials should be held to the same standard. This is particularly true when the parties have agreed to admit those reports in a good faith effort to streamline the proceedings and

permit the factfinder to have reviewed materials prior to the start of trial. The admission of Plaintiffs' materials without this preservation, however, particularly when one side of the litigation had every reason to believe that second-level hearsay objections were preserved, will remove all incentive for the parties in future cases to agree to the admission of expert reports.

Second, this limited admission of expert witness materials is reflected in the discussions Judge Hinkle had at the pretrial conference on April 2, 2020 (*see* excerpts of ECF No. 323, attached as Exhibit 1) and in Judge Hinkle's orders dated April 2, 2020 and April 9, 2020 (*see* ECF Nos. 317 and 331, respectively, attached as Exhibit 2). Although some of the discussion overlaps with the consideration of declarations submitted by some of the *Jones'* Plaintiffs' lay witnesses, the concerns and intentions behind the objections and Judge Hinkle's ruling remains the same.

For the above reasons, State-level Defendants and Intervenor-Defendants respectfully request that the Court admit the expert reports and accompanying materials subject to any objections raised by the parties, including the preservation of second-level hearsay.

Dated: January 28, 2022  Respectfully submitted:

<div style="display: flex;">

<div>

/s/   Mohammad O. Jazil
Mohammad O. Jazil (FBN: 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN: 855898)
gperko@holtzmanvogel.com
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
(850) 274-1690
(540) 341-8809 (fax)

Phillip M. Gordon (VA Bar: 96521)*
pgordon@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
(540) 341-8808
(540) 341-8809 (fax)

BRADLEY R. MCVAY (FBN 79034)
General Counsel
Brad.McVay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48032)
Deputy General Counsel
Ashley.Davis@dos.myflorida.com
Florida Department of State
R.A. Gray Building Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536
(850) 245-6127 (fax)

*Admitted *pro hac vice*

*Counsel for Secretary Laurel M. Lee*

</div>

<div>

/s/   George N. Meros, Jr.
Benjamin J. Gibson FBN 58661
bgibson@shutts.com
Daniel E. Nordby FBN 14588
dnordby@shutts.com
George N. Meros Jr. FBN 263321
gmeros@shutts.com
Frank A. Zacherl FBN 868094
fzacherl@shutts.com
Amber Stoner Nunnally FBN 109281
anunnally@shutts.com
Tara R. Price FBN 98073
tprice@shutts.com
SHUTTS & BOWEN LLP
215 South Monroe Street, Ste. 804
Tallahassee, Florida 32301
Tel: (850) 241-1717

Tyler Green* Utah Bar No. 10660
tyler@consovoymccarthy.com
Cameron T. Norris*  Tenn. Bar No. 33467
cam@consovoymccarthy.com
Steven C. Begakis*
steven@consovoymccarthy.com
Daniel Shapiro
daniel@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423

*Admitted pro hac vice

*Counsel for Intervenor-Defendants Republican National Committee and National Republican Senatorial Committee*

</div>

</div>

6

ASHLEY MOODY
Attorney General

/s/   *William H. Stafford III*
WILLIAM H. STAFFORD III
Senior Assistant Attorney General
Florida Bar Number 70394
BILAL AHMED FARUQUI
Senior Assistant Attorney General
Florida Bar Number 15212
Office of the Attorney General
General Civil Litigation Division
State Programs Bureau
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3785
William.Stafford@myfloridalegal.com
Bilal.Faruqui@myfloridalegal.com

*Counsel for Ashley Moody,*
*Florida Attorney General*

## CERTIFICATE OF COMPLIANCE

The foregoing complies with the size and font requirements of the Local Rules and contains 904 words.

/s/   *Mohammad O. Jazil*
Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2022, a true and correct copy of the foregoing was filed via CM/ECF, which served a copy on all parties of record.

/s/   *Mohammad O. Jazil*
Attorney