IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                                                    Case No.:  4:21cv186-MW/MAF
                                                                          4:21cv187-MW/MAF
**LAUREL M. LEE, in her official**                                 4:21cv201-MW/MJF
**capacity as Florida Secretary of**                               4:21cv242-MW/MAF
**State, et al.,**

    *Defendants*,

**and**

**NATIONAL REPUBLICAN
SENATORIAL COMMITTEE and
REPUBLICAN NATIONAL
COMMITTEE,**

    *Intervenor-Defendants.*
_____/

**ORDER GRANTING IN PART
<u>DEFENDANTS' REQUEST FOR JUDICIAL NOTICE</u>**

Defendants ask this Court to take judicial notice of three documents: (1) a December 18, 2020 memorandum from House Speaker Chris Sprowls about COVID-19 procedures, (2) a January 5, 2021 memorandum from Senate President Wilton Simpson about COVID-19 procedures, and (3) a February 17, 2021

memorandum from Senate President Wilton Simpson about COVID-19 procedures. ECF No. 481. Plaintiffs oppose the motion. ECF No. 507.

I

Federal Rule of Evidence 201 governs "judicial notice of an adjudicative fact only, not a legislative fact." Fed. R. Evid. 201(a). "Legislative facts are established truths, facts or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." *United States v. Bowers*, 660 F.2d 527, 531 (5th Cir. Unit B 1981).[1] This Court may take notice of legislative facts without complying with Rule 201. *See United States v. Chapman*, 692 F. App'x 583, 584 (11th Cir. 2017).

The existence of the memoranda at issue—and the memoranda's contents—are adjudicative facts subject to Rule 201. That rule allows this Court to take notice of "a fact that is not subject to reasonable dispute because" it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(2).

This Court enjoys " 'wide discretion' to take judicial notice of appropriate adjudicative facts at any stage in a proceeding." *Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014). That said, this Court must exercise caution in doing

---

[1] In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent decisions issued by Unit B of the former Fifth Circuit after September 30, 1981.

2

so because judicial notice bypasses ordinary evidentiary "safeguards." *Id.* (citation omitted). Defendants "bear[] the burden of persuading the court that the particular fact[s]" they seek to introduce fall within Rule 201(2)'s purview. *Couch v. Broward Cnty.*, No. 11-62126-CIV, 2012 WL 2007148, at *1 (S.D. Fla. June 5, 2012) (quotations and citations omitted).

II

Defendants say that the memoranda's accuracy and authenticity cannot be reasonably disputed because they "appear on letterhead bearing the official seal of each legislative chamber" and are public records. ECF No. 481 at 2–3.

Plaintiffs do not suggest that Speaker Sprowls and President Simpson did not promulgate the memoranda at issue. They do, however, vigorously dispute whether the Legislature followed the protocols set out within the memoranda. Ultimately, the burden rests with Defendants to show that the facts they ask this Court to take notice of are beyond dispute.

Courts routinely take notice of public records and reports. *See, e.g.*, *Williams v. Lew*, 819 F.3d 466, 473 (D.C. Cir. 2016) (GAO report); *Dimanche v. Brown*, 783 F.3d 1204, 1212 n.1 (11th Cir. 2015) (statistics within FDOC report); *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1242–43 (11th Cir. 1991) (county commission minutes). Because courts regularly take notice of public records, this Court will take notice of the memoranda at issue. That said, Defendants have not

shown that the Legislature's compliance with the protocols set out within the memoranda is beyond reasonable dispute.

For these reasons, Defendants' request for judicial notice is **GRANTED in part**. This Court takes notice that Sprowls and Simpson issued memoranda setting out COVID-19 protocols, and nothing more.

**SO ORDERED on February 2, 2022.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**