UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAUREL M. LEE, in her official capacity as Florida Secretary of State, et al.,<br><br>    Defendants,<br><br>    and<br><br>REPUBLICAN NATIONAL COMMITTEE, et al.,<br>        Intervenor-Defendants. | Case No.    4:21-cv-186-MW/MAF<br>                 4:21-cv-187-MW/MAF<br>                 4:21-cv-201-MW/MAF<br>                 4:21-cv-242-MW/MAF |

## Parties' Table of Objections and Responses

| Witness | Page No. |
|---|---|
| Deposition of Elizabeth Guzzo taken October 22, 2021 | 1 |
| Deposition of Alan Hays taken October 6, 2021 | 7 |
| Deposition of Craig Latimer taken October 11, 2021 | 24 |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 30:1-14 | 30:1-7<br>• Object to Form - Vague, *see Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *13 (D. Kan. Jan. 5, 2012). Form objection preserved, vague as to meaning of "conducting elections". | • *Cincinnati Insurance Co. v. Serrano* does not address the phrase "conducting elections" and in fact holds that an objection that a question is "vague" is usually improper, because "[o]nly the witness knows whether she understands a question, and the witness has a duty to request clarification if needed," and "[i]f defending counsel feels that an answer evidences a failure to understand a question, this may be remedied on cross-examination." |
| Plaintiffs | 32:5-9 | • Relevance, see Fed. R. Evid. 401, 402. | • What the Florida legislature considered is relevant to the state's interest, if any, in the Challenged Provisions. The witness was speaking for the OAG as a 30(b)(6) representative, within the scope of the subpoena (See Subpoena, Exhibit 167– ECF No. 461-15). |
| Plaintiffs | 33:4-7 | • Relevance, see Fed. R. Evid. 401, 402. | • Whether the Attorney General has done any analysis is relevant to the state's interest, if any, in the Challenged Provisions, and the intent behind them. |
| Plaintiffs | 39:1-25 | 39:20-23<br>• Relevance, see Fed. R. Evid. 401, 402. | • Whether the Attorney General requested the changes in the bill is relevant to the state's interest, if any, in the Challenged Provisions, and the intent behind them. |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 44:1-45:20 | 44:25-45:3<br><br>• Object to form - Argumentative/assumes facts not in evidence; question assumes that there are other ways of serving the goals of changes to 3PVRO requirements. *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012). | 44:25-45:3<br><br>• Question does not assume anything but merely asks whether the OAG had conducted analysis of any other ways of serving SB 90's goals.<br>• Whether OAG has attempted to use other ways to serve SB 90's goals is relevant to the state's interest, if any, in the Challenged Provisions.<br>• *Garcia v. Clark* merely granted a motion to compel interrogatory response, noting that assuming facts not in evidence may be the basis for a trial objection, and says nothing about this particular question. |
| | | 45:7-13<br><br>• Object to form - argumentative; question states a legal conclusion that SB 90 requires "recitation" (i.e. verbal warnings). *See United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 45:7-13<br><br>• Question does not state a legal conclusion but merely asks the witness to confirm her understanding of the statute's requirements. |
| Plaintiffs | 53:12-24 | 53:22-24<br><br>• Relevance, see Fed. R. Evid. 401, 402. | • Whether the Attorney General requested the changes in the bill is relevant to the state's interest, if any, in the Challenged Provisions, and the intent behind them. |
| Plaintiffs | 56:23-57:3 | • Relevance, see Fed. R. Evid. 401, 402. | • To the extent that Defendants assert SB 90 is justified by voter fraud, whether the Secretary in fact referred any voter fraud complaints to the OAG is relevant to the state's |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
|  |  |  | interest, if any, in the Challenged Provisions, and the intent behind them. Whether the OAG was aware of such complaints having been referred is also relevant to the state's interest, if any, in the Challenged Provisions. The witness was speaking for the OAG as a 30(b)(6) representative, within the scope of the subpoena (See Subpoena, Exhibit 167 – ECF No. 461-15). |
| Plaintiffs | 57:13-58:16 | 58:12-16 <br><br> • Object to form - assumes facts not in evidence; OAG has not filed any enforcement actions against 3PVROs. See *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012). | • Question did not assume anything. If no enforcement actions have been brought the witness could say no. <br> • *Garcia v. Clark* merely granted a motion to compel interrogatory response, noting that assuming facts not in evidence may be the basis for a trial objection, and says nothing about this particular question. |
| Plaintiffs | 63:17-66:14 | 64:21 - 65:8 <br><br> • Objection – cumulative.  It is already stipulated that "With respect to enforcement of Section 97.0575(3)(a), the Attorney General does not have any written or unwritten procedures or protocols specifically addressing referrals from the Secretary pursuant to 97.0575(4)." (See ECF 402, p. 38, para. 53). *See AG Equip. Co. v. AIG Life Ins.* | • The stipulated fact does not render this cumulative, because the witness's answer referring to "facts and circumstances" goes beyond the stipulated fact and provides additional information. <br> • *AG Equip. Co. v. AIG Life Ins. Co* affirmed a finding that a judge who sustained cumulative objections was not biased; it has nothing to do with pretrial stipulations. |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | *Co.*, 636 F. Supp. 2d 1210, 1235 (N.D. Okla. 2009). | |
| Plaintiffs | 68:2-21 | 68:18-19<br><br>• Objection – cumulative.  It is already stipulated that "The Attorney General has pursued no enforcement actions against 3PVROs since 2012." (See ECF 402, p. 31, para. 17). *See AG Equip. Co. v. AIG Life Ins. Co.*, 636 F. Supp. 2d 1210, 1235 (N.D. Okla. 2009). | 68:18-19<br><br>• This provides additional information beyond the stipulation—namely, that there were no enforcement actions "initiated," in addition to not having been "pursued."<br>• *AG Equip. Co. v. AIG Life Ins. Co* affirmed a finding that a judge who sustained cumulative objections was not biased; it has nothing to do with pretrial stipulations. |
| | | 68:20-21<br><br>• Object to form - Assumes facts not in evidence; OAG has not filed any enforcement actions against 3PVROs. See *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012). | 68:20-21<br><br>• Question assumes nothing, the witness could have said that there were no enforcement actions filed.<br>• *Garcia v. Clark* merely granted a motion to compel interrogatory response, noting that assuming facts not in evidence may be the basis for a trial objection, and says nothing about this particular question. |
