IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEAGUE OF WOMEN VOTERS,
OF FLORIDA INC., *et al.,*

      Plaintiffs,

v.

LAUREL M. LEE, in her official
capacity as Florida Secretary of State,
*et al.*,

      Defendants,

and

REPUBLICAN NATIONAL
COMMITTEE, *et al.*,

      Intervenor-Defendants.

_____/

Case No. 4:21-cv-00186-MW-MAF
4:21-cv-00187-MW-MAF
4:21-cv-00201-MW-MAF
4:21-cv-00242-MW-MAF

**RESPONSE TO ORDER REQUIRING
SUPPLEMENTAL BRIEFING ON THE *POTENTIAL*
EFFECT OF FLORIDA'S SENATE BILL 524**

If the Committee Substitute for the Committee Substitute for Senate Bill 524

("Senate Bill 524") becomes law, all claims related to the so-called third-party voter

registration organization ("3PVRO") disclaimer provision would become moot.[1]

---

[1] The State-level Defendants and Intervenor-Defendants file this response to
the Court's Order dated March 21, 2022. *See* ECF No. 659. The State-level
Defendants and Intervenor-Defendants had planned to file a suggestion of mootness
if and when Senate Bill 524 became law upon signature of the Governor or

Specifically, if it becomes law, Section 7 of Senate Bill 524 would delete the statutory provision that requires 3PVROs to advise would-be registrants that the 3PVRO may not turn in their registration applications on time and that there are other means of registering to vote. As this disclaimer provision would no longer exist, claims challenging the disclaimer provision would become moot under established U.S. Supreme Court and Eleventh Circuit precedent.

## **BACKGROUND**

Briefly, the Plaintiffs bring various Counts challenging the constitutionality of certain language currently contained in Section 97.0575(3)(a), Florida Statutes. The language at issue provides:

> A [3PVRO] must notify the applicant at the time the application is collected that the organization might not deliver the application to the division or the supervisor of elections in the county in which the applicant resides in less than 14 days or before registration closes for the next ensuing election and must advise the applicant that he or she may deliver the application in person or by mail. The third-party voter registration organization must also inform the applicant how to register online with the division and how to determine whether the application has been delivered.

Claims challenging the disclaimer provision include: (i) Counts V and VI of the League of Women Voters ("LWV") Plaintiffs' Corrected First Amended Complaint in Case No. 4:21-cv-00186-MW-MAF; (ii) Counts VII and VIII of the Florida

---

otherwise. Senate Bill 524 does not appear to affect any other claims challenging the specific challenged provisions of Senate Bill 90.

2

Rising Together Plaintiffs' Complaint in Case No. 4:21-cv-00201-MW-MAF; and

(iii) Counts I, II, and III of Harriett Tubman Freedom Fighters ("HTFF") Plaintiff's

Amended Complaint in Case No. 4:21-cv-00242-MW-MAF. Although the NAACP

Plaintiffs' First Amended Complaint in Case No. 4:21-cv-00187-MW-MAF does

not clearly identify the disclaimer provision as a "Challenged Provision," the

NAACP Plaintiffs' Joint Post-Trial Brief alleges that the provision violates the

NAACP Plaintiffs' First Amendment rights. *See* ECF No. 652 at 399-416.

On March 9, 2022, the Florida Legislature passed Senate Bill 524. Section 7

of the bill would repeal the disclaimer provision of Section 97.0575(3)(a), Florida

Statutes, quoted above. CS for CS for SB 524, 1st Engrossed, Fla. Leg. (Reg.

Session 2022), pg. 10-11, ln. 283-93.[2] As an alternative, Section 5 of Senate Bill

524 would create Section 97.052(3)(g), Florida Statutes, which would require the

uniform statewide voter registration application to include:

> A statement informing the applicant that if the application is being
> collected by a [3PVRO], the organization might not deliver the
> application to the division or the supervisor in the county in which the
> applicant resides in less than 14 days or before registration closes for
> the next ensuing election, and that the applicant may instead elect to
> deliver the application in person or by mail or choose to register online.
> The statement must further inform the applicant how to determine
> whether the application has been delivered.

*Id.* at pg. 9, ln. 248-57.

