IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et al.,**

    *Plaintiffs*,

v.                                                  Case No.: 4:21cv186-MW/MAF

**CORD BYRD, et al.,**

    *Defendants*.

_____/

**ORDER VACATING JUDGMENT AND
DIRECTING CLERK TO ENTER PARTIAL JUDGMENT[1]**

Pursuant to the Mandate issued in this consolidated case by the United States Court of Appeals for the Eleventh Circuit, *see* ECF No. 754, the Clerk shall annotate the docket to reflect that this Court's Order on the Merits, ECF No. 665, is **VACATED in part**, and the Clerk's Judgment, ECF No. 666, is **VACATED in part**.

Pursuant to Federal Rule of Civil Procedure 54(b), this Court finds there is no just reason for delay in entering final judgment on remand with respect to Plaintiffs'

---

[1] This Court recognizes that this is one of four consolidated cases that were tried together and resulted in a consolidated Order on the merits. For purposes of entering judgment, this Court treated each case separately. Accordingly, this Court will address the Eleventh Circuit's Mandate in separate Orders with respect to each individual case. This Order concerns only the judgment with respect to Plaintiffs' claims in Case No.: 4:21cv186-MW/MAF.

claims in Counts II, IV, V, and VI.[2] Accordingly, The Clerk shall enter an amended partial judgment in **Case No.: 4:21cv186-MW/MAF** stating, "Count II in Plaintiffs' amended complaint, ECF No. 160, is **DISMISSED without prejudice for lack of standing**. Counts V and VI of Plaintiff's amended complaint are **DISMISSED as moot**. Judgment is entered in favor of Plaintiffs with respect to Count IV. This Court **DECLARES** that the prohibition against "engaging in any activity with the . . . effect of influencing a voter" under section 102.031(4)(a)–(b), Florida Statutes (2021), as amended by SB 90, violates Plaintiff Scoon and the League Entities' rights under the Fourteenth Amendment of the United States Constitution. This Court **GRANTS in part** Plaintiffs' request for a permanent injunction. Neither Defendant Supervisor of Elections for Bay County, nor his successors in office, deputies, officers, employees, agents, nor any person in active participation or concert with Defendant Supervisor of Elections for Bay County shall enforce, nor permit enforcement of the prohibition against "engaging in any activity with the . . . effect of influencing a voter" as described in section 102.0131(4)(a)–(b), Florida Statutes (2021), as amended by SB 90. Defendant Supervisor of Elections for Bay County and his successors in office, as well as his deputies, officers, employees, agents, and any

---

[2] Given that the Eleventh Circuit affirmed, in part, this Court's decision concerning the vagueness of the solicitation definition, this Court need not reach Plaintiffs' undue burden or free speech claims in Counts I and III with respect to this provision. Moreover, this is consistent with the Eleventh Circuit's remand to address only "whether the drop-box and registration-delivery provisions unduly burden the right to vote under the First and Fourteenth Amendments." *See* ECF No. 739 at 9–10.

2

other person in active participation and concert with Defendant Supervisor of Elections for Bay County shall take all practicable measures within the scope of their official authority to ensure compliance with the terms of this Order." The Clerk shall reopen this case for this Court to address Plaintiffs' remaining undue burden claim under Count I.

**SO ORDERED on November 15, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**