**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC., et al.,
                                            *Plaintiffs*,


        v.                                                          No. 4:21-cv-186-MW-MAF

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,
                                            *Defendants*,


REPUBLICAN NATIONAL
COMMITTEE and NATIONAL
REPUBLICAN SENATORIAL
COMMITTEE,
                                *Intervenor-Defendants.*

**THE SECRETARY'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES,**
**EXPERT FEES, AND LITIGATION EXPENSES**

Secretary of State Cord Byrd opposes Plaintiffs' motion to determine entitlement

to attorneys' fees, expert fees, and litigation expenses. Doc.770. The accompanying

memorandum provides the bases to deny the motion.

1

## Introduction

Never have so many done so much and achieved so little. Still, Plaintiffs say that they are entitled to attorneys' fees, expert fees, and litigation expenses as the "prevailing party" in their challenges to SB90's (1) Registration Disclaimer Provision and (2) Solicitation Definition. Doc.770 at 22-23. Plaintiffs miss the mark.

As Plaintiffs note in their motion, Doc.770 at 10-13, the Registration Disclaimer Provision became moot through post-trial legislation, which resulted in the Eleventh Circuit ordering *Munsingwear* vacatur. *League of Women Voters of Fla. v. Fla. Sec'y of State*, 66 F.4th 905, 951 (11th Cir. 2023). *Munsingwear* vacatur prevents Plaintiffs from "prevailing" on their challenge to the provision. As for the Solicitation Definition, Plaintiffs note that the Secretary intervened to defend it. Doc.770 at 23-25; *see also* Doc.359. But the Supreme Court has held that "attorney's fees" can only be awarded against "losing intervenors" "where the intervenors' action was frivolous, unreasonable, or without foundation." *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989). That's clearly not the case here.

All told, Plaintiffs aren't a "prevailing party," and they aren't entitled to fees and expenses. This Court should accordingly deny their motion.

### Argument

A "plaintiff must be a 'prevailing party'" under 42 U.S.C. § 1988 "to qualify for attorney's fees" and expenses. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "Prevailing party" is a "generous[ly] defined "term," *id.*, but it has its limits. "The touchstone of the prevailing party inquiry" is "the material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). Yet "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar*, 506 U.S. at 113. "[T]ransient victor[ies]"—like prevailing on a preliminary injunction but losing at trial—don't make a plaintiff a prevailing party. *Sole v. Wyner*, 551 U.S. 74, 78 (2007). As such, *Munsingwear* vacatur and a defendant's intervenor status may prevent a plaintiff from becoming a "prevailing party" and from being entitled to fees and expenses. That's the case here.

**A.** Plaintiffs contend that they are the "prevailing party" on their challenge to the Registration Disclaimer Provision—despite the provision being legislatively mooted and despite the Eleventh Circuit's *Munsingwear* vacatur. Doc.770 at 14-23. But *Munsingwear* vacatur "eliminates [the] judgment" below. *United States v. Munsingwear*, 340 U.S. 36, 40 (1950). In other words, the judgment is "strip[ped]" "of its binding effect." *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988). That effect matters: a plaintiff's "prevailing-party status is wholly *dependent* on whether" he "walk[s] out the courthouse doors with an enforceable judgment." *Thomas v. Reeves*, 961 F.3d 800, 829 (5th Cir. 2020)

3

(en banc) (Oldham, J., concurring) (emphasis in the original). *Munsingwear* vacatur prevents that from happening. It gives a plaintiff only a "transient victory": winning at trial but effectively losing on appeal. *Sole*, 551 U.S. at 78.

Plaintiffs resist this conclusion. They contend that *Sole v. Wyner* is distinguishable and that Eleventh Circuit precedent, like *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), counsels a different conclusion. Doc.770 at 16-20. Plaintiffs also seem to suggest that the Florida Legislature and Governor legislatively mooted the Registration Disclaimer Provision because Plaintiffs prevailed on their challenge at trial. Doc.770 at 10-12. These arguments are unavailing.

To be sure, *Sole* did have a slightly different posture. Doc.770 at 19. It concerned a plaintiff who prevailed on a preliminary injunction but then lost at trial. 551 U.S. at 82-83. The Supreme Court held that the plaintiff's "transient victory" didn't make the plaintiff a "prevailing party": a "plaintiff who achieves a transient victory at the threshold of an action can gain no award" "if, at the end of the litigation," his "initial success is undone and" he "leaves the courthouse emptyhanded." *Id.* at 78. "Prevailing party status," the Court held, "does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case." *Id.* at 83.