| Plaintiffs | 69:2-15 | 69:2-3<br><br>• Object to form - Assumes facts not in evidence; OAG has not filed any enforcement actions against 3PVROs. See *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012). | 69:2-3<br><br>• Question assumes nothing, the witness could have said that there were no enforcement actions filed.<br>• *AG Equip. Co. v. AIG Life Ins. Co* affirmed a finding that a judge who sustained cumulative objections was not biased; it has nothing to do with pretrial stipulations. |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | 69:9-15<br><br>• Objection – cumulative.  It is already stipulated that "The Attorney General has pursued no enforcement actions against 3PVROs since 2012." (See ECF 402, p. 31, para. 17). *See AG Equip. Co. v. AIG Life Ins. Co.*, 636 F. Supp. 2d 1210, 1235 (N.D. Okla. 2009). | 69:9-15<br><br>• This provides additional information beyond the stipulation—namely, that there were no seeking of injunctions or restraining orders, specifically.<br>• *Garcia v. Clark* merely granted a motion to compel interrogatory response, noting that assuming facts not in evidence may be the basis for a trial objection, and says nothing about this particular question. |
| Plaintiffs | 70:19 – 71:3 | 70:19-20<br><br>• Object to form - argumentative; question assumes legal conclusion that subsection 4 would authorize criminal actions. *See United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 70:19-20<br><br>• Question is asking about the factual presence of such actions, not about the legal authority and does not assume anything. |
| Plaintiffs | 72:20-73:19 | 73:5-11<br><br>• Objection - cumulative; It is already stipulated that "With respect to enforcement of Section 97.0575(3)(a), the Attorney General does not have any written or unwritten procedures or protocols specifically addressing referrals from the<br>• Secretary pursuant to 97.0575(4)." (See ECF 402, p. 38, para. 53). *See AG Equip. Co. v. AIG Life Ins. Co.*, 636 F. | 73:5-11<br><br>• The stipulated fact does not render this cumulative, because the witness's answer referring to "facts and circumstances" goes beyond the stipulated fact and provides additional information<br>• The stipulated fact does not address<br>• whether there are other non-systematic approaches to handling referrals in the AG's office, therefore it is not cumulative. |

| Deposition of Elizabeth Guzzo taken October 22, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | Supp. 2d 1210, 1235 (N.D. Okla. 2009).<br><br>73:12-15<br><br>• Objection - cumulative; It is already stipulated that "With respect to enforcement of Section 97.0575(3)(a), the Attorney General does not have any written or unwritten procedures or protocols specifically addressing referrals from the Secretary pursuant to 97.0575(4)." (See ECF 402, p. 38, para. 53). *See AG Equip. Co. v. AIG Life Ins. Co.*, 636 F. Supp. 2d 1210, 1235 (N.D. Okla. 2009). | 73:12-15<br><br>• The stipulated fact does not directly address whether at a high level there is a general process in place for handling referrals in the AG's office, aside from protocols or procedures, therefore it is not cumulative.<br><br>• *AG Equip. Co. v. AIG Life Ins. Co* affirmed a finding that a judge who sustained cumulative objections was not biased; it has nothing to do with pretrial stipulations. |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 26:17 – 27:14 | 26:21 – 27:1<br><br>• Relevance, see Fed. R. Evid. 401, 402. *See* 134:9-11. | • Goes to credibility, as the evidence will show that SB 90 was passed along partisan lines. Indeed, the RNC is a Intervenor-Defendant. |
| Plaintiffs | 39:10 – 43:19 | 43:15 – 43:19<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 43:15 – 43:19<br><br>• FSE's statement is admissible not for the truth of any factual matter asserted by FSE, but rather to show what FSE's official position was.<br>• The fact that FSE opposed the law is itself relevant to the lack of justifications for the law, and to the Legislature's purposes in passing SB 90. |
| Plaintiffs | 46:3 – 46:19 | • Lack of Foundation, see Fed. R. Evid. 602.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). ("I don't recall. . . . I would have to review my written speech that day.") | • Withdraw designation of 46:12-14 ("I don't recall . . . time." and 46:16-19 ("but I don't think . . . that day.")<br>• The remainder of the witness's answer ("As a matter of fact, the bill did not include any of our top priorities") falls within the witness's personal knowledge, is relevant, and is not contrary to his statement that he does not remember what he said that day.<br>• Any objection to that portion of the answer was waived because not contemporaneously made.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 47:13 – 47:18 | • Hearsay, see Fed. R. Evid. 801, 802. | • FSE's statement is admissible not for the truth of any factual matter asserted by FSE, but rather to show what FSE's official position was. The fact that FSE opposed the law is itself relevant to the lack of justifications for the law, and to the Legislature's purposes in passing SB 90.<br>• The witness's agreement with the FSE statement concerns his own views of SB 90, which is also not hearsay. |
| Plaintiffs | 51:12 – 53:4 | 52:11 – 52:13<br>• Speculation, Fed. R. Evid. 701. ("Probably so.") | 52:11 – 52:13<br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified what witness meant by "probably so."<br>• Whether the witness had recommended to voters that they mail their ballots a week in advance is within the witness's personal knowledge and is not speculative.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 55:16 – 60:13 | 55:24 – 56:12<br>• Hearsay, see Fed. R. Evid. 801, 802. ("They expressed to us on multiple occasions how grateful they were for the drop box convenience, that they could drop it off after | • The statements of voters are admissible as their then-existing mental or emotional state (Fed. R. Evid. 803(3))—they were "grateful" and why.<br>• In any event, this is a party-opponent statement as to which personal knowledge is |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | hours or on the weekends or things like that.") | not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 60:25 – 61:12 | • Lack of Foundation, see Fed. R. Evid. 602.<br>• Calls for Speculation, ("I expect a significant percentage will probably want to continue to vote by mail."), Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br>• Object to Form - Vague, *see Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *13 (D. Kan. Jan. 5, 2012). (Form objection preserved, vague as to meaning of "a significant percentage"). | • The witness's answer is based on his years of experience as a Supervisor of Elections, providing adequate foundation.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not reqd. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• "A significant percentage" is not inadmissibility vague. Witness was instructed to ask for clarification if he did not understand a question and evidently understood this one. [17:21-24].<br>• *Cincinnati Insurance Co. v. Serrano* does not address the phrase "a significant percentage" and in fact holds that an objection that a question is "vague" is usually improper, because "[o]nly the witness knows whether she understands a question, and the witness has a duty to request clarification if needed," and "[i]f defending counsel feels that an answer evidences a failure to understand a question, this may be remedied on cross-examination." |