---

[2]     The bill language is attached for the Court's convenience and is also available
at  https://www.flsenate.gov/Session/Bill/2022/524/BillText/er/PDF.

## **LEGAL STANDARD**

It is well established that "[u]nder Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). At a minimum, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* This "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Even a once justiciable case must be dismissed "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—when the case becomes moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

"Generally, a challenge to the constitutionality of a statute is mooted by repeal of the statute." *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1329. (11th Cir. 2004); *see also Hand v. Scott*, 946 F.3d 1272, 1275 (11th Cir. 2020). "While … the burden of proving mootness generally falls heavily on the party asserting it, 'governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities.'" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs*, 868 F.3d 1248, 1255 (11th Cir. 2017) (citing *Coral Springs*, 371 F.3d at 1328-29). As a result, "once

the repeal of an ordinance [or statute] has caused [a court's] jurisdiction to be questioned, [the plaintiff] bears the burden of presenting affirmative evidence that its challenge is no longer moot." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1334 (11th Cir. 2005).

Both the U.S. Supreme Court and the Eleventh Circuit have repeatedly held that "the repeal of a challenged statute is one of those events that makes it absolutely clear that the allegedly wrongful behavior . . . could not reasonably be expected to recur." *Flanigan's Enters.,* 868 F.3d at 1256 (quoting *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1265-66 (11th Cir. 2010) (alteration in original). Most recently, the U.S. Supreme Court dismissed a constitutional challenge to a New York City gun ordinance where the State of New York amended its firearm licensing statute to specifically authorize the conduct prohibited under the City's ordinance. *N.Y State Rifle & Pistol Ass'n v. City of New York*, 140 S. Ct. 1525, 1526-27 (2020) (per curiam). The U.S. Supreme Court did so without engaging in any "voluntary cessation" analyses to determine whether there was any reason to believe that the City would return to the challenged behavior. *Id.* That is because "the doctrine of voluntary cessation does not apply in cases where challenged laws have been repealed unless there is some reason to believe that the law may be reenacted after dismissal of the suit." *Flanigan's Enters.,* 868 F.3d at 1256 (quoting *Coral Springs*, 371 F.3d at 1330).

Even when there is some reason to believe that a law may be reenacted, the Plaintiff must present evidence to that effect to prevent a finding of mootness. *See Nat'l Adver. Co.*, 402 F.3d at 1334. Under such circumstances, the Eleventh Circuit has developed "three broad factors" to determine "whether the court is sufficiently convinced that the repealed law will not be brought back." *Flanigan's Enters.,* 867 F.3d at 1257 (referencing *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga*., 633 F.3d 1297, 1310 (11th Cir. 2011)). First, the Court asks "whether the change in conduct resulted from substantial deliberation or is merely an attempt to manipulate [the Court's] jurisdiction." *Id*. Second, the Court asks "whether the government's decision to terminate the challenged conduct was 'unambiguous.'" *Id.* "This requires [the Court] to consider whether the actions that have been taken to allegedly moot the case reflect a rejection of the challenged conduct that is both permanent and complete." *Id.* Third, the Court "ask[s] whether the government has consistently maintained its commitment to the new policy or legislative scheme." *Id.*

## DISCUSSION

As an initial matter, Senate Bill 524 is not yet law because the Florida Legislature has neither presented the bill to the Governor for his consideration nor has the time for consideration expired. *See* Fla. Const. Art. III, § 8(a). Dismissal of claims in this case (or a challenge to Senate Bill 524 itself) is thus premature.

If and when Senate Bill 524 becomes law, the Court should dismiss all claims related to the 3PVRO disclaimer provision. With the challenged provision repealed and no prospects for its reenactment, dismissal would be both appropriate and necessary. *See, e.g.*, *Rifle & Pistol Ass'n*, 140 S. Ct. at 1526-27.

Dismissal would also be appropriate under the Eleventh Circuit's broad factors were they to apply. As to the first factor, the Florida Legislature repealed the challenged provision in the first regular legislative session after Plaintiff filed this lawsuit. The Legislature's accompanying change to the statewide voter registration form underscores serious deliberation in the normal course to further the State's policy goals—it shows the State's commitment to "communicate the desired information to the public" but to do so "without burdening a speaker with unwanted speech during the course of a solicitation." *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 800 (1988).