But *Sole*'s posture doesn't make it distinguishable. In fact, *Sole*'s reasoning directly applies when a plaintiff prevails at trial but has his victory subjected to *Munsingwear* vacatur on appeal. In that situation, as Judge Oldham explains:

> Plaintiffs [in Judge Oldham's case] "prevailed" no more than the plaintiff in *Sole*. Plaintiffs in both cases enjoyed the benefit of the district courts' decisions for a time. But, just as a loss at the end of a case terminates the benefit of temporary injunctive relief, so too does a [*Munsingwear*] vacatur take away whatever benefits were held by the winning party in the district court. Plaintiffs in both cases had only a "transient victory." Plaintiffs in both cases had that "transient victory" stripped of its legal effect. And plaintiffs in neither case can demand prevailing party fees.

*Thomas*, 961 F.3d at 828 (Oldham, J., concurring) (citations omitted).

So too here. Plaintiffs' victory on the Registration Delivery Provision, due to *Munsingwear* vacatur, was only transient. It doesn't make them a prevailing party.

Plaintiffs' reliance on Eleventh Circuit case law doesn't help them either. Doc.770 at 16-17. Cases like *Common Cause/Georgia v. Billups*, 554 F.3d 1340 (11th Cir. 2009), and *Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010), are inapt. They don't adequately address *Sole* or its applicability to cases involving *Munsingwear* vacatur. Of note, *Bryant*'s fees analysis consists of only two paragraphs in the opinion's pre-background, introductory section. 614 F.3d at 1294-95. And in *Common Cause/Georgia*, the plaintiffs' preliminary injunction against a statute wasn't "reversed, dissolved, or otherwise undone by" a judicial decision. 554 F.3d at 1356 (quoting *Sole*, 551 U.S. at 83). Here, Plaintiffs' district-court victory was: by the Eleventh Circuit's *Munsingwear* vacatur. It "eliminate[d]" the district-court "judgment." *Munsingwear*, 340 U.S. at 40. At base, *Sole*'s fundamental point remains intact: transient victories don't count.

Plaintiffs also speculate on why the Registration Disclaimer Provision was legislatively mooted. Doc.770 at 10-12. They even select quotations from one legislator

and the Governor to bolster their argument. Doc.770 at 10-12. But in assessing fees and expenses, courts shouldn't analyze "the defendant's subjective motivations in changing" his "conduct"—or anyone else's motivations, for that matter. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609-10 (2001). That would require "a highly factbound inquiry and may turn on reasonable inferences from the nature and timing of the defendant's" (or anybody else's) "change in conduct." *Id.* at 609. And a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Even if a second major litigation was warranted, selective quotations from two governmental actors are insufficient to determine legislative intent in an *Arlington Heights* analysis, *League*, 66 F.4th at 932-33; *Greater Birmingham Ministries v. Sec'y of Ala.*, 992 F.3d 1299, 1324-25 (11th Cir. 2021), and it should also be insufficient here. Nor does it matter, contrary to Plaintiffs' arguments, who mooted the Registration Disclaimer Provision. Doc.770 at 16-17. The fact of the matter is, it's mooted.

All told, Plaintiffs aren't a "prevailing party" in their challenge to the Registration Disclaimer Provision. They therefore aren't entitled to fees and expenses.

**B.** Plaintiffs next contend that they are the "prevailing party" in their challenge to the Solicitation Definition. Doc.770 at 23-25. But the Secretary's status as an intervenor defendant, in defending that provision, prevents Plaintiffs from obtaining fees and expenses against him.

In *Independent Federation of Flight Attendants v. Zipes*, the Supreme Court held that "district courts should" award "attorney's fees against losing intervenors *only* where the intervenors' action was frivolous, unreasonable, or without foundation." 491 U.S. at 761 (emphasis added). *Zipes* did concern fees under Title VII, *id.*; however, its reasoning has been applied in § 1988 cases. *Doe v. Sch. Bd. Cty.*, No. 3:08-cv-361, 2010 U.S. Dist. LEXIS 149936, at *4 (N.D. Fla. Mar. 24, 2010); *Brat v. Personhuballah*, 883 F.3d 475, 484 (4th Cir. 2018); *Miller v. Moore*, 169 F.3d 1119, 1126 (8th Cir. 1999); *Costco Wholesale Corp. v. Hoen*, 538 F.3d 1128, 1133 (9th Cir. 2008); *Stout v. Jefferson Cty. Bd. of Educ.*, 2:65-cv-396, 2019 U.S. Dist. LEXIS 226556, at *53 n.24 (N.D. Ala. Dec. 23, 2019).