| Plaintiffs | 66:9 – 67:25 | 66:20 – 66:25<br><br>• Speculation, Fed. R. Evid. 701. ("I wouldn't begin to | • Objection waived because not contemporaneously made. Had an objection been made, |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | speculate the distance. . . . we can . . . probably determine what make and model of the car it is . . . ."). | counsel could have clarified what the witness did and did not know, and the basis for it. <br>• The witness described what he did know about the position of the cameras, while *declining* to speculate on the precise distance. The information that he did provide is relevant to the security provided by the cameras and within his personal knowledge. <br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 68:4 – 70:22 | 68:10 – 68:24 <br>• Speculation, Fed. R. Evid. 701. (Speculates that because "no one informed us of any suspected misdeeds that might have been done there" and "there was no evidence inside the box on any of the ballots" that there was "no need" to review the footage). | 68:10 – 68:24 <br>• Objection waived because not contemporaneously made. <br>• The witness is Supervisor of Elections for Lake County and is describing what his office in fact did and its reasons for doing it, which is not speculative and as to which he has personal knowledge. <br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 76:12 – 77:15 | 76:12 – 76:15<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Object to Form - Vague, *see Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *13 (D. Kan. Jan. 5, 2012). (Form objection preserved, vague as to meaning of "popular"). | 76:12 – 76:15<br><br>• The witness is Supervisor of Elections for Lake County and would know whether the office's drop boxes were heavily used—i.e., whether they were popular.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• As to vagueness, *Cincinnati Insurance Co. v. Serrano* does not address the word "popular" and in fact holds that an objection that a question is "vague" is usually improper, because "[o]nly the witness knows whether she understands a question, and the witness has a duty to request clarification if needed," and "[i]f defending counsel feels that an answer evidences a failure to understand a question, this may be remedied on cross-examination." |
| | | 76:18 – 77:11<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 76:18 – 77:11<br><br>• The voters' statements at 76:21-23 are their then-existing mental or emotional state (that they appreciated the drop boxes) and so admissible under Fed. R. Evid. 803(3). |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | • The remainder of witness's answer does not involve hearsay at all. |
| | | 77:12 – 77:15<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 77:12 – 77:15<br><br>• The voter's statements expressing appreciation are their then-existing mental or emotional state and so admissible under Fed. R. Evid. 803(3). |
| Plaintiffs | 78:24 – 79:21 | 79:10 – 79:13<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 79:10 – 79:13<br><br>• There is no out-of-court statement here. The witness states what he did—consulted with supervisors in other counties who had very successfully used it" and what he decided based on those conversations.<br>• In any event, the Supervisors are all party opponents, so any implied statement is admissible as a party-opponent statement. |
| Plaintiffs | 84:15 – 84:23 | • Calls for a legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | • This testimony goes to the witness's factual understanding of the law and his reasons for removing a drop box, not to a legal interpretation of the statute.<br>• In any event, this is not contested—the parties agree that, as the witness says, you can no longer have a camera-monitored drop box after SB 90. |

| **Deposition of Alan Hays taken October 6, 2021** | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 85:10 – 87:18 | 85:10 – 85:14<br><br>• Relevance, see Fed. R. Evid. 401, 402. | 85:10 – 85:14<br><br>• The fact that the witness, a longstanding Supervisor of Elections, thinks the in-person monitoring requirement is "absurd" goes to the lack of justification for that requirement. |
| | | 87:1 – 87:8<br><br>• Calls for a legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 87:1 – 87:8<br><br>• This testimony goes to the witness's factual understanding of the law and his reasons for removing a drop box, not to a legal interpretation of the statute. |
| | | 87:9 – 87:18<br><br>• Relevance, see Fed. R. Evid. 401, 402.<br>• Object to Form - Vague, *see Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *13 (D. Kan. Jan. 5, 2012). (Form objection preserved, vague as to meaning of "necessary"). | 87:9 – 87:18<br><br>• The fact that the witness, a longstanding Supervisor of Elections, thinks the $25,000 fine is "a slap in the face," "insulting," and "totally unnecessary, unwarranted, and completely out of order" goes to the lack of justification for that provision.<br>• As to vagueness, *Cincinnati Insurance Co. v. Serrano* does not address the word "necessary" and in fact holds that an objection that a question is "vague" is usually improper, because "[o]nly the witness knows whether she understands a question, and the witness has a duty to request clarification if needed," and "[i]f defending counsel feels that an answer evidences a failure to understand a question, this |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | may be remedied on cross-examination." |
| Plaintiffs | 91:13 – 91:17 | 91:13 – 91:17<br><br>• Calls for a legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 91:13 – 91:17<br><br>• This testimony goes to the witness's factual understanding of the law and his reasons for removing a drop box, not to a legal interpretation of the statute. |
| Plaintiffs | 92:17 – 96:13 | 94:19 – 96:5<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 94:19 – 96:5<br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness is being asked about a prior statement in which he described his drop box as "more secure" than the USPS mailbox that replaced it as a result of SB 90, and is explaining why he characterized it that way. His explanation concerns the activities of his own office, and falls within his personal knowledge.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 96:18 – 97:18 | 97:10-18<br><br>• Hearsay, see Fed. R. Evid. 801, 802 (postal service notice being offered for the truth of the matter asserted | • The underlying postal service notice is admissible as a public record under Fed. R. Evid. 803(8) – a statement of a public office setting forth that office's activities. |