As to the second factor, the Florida Legislature's repeal was "unambiguous" because the Legislature deleted the challenged provision in its entirety. *Flanigan's Enters.,* 868 F.3d at 1257. Again, the accompanying change to the voter registration form shows that sound policy drove the repeal. The repeal will become "both permanent and complete" once Senate Bill 524 becomes law. *Id.*

Finally, as to the third factor, the State remains "commit[ed]" to its policy choices. *Id.* The State does not enforce provisions of the Election Code once the Florida Legislature chooses to repeal them.

## **CONCLUSION**

In sum, when the repeal is such that "the allegedly unconstitutional portions of the [challenged statute] no longer exist," the affected claims are rendered moot because "any decision [the Court] would render would clearly constitute an impermissible advisory opinion." *Id.* at 1258 (quoting *Nat'l Adver. Co.*, 402 F.3d at 1335). As such, the Court should dismiss as moot all challenges to the 3PVRO disclaimer provision if and when Senate Bill 524 becomes law; the HTFF case should be dismissed in its entirety; and the Attorney General should be dismissed from the LWV case.

Dated: March 23, 2021                Respectfully submitted by:

BRADLEY R. MCVAY (FBN 79034)
General Counsel
Brad.McVay@dos.myflorida.com
ASHLEY E. DAVIS (FBN 48302)
Deputy General Counsel
Ashley.Davis@dos.myflorida.com
Florida Department of State
R.A. Gray Building Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Phone: (850) 245-6536
Fax: (850) 245-6127

*/s/Mohammad Jazil*
Mohammad O. Jazil (FBN: 72556)
mjazil@holtzmanvogel.com
Gary V. Perko (FBN: 855898)
gperko@holtzmanvogel.com
Holtzman Vogel Baran Torchinsky &
Josefiak PLLC
119 S. Monroe St. Suite 500
Tallahassee, FL 32301
Phone No.: (850) 274-1690
Fax No.: (540) 341-8809

Phillip M. Gordon (VA Bar: 96521)*
pgordon@holtzmanvogel.com
15405 John Marshall Hwy
Haymarket, VA 20169
Phone No. (540)341-8808
Fax No. (540) 341-8809
*Admitted *pro hac vice*

*Attorneys for Secretary Laurel M. Lee*

*/s/ Bilal Ahmed Faruqui*
WILLIAM H. STAFFORD III
Special Counsel

9

Florida Bar Number 70394
KAREN A. BRODEEN
Special Counsel
Florida Bar Number 512771
BILAL AHMED FARUQUI
Senior Assistant Attorney General
Florida Bar Number 15212
Office of the Attorney General
General Civil Litigation Division
State Programs Bureau
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3785
William.Stafford@myfloridalegal.com
Karen.Brodeen@myfloridalegal.com
Bilal.Faruqui@myfloridalegal.com

*Counsel for Ashley Moody, Florida
Attorney General*

*s/      Benjamin J. Gibson*
Benjamin J. Gibson FBN 58661
bgibson@shutts.com
Daniel E. Nordby FBN 14588
dnordby@shutts.com
George N. Meros Jr. FBN 263321
gmeros@shutts.com
Frank A. Zacherl FBN 868094
fzacherl@shutts.com
Amber Stoner Nunnally FBN 109281
anunnally@shutts.com
Tara R. Price FBN 98073
tprice@shutts.com
SHUTTS & BOWEN LLP
215 South Monroe Street, Ste. 804
Tallahassee, Florida 32301
Tel: (850) 241-1717

Tyler Green* Utah Bar No. 10660
tyler@consovoymccarthy.com

Cameron T. Norris*  Tenn. Bar No. 33467
cam@consovoymccarthy.com
Steven C. Begakis*
steven@consovoymccarthy.com
Daniel Shapiro
daniel@consovoymccarthy.com
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423

*Admitted pro hac vice

*Counsel for Intervenor-Defendants
Republican National Committee and
National Republican Senatorial Committee*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system on March 23, 2022. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Mohammad Jazil*
Attorney