*Zipes* also makes intuitive sense: a party that hasn't violated a plaintiff's civil rights shouldn't be liable for fees. 491 U.S. at 762. As the Court put it, "in contrast to" the "losing" "defendants who are held presumptively liable for attorney's fees, losing intervenors" "have not been found to have violated anyone's civil rights." *Id.* A party who causes harm should be held liable for fees, but "blameless" intervenors shouldn't. *Id.* at 761.

Here, the Secretary is such an intervenor. He doesn't (and didn't) enforce the Solicitation Definition and therefore couldn't have violated Plaintiffs' civil rights. His defense of the Solicitation Definition also wasn't frivolous, unreasonable, or without foundation. After all, the Eleventh Circuit agreed with half of his arguments. *League*, 66 F.4th at 948. Under these conditions, then, the Secretary shouldn't be liable for fees and expenses incurred in Plaintiffs' challenge to the Solicitation Definition.

7

Plaintiffs, in arguing against this conclusion, rely on *Mallory v. Harkness*, 923 F. Supp. 1546 (S.D. Fla. 1996). Doc.770 at 23-25. The case, however, isn't on point. Under the *Mallory* court's reading of *Zipes*, an intervenor defendant can be liable for fees and expenses when he intervened early in the case and when he vigorously defended a challenged law. 923 F. Supp. at 1553. Plaintiffs (in a footnote) add that it matters that an intervenor is a public actor, not a private one, and that the intervenor made a constitutional defense of a challenged law. Doc.770 at 25 n.10.

None of this matters under *Zipes*. Timing wasn't dispositive in *Zipes*. *Zipes* took no position on a public-actor intervenor's constitutional defense of a challenged law. And as for an intervenor's vigorous defense of a law, *Zipes* stated "that an intervenor can advance the same argument as a defendant does not mean that the two must be treated alike for purposes of fee assessments. . . . It would hardly serve the congressional policy in favor of 'vigorous' adversary proceedings, to require intervenors to disguise or avoid their strongest arguments in order to escape liability for attorney's fees." 491 U.S. at 765-66 (citation omitted).

*Zipes*'s holding controls, not *Mallory*'s (or Plaintiffs') gloss on it. And again, *Zipes* holds that "district courts should" award "attorney's fees against losing intervenors *only* where the intervenors' action was frivolous, unreasonable, or without foundation." *Id.* at 761. Other courts agree with the Secretary's reading of *Zipes*. *E.g.*, *Stout*, 2:65-cv-396, 2019 U.S. Dist. LEXIS 226556, at *3. And again, the Secretary's defense of the Solicitation Definition wasn't frivolous, unreasonable, or without foundation.

8

Plaintiffs may note that they are seeking fees from the Secretary, and not the supervisors of elections—the State actors charged with enforcing the Solicitation Definition. Doc.770 at 2. But *Zipes*'s holding isn't altered by Plaintiffs' strategy call.

Even if *Zipes* isn't on point, Plaintiffs still shouldn't be entitled to fees and expenses. Consider *Texas State Teachers Association v. Garland Independent School District*. There, the plaintiffs challenged several school-district policies. 489 U.S. at 785. They prevailed on at least some of their challenges. For one challenge in particular—a vagueness challenge to a "requirement of school[-]principal approval of teacher meetings with union representatives after school hours"—the plaintiffs prevailed on the issue before the district court. *Id.* at 786. Even so, that challenge was described as being of "minor significance, since there was no evidence in the record to indicate that school officials" enforced the policy. *Id.*

The case worked its way through the appellate process, *id.* at 786-77, and the plaintiffs' efforts to obtain attorneys' fees also worked its way through the appellate process. When the fees issue eventually went before the Supreme Court, the Court explained that a plaintiff isn't a prevailing party when he wins a merely technical victory or a de minimis victory. *Id.* at 792. The Court used the vagueness challenge as an example:

> As we noted . . . respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail. Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the

9

defendant. Beyond this absolute limitation, a technical victory may be so insignificant . . . as to be insufficient to support prevailing party status.