## Deposition of Alan Hays taken October 6, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | that the USPS will have difficulties with promptness). | • In any event, admissible not only for the truth of the matter asserted but also for the effect on listeners, including the witness and voters, who will need to adjust mail delivery expectations as a result of the Post Office's statement, whether or not it is true. |
| Plaintiffs | 99:2 – 100:4 | • Hearsay, see Fed. R. Evid. 801, 802. | • Admissible not for truth of any factual matter asserted but for the outcome of the conversation: that witness was unable to reach an arrangement with the Post Office whereby ballots deposited in the USPS mailbox outside his office would be delivered directly to him, without intermediate processing. |
| Plaintiffs | 102:2 – 102:12 | 102:7 – 102:12<br>• Speculation, Fed. R. Evid. 701. | • Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness's assertion is based on his personal knowledge and experience serving as Supervisor of Elections for many years.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 103:2 – 104:1 | • Calls for Speculation, Fed. R. Evid. 701. ("It would be my | • There is ample foundation and basis for this testimony in the |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | opinion that the USPS box . . . .") <br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | witness's prior explanation of the differences between mail-handling and drop boxes. *E.g.,* 94:21-96:5. <br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 122:14 – 123:16 | 122:18 – 123:1 <br>• Calls for a legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). <br><br>123:2 – 123:6 <br>• Calls for a legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). <br>• Hearsay, see Fed. R. Evid. 801, 802. <br><br>123:7 – 123:10 <br>• Calls for a legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). <br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 122:18 – 123:1 <br>• The witness is explaining his own factual understanding of the law, which is relevant as he will be the one to apply it in Lake County. <br><br>123:2 – 123:6 <br>• The witness expressly declines to offer any legal conclusion and does not convey any out-of-court statement. <br><br>123:7 – 123:10 <br>• The witness is explaining his own factual understanding of the law, which is relevant as he will be the one to apply it in Lake County. <br>• Lack of personal knowledge objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge. <br>• The witness's answer reflects how he will apply the law in his own county as Supervisor |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | of Elections, as to which he has personal knowledge.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 125:6 – 126:17 | 126:12–14<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 126:12–14<br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness is the Supervisor of Elections for Lake County and has experience with this system, providing ample basis for his testimony.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 126:15–17<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 126:15–17<br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness is the Supervisor of Elections for Lake County and has experience with this system, providing ample basis for his testimony.<br>• In any event, this is a party-opponent statement as to |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 127:12 – 127:18 | • Speculation, Fed. R. Evid. 701. ("[I]f one were to calculate . . .")<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. ("But beyond that, I don't know of any impact it would have.") | • Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for and extent of the witness's knowledge.<br>• The witness explained the extent of his knowledge—there would be some fiscal impact, but he does not know exactly what it would be. That testimony is relevant to show the effects of the provision, and within his personal knowledge as a Supervisor of Elections.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 144:15 – 145:17 | 144:15 – 144:20<br>• Speculation, Fed. R. Evid. 701. | 144:15 – 144:20<br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness amply explained the basis for this statement, including at 94:21-96:5, and is not speculating.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | Miller, Fed. Practice & Procedure § 6782. |
| | | 144:21 – 144:24<br>• Hearsay, see Fed. R. Evid. 801, 802. | 144:21 – 144:24<br>• The witness does not convey any out-of-court statement, much less for the truth of a factual assertion, but instead refers to the *lack* of any statement. |
| | | 145:4–17<br>• Hearsay, see Fed. R. Evid. 801, 802 (". . . the lady asked me 'why are they doing this.'") | 145:4–17<br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness statement that he does not know of any other justifications for the challenged law is a matter within his personal knowledge and relevant, since the witness is an experienced Supervisor of Elections.<br>• The witness's statement that he tried to explain to legislators that the law was bad policy is within his personal knowledge and relevant to the purposes of the law.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• As to hearsay, the quoted question "Why are they doing this?" does not contain an |

| | | Deposition of Alan Hays taken October 6, 2021 | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | assertion of fact and thus is not hearsay. |
| Plaintiffs | 150:12 – 151:22 | 150:12–21 <br><br>• Calls for Speculation, Fed. R. Evid. 701. <br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 150:12–21 <br><br>• The witness was asked about and testified to his own awareness of fraud events, which as Supervisor of Elections he would have reason to be aware of, had they occurred. <br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 151:17 – 151:22 <br><br>• Speculation, Fed. R. Evid. 701. ("I guess one could conclude that they probably are.") | 151:17 – 151:22 <br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge. <br>• The witness was asked about and offered his own opinion about the sufficiency of safeguards, as to which he clearly has personal knowledge, and which is based on his experience as Lake County Supervisor of Elections. He expressly explains the basis for that opinion in his answer—that he has not seen any instances of fraud. <br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | Miller, Fed. Practice & Procedure § 6782 |