For example, in the context of this litigation, the District Court found that the requirement that nonschool hour meetings be conducted only with prior approval from the local school principal was unconstitutionally vague. The District Court characterized this issue as "of minor significance" and noted that there was "no evidence that the plaintiffs were ever refused permission to use school premises during non-school hours." *If this had been petitioners' only success in the litigation, we think it clear that this alone would not have rendered them "prevailing parties" within the meaning of § 1988.* Where the plaintiff's success on a legal claim can be characterized as purely technical or de minimis, a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied.

*Id.* at 792 (cleaned up, emphasis added, paragraph spacing added for readability).

That's the case here. In the entirety of this litigation, Plaintiffs prevailed on only half of their vagueness challenge to the Solicitation Definition. *League*, 66 F.4th at 948. And like the policy in *Garland*, there was no evidence in the record that the Solicitation Definition was actually enforced. (Plaintiffs' vagueness challenge here was a pre-enforcement challenge.) Plaintiffs' victory can thus only be described as technical or de minimis. Nothing more. *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1369 (11th Cir. 2022) (per curiam) (granting the State's motion to stay).

Granted, the Supreme Court clarified that assessing technical or de minimis victories "bear[s] on the propriety of fees" and "does not affect the prevailing party inquiry." *Farrar*, 506 U.S. at 114. But regardless of when this assessment takes place, one thing is clear: "[w]hen the plaintiff's success is purely technical or de minimis, no fees can be awarded. Such a plaintiff either has failed to achieve victory at all, or has

obtained only a Pyrrhic victory for which the reasonable fee is zero." *Id.* (O'Connor, J., concurring). Plaintiffs here shouldn't receive any expenses or fees in prevailing on (half of) their Solicitation Definition challenge.

**C.** One final point. Plaintiffs state that "[o]btaining relief took great effort, including wading through 6 million pages of discovery from Defendants, preparing and responding to several expert reports, taking and defending more than twenty depositions, defending against a motion for summary judgment on all claims, and participating in a fourteen-day trial, in which the League Plaintiffs' counsel took the lead in examining many of the key witnesses." Doc.770 at 3.

To be sure, all litigation involves time commitment and expenses. And constitutional cases should be vigorously litigated. But let's not forget that Plaintiffs didn't need to file a multi-count complaint, didn't have to seek broad discovery requests, didn't need to file all of the motions they filed, didn't need several expert reports, and didn't need countless depositions and trial witnesses. All of this is to say that Plaintiffs are responsible for most (or at least part) of their great but largely unsuccessful efforts.

## Conclusion

For these reasons, Plaintiffs aren't prevailing parties under § 1988 and aren't entitled to fees and expenses. Their motion should be denied.

Dated: March 7, 2024                     Respectfully submitted by:

                                         Bradley R. McVay (FBN 79034)
                                           Deputy Secretary of State
                                         Brad.McVay@dos.myflorida.com
                                         Ashley E. Davis (FBN 48302)
                                           Deputy General Counsel
                                         Ashley.Davis@dos.myflorida.com
                                         FLORIDA DEPARTMENT OF STATE
                                         R.A. Gray Building Suite 100
                                         500 South Bronough Street
                                         Tallahassee, Florida 32399-0250
                                         Phone: (850) 245-6536
                                         Fax: (850) 245-6127

                                         /s/ Mohammad O. Jazil
                                         Mohammad O. Jazil (FBN 72556)
                                         Gary V. Perko (FBN 855898)
                                         HOLTZMAN VOGEL BARAN
                                         TORCHINSKY & JOSEFIAK
                                         119 S. Monroe Street, Suite 500
                                         Tallahassee, FL 32301
                                         Phone: (850) 270-5938
                                         Fax: (850) 741-1023
                                         mjazil@holtzmanvogel.com
                                         gperko@holtzmanvogel.com

                                         *Counsel for the Secretary*

**<u>LOCAL RULES CERTIFICATION</u>**

I certify that this response complies with the Court's spacing, and formatting requirements and certify that this response contains 2,678 words, excluding the case style and certifications.

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 7, 2024, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

<u>/s/ Mohammad O. Jazil</u>
Mohammad O. Jazil