| Defendants | 153:6-19 | 153:6-19<br>• Fed. R. Evid. 401 and 402 (Assistance claim dismissed; discussion of ballot collection is irrelevant)<br>• Fed. R. Evid. 802 (Hays Exhibit 13, marked as an exhibit at 152:1-2, is Trial Ex. 181, to which Plaintiffs maintain their hearsay objection, which was timely asserted in the Exhibit List, ECF No. 402-1 at 38.) | Defendants will preserve this designation because Plaintiffs designate material related to ballot harvesting, including at 120:7-12.<br>Regarding Hays Exhibit 13, Defendants take the position that objection to exhibits in deposition designations is improper because exhibits are admitted as a matter of course if the accompanying testimony is admitted.<br>Nevertheless, Hays Exhibit 13 (Trial Ex. 181) is offered here not for the truth of the matter asserted, but to show that the State was notified of the Supervisor's concerns and recommendations. |
| Defendants | 154:7-9; and 154:24-25 | 154:7-9; and 154:24-25<br>• Fed. R. Evid. 401 and 402 (Assistance claim dismissed; discussion of ballot collection is irrelevant) | Defendants will preserve this designation because Plaintiffs designate material related to ballot harvesting, including at 120:7-12. |
| Defendants | 177:15-178:18 | • Fed. R. Evid. 401 and 402 ("SB90 would not prevent") | • Relevant because demonstrates 3PVROs have a history of fraud in Florida, and thus illustrates the need for the legislature to further regulate 3PVROs and the importance of notifying voters of alternative methods of registration besides 3PVROs. |
| Plaintiffs | 202:17-24 | • Legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | • The witness is describing his factual understanding of the |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | effects of Senate Bill 90, not a legal conclusion.<br>• In any event, it is not disputed that Senate Bill 90 requires drop boxes to be manned. |
| Plaintiffs | 208:1-25 | 208:8–13<br><br>• Speculation, Fed. R. Evid. 701 ("I would have to look at it to decide . . . .") | • Defendant does not speculate on the exact amount and states that spending would be a poor utilization of taxpayer dollars, which does not depend on the exact calculation. |
| Defendants | 209:22 – 210:21 | • Fed. R. Evid. 802 (Hays Exhibit 15, marked as an exhibit at 209:19-20, is Trial Ex. 183, to which Plaintiffs maintain their hearsay objection, which was timely asserted in the Exhibit List, ECF No. 402-1 at 38.) | Defendants take the position that objection to exhibits in deposition designations is improper because exhibits are admitted as a matter of course if the accompanying testimony is admitted.<br><br>Nevertheless, Defendants offer Hays Exhibit 15 (Trial Ex. 183) not for the truth of the matter asserted by the policy, but only for the existence of a policy; Supervisor Hays testified based on has personal knowledge that the policy was followed.<br><br>Alternatively, it is a record kept and maintained in the course of a regularly conducted activity of a business, organization, occupation, or calling under FRE 803(6). |
| Plaintiffs | 220:21 – 222:7 | 221:2 – 221:11<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. ("If I didn't send that identical one, I certainly sent one very similar.") ("I may have sent | 221:2 – 221:11<br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's |

| Deposition of Alan Hays taken October 6, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | that to two or three others [sic] legislators as well.") | knowledge and the extent of his recollection. • The witness is describing his own text messages, and he relays the extent of his knowledge and does not go beyond it. • The witness's statement that he probably sent such text messages (or one very similar) to a Senator is relevant to the information before the legislature in connection with SB 90. • In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 222:2 – 222:7 • Object to Form - Assumes Facts Not in Evidence, *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) (Form objection preserved, 222:5). • Speculation, Fed. R. Evid. 701. | 222:2 – 222:7 • The question does not assume anything – it quotes from the witness's own statement, in which he in fact described the law in that way. • The witness's opinion that the elimination of video surveillance of drop boxes does not help anyone is not speculative, but is based on his years of experience as Supervisor of Elections in Lake County, and is fully explained in earlier testimony. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| Plaintiffs | 25:14 – 26:6 | 25:17 – 26:6<br><br>• Speculation, Fed. R. Evid. 701. See 82:16 – 83:17 ("I am speculating at this point, we haven't had an election.")<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). See also 82:16 – 83:17 ("I am speculating at this point, we haven't had an election.") | 25:17 – 26:6<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Had an objection been raised, counsel could have clarified the basis for the witness's knowledge and opinions.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. See Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections. |
| Plaintiffs | 27:11 – 28:24 | 28:23–24<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). ("I don't know that we were listened to.")<br>• Speculation, Fed. R. Evid. 701. | 28:23–24<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Had an objection been raised, counsel could have clarified the basis for the witness's knowledge and opinions.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. See Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, as to which he has personal knowledge. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | • The witness's opinions are based on his years of experience as a Supervisor of Elections.<br>• The witness was asked whether he believes he had adequate opportunity to participate in the legislative process; he answered "I don't know that we were listened to"; use of "I don't know" in this context does not demonstrate that the witness did not know the answer to the question. |
| Plaintiffs | 47:11 – 48:13 | 47:18–20<br><br>• Legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 47:18–20<br><br>• Form objection not made at the deposition is waived. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).<br>• The question does not call for a finding of law; the question asks the witness, in his capacity as a Supervisor of Elections, about the practice of his office in certain factual circumstances.<br>• The witness is explaining his own factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| | | 47:21-23<br><br>• Legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). | 47:21-23<br><br>• Form objection not made at the deposition is waived. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).<br>• The question does not call for a finding of law; the question asks the witness, in his capacity as a Supervisor of Elections, about the practice of his office |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | in certain factual circumstances.<br>• The witness is explaining his own factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| Plaintiffs | 58:24 – 60:5 | 59:9–10<br><br>• Speculation, Fed. R. Evid. 701. See 59:11 – 59:16 ("It hasn't because right now all of the requests that are on file . . . will be good through 2022."). | 59:9–10<br><br>• The question does not call for speculation; the witness responds referencing the factual changes which will be imposed by SB90.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections.<br>• The witness is explaining his factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| Plaintiffs | 74:13 – 75:21 | 74:16–21<br><br>• Speculation, Fed. R. Evid. 701. See 59:11 – 59:16 ("It hasn't because right now all of the requests that are on file . . . will be good through 2022."). | 74:16–21<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Had an objection been raised, counsel could have clarified the basis for the witness's knowledge and opinions. |

| Deposing of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | • The witness is describing his own opinions, as to which he has personal knowledge. <br> • The witness's opinions are based on his years of experience as a Supervisor of Elections. <br> • This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| Plaintiffs | 88:2 – 113:16 | 95:21-25 <br><br> • Hearsay, see Fed. R. Evid. 801, 802. | 95:21-25 <br><br> • The witness is describing his own opinions, as to which he has personal knowledge. <br> • The witness's opinions are based on his years of experience as a Supervisor of Elections. <br> • The witness's reference to the President, Governor, and SoS statements admissible not for the truth of any factual matter asserted by President, Governor, or SoS, but rather to show what their official position was. |
| | | 98:17-24 <br><br> • Hearsay, see Fed. R. Evid. 801, 802. | 98:17-24 <br><br> • The question asks the witness about a statement released by his office after SB90 was passed, that he testified he helped prepare; <br> • The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801; |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | | • the statement is not presented for the truth of the matter asserted but to demonstrate the effect of those statements on the witness's office. |
| | | 99:6–18 | 99:6–18 |
| | | • Hearsay, see Fed. R. Evid. 801, 802. | • The question asks the witness about a statement released by his office after SB90 was passed, that he testified he helped prepare;<br>• The question does not contain an assertion of fact and thus is not hearsay;<br>• The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801. |
| | | 99:19-22 | 99:19-22 |
| | | • Hearsay, see Fed. R. Evid. 801, 802 | • The question asks the witness about a statement released by his office after SB90 was passed, that he testified he helped prepare;<br>• The question does not contain an assertion of fact and thus is not hearsay;<br>• The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801 |
| | | 100:1-4 | 100:1-4 |
| | | • Hearsay, see Fed. R. Evid. 801, 802. | • The question does not contain an assertion of fact and thus is not hearsay; the witness is responding based on his own experience, about which he has personal knowledge. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | • The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801 |
| | | 100:25 – 101:5 | 100:25 – 101:5 |
| | | • Lack of Personal Knowledge, see Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). ("I don't recall at this time.")<br>• Hearsay, see Fed. R. Evid. 801, 802. | • The witness is shown a news article in which he is quoted, and asked about the statements he made in the article.<br>• The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 101:16–25 | 101:16–25 |
| | | • Hearsay, see Fed. R. Evid. 801, 802.<br>• Speculation, Fed. R. Evid. 701. ("I think I spoke to that talking about . . . .") | • Form objection not made at the deposition is waived. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). This could have been cured by establishing more definitively that witness has no reason to dispute accuracy of the quote.<br>• The witness is shown a news article in which he commented, and asked about the statements he made in the article.<br>• The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 102:4–20 | 102:4–20 |
| | | • Hearsay, see Fed. R. Evid. 801, 802. | • Form objection not made at the deposition is waived. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). This could have been cured by establishing basis for personal knowledge.<br>• The question asks the witness about a statement of a party-opponent and is not hearsay under FRE 801.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 103:3-11 | 103:3-11 |
| | | • Hearsay, see Fed. R. Evid. 801, 802. | • Form objection not made at the deposition is waived. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Witness's basis for personal knowledge could have been established through questioning.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 104:2-3 | 104:2-3 |
| | | • Speculation, Fed. R. Evid. 701 | |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | | • Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Additional questioning could have established witnesses basis for making the statement.<br>• The witness is responding as to the 2020 elections process in Hillsborough County, which he testified he oversaw, and about which he has personal knowledge.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 106:6-11<br><br>• Calls for Speculation, Fed. R. Evid. 701<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 106:6-11<br><br>• Objection waived because not contemporaneously made. Had an objection been raised, counsel could have clarified the basis for the witness's knowledge.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections.<br>• In any event, this is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | 109:8-19 | 109:8-19 |
| | | • Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Hearsay, see Fed. R. Evid. 801, 802.<br>• Speculation, Fed. R. Evid. 701 | • Witness testifying about the contents of an FSE statement that he has established he helped prepare, about which he has personal knowledge.<br>• This is a party-opponent statement which is not hearsay under FRE 801, and as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 111:7-15 | 111:7-15 |
| | | • Hearsay, see Fed. R. Evid. 801, 802. | • This is a party-opponent statement which is not hearsay under FRE 801,<br>• Not hearsay; the witness has established that he prepared the statement referenced. |
| | | 111:16 - 112:3 | 111:16-112:3 |
| | | • Speculation, Fed. R. Evid. 701. See 82:16 – 83:17 ("I am speculating at this point, we haven't had an election.")<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.  See also 82:16 – 83:17 ("I am speculating at this point, we haven't had an election.") | • Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  If raised, witness additional questions could have elicited basis for witness' testimony.<br>• The witness is describing his own assessment of the impact of SB 90, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | | Fed. Practice & Procedure § 6782.<br>• The witness is explaining his factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| | | 112:4 – 112:8<br><br>• Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 112:4-8<br><br>• The witness is explaining his factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County.<br>• The witness is describing his own understanding of the law, as to which he has personal knowledge.<br>• The witness's statement is based on his years of experience as a Supervisor of Elections.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 113:10-18<br><br>• Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Object to Form - Compound question ("Do you agree that the legislation makes it harder to request and return a vote-by-mail ballot by . . . ?"), *see* *Atunnise v. Mukasey*, 523 F.3d 830, 835 (7th Cir. 2008) ("There is a reason why courts disfavor compound | 113:10-18<br><br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• Question does not call for a legal conclusion; the witness is explaining his factual understanding of the law, which is relevant as he will be |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | questions posed to witnesses during trial; they are likely to elicit an ambiguous response."). (Form objection preserved at 113:16-18.)<br>• Legal conclusion, see *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002). Object to Form - Assumes Facts Not in Evidence, *Garcia v. Clark*, No. 1:10-CV-00447-LJO, 2012 U.S. Dist. LEXIS 51771, 2012 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) (Form objection preserved). | the one to apply it in Hillsborough County.<br>• The witness is describing his own understanding of the law, as to which he has personal knowledge.<br>• The witness's statement is based on his years of experience as a Supervisor of Elections.<br>• Question did not assume anything; question asked for the witness's opinion as to the provisions of SB90.<br>• Question is not compound; question uses "request and return" as two related actions under the vote-by-mail provisions of SB90. |
| Plaintiffs | 115:25—144:5 | 115:25 – 116:3<br>• Speculation, Fed. R. Evid. 701. Object to Form - Compound question ("Do you agree that the legislation makes it harder to request and return a vote-by-mail ballot by . . . ?"), (Form objection preserved). *See Atunnise v. Mukasey*, 523 F.3d 830, 835 (7th Cir. 2008).<br><br>116:5–10<br>• Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 115:25 – 116:3<br>• The witness is describing his opinions, as to which he has personal knowledge.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness's opinion is based on his years of experience as a Supervisor of Elections.<br>• The question is not compound because "administration" and "bureaucracy" are related concepts.<br><br>116:5–10<br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | 32(d)(3)(B).  If raised, witness additional questions could have elicited basis for witness' testimony. <br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. <br>• The witness is describing his own opinions, as to which he has personal knowledge. <br>• The witness's statement is based on his years of experience as a Supervisor of Elections. |
| | | 116:12–20 <br>• Hearsay, see Fed. R. Evid. 801, 802. | 116:12–20 <br>• Out of court statements not offered for the truth of any factual matter but rather to show that the witness received questions from the public. |
| | | 126:4-9 <br>• Speculation, Fed. R. Evid. 701. | 126:4-9 <br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for witness answer could be established through further questioning. For 125:25-126:3, questioner rephrased after initial objection and there was no further objection. <br>• Not speculative; the witness explains that the situation depends, and explains with an example. |

### Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | | • The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's statement is based on his years of experience as a Supervisor of Elections. |
| | | 127:16-21<br><br>• Hearsay, see Fed. R. Evid. 801, 802. ("Anecdotally I've heard voters say . . . .") | 127:16-21<br><br>• Hearsay exception; present sense impression; statement against interest. |
| | | 130:22-131:3<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.  -- "I don't remember the other . . . I just don't remember off the top of my head right now." | 130:22-131:3<br><br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br><br>• Witness' answer indicates he did have personal knowledge as to several members of the work group, and he testified that he was part of the FSE, so would have personal knowledge as to its members. |
| | | 131:4-7<br><br>• Speculation, Fed. R. Evid. 701. | 131:4-7<br><br>• Witness testified that he was part of the FSE, so would have personal knowledge as to its members. |
| | | 131:24-132:7<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.  ("… I don't remember the exact context of why I said that.") | 131:24-132:7<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for witness answer could be established through further questioning. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | • This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | | • Witness asked about the contents of an email that he wrote, about which he has personal knowledge. |
| | | 135:7-11 | 135:7-11 |
| | | • Calls for Speculation, Fed. R. Evid. 701. | • Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for witness answer could be established through further questioning. |
| | | • Lack of Personal Knowledge, see Fed. R. Evid. 602. | • This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | | • Witness is testifying as to his personal experience as a Supervisor of Elections. |
| | | 137:23 - 138:2 | 137:23 - 138:2 |
| | | • Calls for Speculation, Fed. R. Evid. 701. | • This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | • Lack of Personal Knowledge, see Fed. R. Evid. 602. | • The witness is providing his own opinions, based on his years of experience as a Supervisor of Elections, about which he has personal knowledge. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | 138:4-13<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 138:4-13<br><br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is providing his own opinions, based on his years of experience as a Supervisor of Elections, about which he has personal knowledge. |
| | | 141:21-25<br><br>• Calls for a legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002).<br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 141:21-25<br><br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is explaining his factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| Plaintiffs | 148:16 – 148:23 | 148:16-20<br><br>• Hearsay, see Fed. R. Evid. 801, 802.<br><br>148:21-23<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 148:16-20, 21-23<br><br>• Out of court statements not offered for the truth of any factual matter but rather to show that the witness received questions from the public. |
| Plaintiffs | 156:13 – 170:22 | 156:13-23<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. ("I can't give you a name right off the bat.") | 156:13-23<br><br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | 157:23-158:2<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Object to Form - Vague as to time and version/iteration of Senate Bill 90, and meaning of "were not in response to requests." *see Cincinnati Ins. Co. v. Serrano*, No. 11-2075-JAR, 2012 U.S. Dist. LEXIS 1363, at *13 (D. Kan. Jan. 5, 2012).  Form objection preserved at 158:1.<br><br>159:17-23<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Hearsay, see Fed. R. Evid. 801, 802, as to lines 159:21-23.<br><br>160:2–6<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 157:23-158:2<br><br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness's response is based on personal knowledge from his experience as a Supervisor of Elections during the SB90 legislative process.<br>• The question is not vague.  The witness was able answer, and objecting counsel could have asked for clarification during re-direct.<br><br>159:17-23<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for foundation and basis for personal knowledge could have been established through further questioning.<br>• This is a party-opponent statement which is not hearsay under FRE 801, and as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• In any event, this is not hearsay.  Witness is describing what he observed.<br><br>160:2–6<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | | 32(d)(3)(B).  Basis for foundation could have been established through further questioning.<br>• Any out-of-court statements of the voters are present sense |
| | | 161:16-22<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 161:16-22<br><br>• Any out-of-court statements of the voters are present sense. |
| | | 162:12-20<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Object to Form - Lack of Foundation, see Fed. R. Evid. 602. (Objection preserved at 162:16-17) | 162:12-20<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for foundation and basis for personal knowledge could have been established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness's testimony is based on his experience as a Supervisor of Elections, on which he has personal knowledge. |
| | | 164:1-9<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Lack of Foundation, see Fed. R. Evid. 602. | 164:1-9<br><br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness's testimony is based on his experience as a Supervisor of Elections, on which he has personal knowledge. |

## Deposition of Craig Latimer taken October 11, 2021

| Designating Party | Page Range | Objection | Response |
|---|---|---|---|
| | | 166:2-8<br><br>• Hearsay, see Fed. R. Evid. 801, 802. | 166:2-8<br><br>• No out of court statement presented.<br>• The witness's testimony is from his personal knowledge based on years of experience as a Supervisor of Elections. |
| | | 166:19 – 167:2<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Object to Form - Lack of Foundation, see Fed. R. Evid. 602. (Objection preserved at 166:22). | 166:19-167:2<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for personal knowledge could have been established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782. |
| | | 168:19-23<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 168:19-23<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for personal knowledge could have been established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, based on his years of experience as a Supervisor of Elections, as to which he has personal knowledge. |

| **Deposition of Craig Latimer taken October 11, 2021** | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | | • The witness's testimony is based on his factual understanding of the law, which is relevant as he will be the one to apply it in Hillsborough County. |
| | | 169:17-19<br><br>• Calls for a legal conclusion, *see United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002).<br><br>169:24 – 170:7<br><br>• Calls for Speculation, Fed. R. Evid. 701.<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Lack of Foundation, see Fed. R. Evid. 602. | 169:24 – 170:7<br><br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• This is a party-opponent statement as to which personal knowledge is not required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections. |
| Plaintiffs | 175:2 – 182:9 | 175:2-8<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. ("I don't remember writing that. And I wouldn't have had any direct knowledge of that . . . .") | 175:2-8<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B).  Basis for witness answer could be established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• Foundation and personal knowledge established at 174:8-9.<br>• Personal knowledge of the email in question established; witness testified he did not write the particular sentence highlighted in the email chain. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| **Designating Party** | **Page Range** | **Objection** | **Response** |
| | | 175:15-23<br><br>• Lack of Personal Knowledge, see Fed. R. Evid. 602.<br>• Calls for Speculation, Fed. R. Evid. 701. | 175:15-23<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Basis for witness answer could be established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections. |
| Plaintiffs | 190:20 – 192:18 | 192:5-9<br><br>• Speculation, Fed. R. Evid. 701. | 192:5-9<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Basis for witness answer could be established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• Question does not call for speculation; question asks for the witness's perspective/opinion based on his personal experience as a Supervisor of Elections. |

| Deposition of Craig Latimer taken October 11, 2021 | | | |
|---|---|---|---|
| Designating Party | Page Range | Objection | Response |
| | | 192:15-18<br><br>• Speculation, Fed. R. Evid. 701. ("I think it's totally hypothetical.")<br>• Lack of Personal Knowledge, see Fed. R. Evid. 602. | 192:15-18<br><br>• Objection waived because not contemporaneously made. ECF 403 ¶4 & Fed. R. Civ. P. 32(d)(3)(B). Basis for witness answer could be established through further questioning.<br>• This is a party-opponent statement as to which personal knowledge is not, in any event, required. *See* Wright & Miller, Fed. Practice & Procedure § 6782.<br>• The witness is describing his own opinions, as to which he has personal knowledge.<br>• The witness's opinions are based on his years of experience as a Supervisor of Elections. |