## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al., | |
| *Plaintiffs*, | |
| | |
| v. | No. 4:21-cv-186-MW-MAF |
| | No. 4:21-cv-187-MW-MAF |
| CORD BYRD[1], in his official capacity as Florida Secretary of State, et al., | No. 4:21-cv-201-MW-MAF |
| *Defendants*, | |
| | |
| REPUBLICAN NATIONAL COMMITTEE and NATIONAL REPUBLICAN SENATORIAL COMMITTEE, | |
| *Intervenor-Defendants.* | |

### THE SECRETARY AND INTERVENOR-DEFENDANTS' JOINT REPLY TO PLAINTIFFS' JOINT OBJECTIONS TO DEFENDANT SECRETARY AND INTERVENORS' BILLS OF COSTS

Defendant Florida Secretary of State Cord Byrd ("Secretary") and Intervenor-Defendants, Republican National Committee and National Republican Senatorial Committee, (collectively, "Defendants"), file this joint reply to Plaintiffs' Joint Objections to Defendant Secretary and Intervenors' Bills of Costs. *See* ECF 777.[2]

On February 8, 2024, the Clerk entered judgment in favor of Defendants. ECF 768. Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, Defendants

---

[1] Secretary Byrd has been "automatically substituted as a party." Fed. R. Civ. P. 25(d).

[2] All docket references will be to Case No. 4:21-cv-186 unless otherwise indicated.

filed their respective bills of cost as prevailing parties.  *See* ECF 769, 772.[3]  On March 7, 2024, Plaintiffs in Case Nos. 4:21-cv-186 ("League Plaintiffs"), 4:21-cv-187 ("NAACP Plaintiffs"), and 4:21-cv-201 ("Florida Rising Together Plaintiffs") jointly filed one objection in Case No. 4:21-cv-186 to Defendants' bills of costs.  In it, Plaintiffs argue that an award of costs to Defendants should be denied because Plaintiffs, and not Defendants, are prevailing parties and because such an award would be inequitable given the circumstances of this case.  This Court should overrule Plaintiffs' objections and award costs to Defendants because Defendants are the prevailing parties and such an award to Defendants comports with Rule 54.

## I.   Defendants are the prevailing parties, not Plaintiffs.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The Eleventh Circuit recently recognized that "in the majority of cases whether there is a prevailing party and which party prevailed will be easily determined . . . [because] [u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."  *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1382 (11th Cir. 2022) (internal citation and internal quotation marks omitted).  This is one of those easy cases, as

---

[3] On March 7, 2024, Intervenor-Defendants filed a corrected bill of costs to remove an erroneously attached invoice and updated the requested totals accordingly.  *See* ECF 776.

judgment was entered in Defendants' favor, rendering Defendants prevailing parties. ECF 768. Yet Plaintiffs argue that they are prevailing parties because "Defendants can no longer enforce the Solicitation Definition or the Registration Disclaimer against the Plaintiffs." ECF 777 at 4–5.

"The touchstone of the prevailing party inquiry" is "the material alteration of the legal relationship of the parties." *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). Yet, "[n]o material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). "[T]ransient victor[ies]"—like prevailing on a preliminary injunction but losing at trial— do not make a plaintiff a prevailing party. *See Sole v. Wyner*, 551 U.S. 74, 78 (2007). Plaintiffs are not prevailing parties and are not entitled to recover costs against Defendants.

First, the Registration Disclaimer provision became moot through post-trial legislation, which resulted in the Eleventh Circuit ordering *Munsingwear* vacatur. *League of Women Voters of Fla. v. Fla. Sec'y of State*, 66 F.4th 905, 951 (11th Cir. 2023). To the extent that Plaintiffs suggest that their actions spurred the legislation, the Eleventh Circuit rejected such argument and explicitly held that "the repeal of the registration-disclaimer provision is unattributable to any of the parties to this case." *Id.* (internal quotation marks and citation omitted). And the fact that this Court granted permanent injunctive relief to Plaintiffs with respect to their Registration Disclaimer claim is of no

consequence because *Munsingwear* vacatur "strips the decision below of its binding effect." *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988). Thus, Plaintiffs have no enforceable judgment against Defendants and cannot be deemed prevailing parties.

Second, with respect to the Solicitation Definition, this claim was brought against the supervisors of elections and Defendants intervened to defend it. Plaintiffs argue that they should be entitled to an award of costs against Defendants because "Defendants can no longer enforce the Solicitation Definition." ECF 777 at 4. But Defendants did not and could not enforce the Solicitation Definition to begin with— only the supervisors of elections had that power. Notably, there was no evidence in the record that the Solicitation Definition was actually enforced. Even so, to the extent that Plaintiffs prevailed on a portion of their vagueness challenge to the Solicitation Definition as to the supervisors of elections, such "victory" is *de minimis* and cannot override an evaluation of the entirety of this litigation. Moreover, Plaintiffs' purported victory on one portion of only one of its dozens of challenges to SB 90 against supervisor of elections cannot support prevailing party status against the Secretary and Intervenor-Defendants, as there is no "material alteration of the legal relationship" between Plaintiffs and the Secretary and Intervenor-Defendants. *See Garland*, 489 U.S. at 792; *see also Farrar*, 506 U.S. at 117 ("When the plaintiff's success is purely technical or *de minimis,* no fees can be awarded. Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero." (O'Connor, J., concurring)).

4

They say a good offense is the best defense.  But despite Plaintiffs' attempts to go on the offensive, Defendants are the prevailing parties as a matter of law.  As Plaintiffs concede, Defendants successfully defended against many claims in this case. ECF 777 at 5.  And Defendants obtained a judgment against Plaintiffs.  ECF 768.  But, according to Plaintiffs, Defendants are not prevailing parties because, with respect to the Solicitation Definition and Registration Disclaimer, Defendants did not " 'rebuff[]' " their efforts to " 'effect a material alteration in the legal relationship between the parties,' " (ECF at 5 (quoting *Beach Blitz Co. v. City of Mia. Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021)).  For the reasons set forth above, Plaintiffs are not prevailing parties nor entitled to recover costs against Defendants for their claims challenging the Solicitation Definition or the Registration Disclaimer.

As to Defendants' status as prevailing parties, Plaintiffs try to assert that "a party who does nothing more than preserve the status quo is not a prevailing party."  ECF 777 at 5.  But such an assertion makes no sense in the context of defendants who defend the constitutionality of laws.  Indeed, Plaintiffs appear to have cherry-picked this language from cases that have no applicability here.  The cited portion of *Taylor v. City of Fort Lauderdale*, 810 F.2d 1551 (11th Cir. 1987), contemplated whether the issuance of a preliminary injunction on the merits, rather than one that did not decide any substantive issues and maintained the status quo, entitled the moving party to prevailing party status.  *Id.* at 1557–58.  And *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354 (N.D. Ga. 2012), in a footnote, held that the setting aside of a default judgment did not

5

render the defendant a prevailing party.  *Id.* at 1360 n.9.  Neither the issuance of a preliminary injunction nor the setting aside of a default judgment is the basis for Defendants' prevailing party status here, and thus, these cases have no applicability. Defendants are the only ones with final judgments in their favor.

*Beach Blitz*, a case Plaintiffs cite throughout their Objections, makes clear that a defendant "prevails 'whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.'" 13 F.4th at 1297 (quoting *Robinson v. O'Rourke*, 891 F.3d 976, 982 (Fed. Cir. 2018)).  The *Beach Blitz* Court also explains that when determining whether a defendant is a prevailing party, courts conduct a practical examination of whether "the case [was] resolved in the defendant's favor."  *Id.* at 1298 (quoting *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016)).  As the final judgments make clear, these cases were indisputably resolved in Defendants' favor.

Because Defendants—and not Plaintiffs—are the prevailing parties, this Court should award costs to Defendants.

## II.   Plaintiffs' equitable arguments are unfounded.

Plaintiffs also argue that an award of costs to Defendants would be inequitable given the circumstances of this case and ask this Court to exercise its discretion and deny Defendants an award of costs.  Plaintiffs assert in their perceived inequity of awarding costs that (1) the taxation of less than $70,000 in costs would deter future plaintiffs from filing future civil rights cases; and (2) acting in good faith is sufficient to

6

absolve Plaintiffs of the responsibility for the taxation of costs.[4]  Plaintiffs' arguments are unfounded, and the principles of equity do not support denying an award of costs to Defendants.

Rule 54(d) establishes "a strong presumption that the prevailing party will be awarded costs." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (internal quotation marks and citation omitted).  As discussed above, Defendants are the prevailing parties.  Although Plaintiffs are correct that courts may exercise discretion in awarding costs, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered." *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000).  To defeat the presumption and deny costs under Rule 54(d), there must be a "sound basis for doing so." *Id.*  Plaintiffs have failed to show the required sound basis.

First, Plaintiffs contend that the taxation of less than $70,000 in costs "risks deterring plaintiffs from bringing meritorious civil rights cases in the future due to the significant threat of financial penalty."  ECF 777 at 7.  Plaintiffs regularly bring constitutional challenges in the federal courts, including in this District.  Bearing costs of less than $70,000 surely will not dissuade Plaintiffs from bringing meritorious claims in the future when they believe civil rights are being violated (which, as the Eleventh

---

[4] For the reasons discussed in Section I above, Plaintiffs' argument that Plaintiffs are the prevailing parties, and not Defendants, is legally incorrect and thus cannot support Plaintiffs' arguments on equity.

Circuit held, was not the case here).  And the $70,000 in costs Defendants seek to recover is nothing like the heavy financial burden Florida taxpayers were forced to shoulder to defend SB 90.  As to Plaintiffs' assertion of having "limited resources," (ECF 777 at 7), "substantial documentation of a true inability to pay" is required for this Court to consider Plaintiffs' financial status. *Chapman*, 229 F.3d at 1039.  Plaintiffs have put forth no such documentation in support of these assertions.

Additionally, the Ninth Circuit case Plaintiffs point to in support of their argument that an award to Defendants in this case will deter future civil rights plaintiffs, *Association of Mexian-American Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000), is neither binding nor persuasive.  In *Association of Mexican-American Educators*, Plaintiffs demonstrated limited resources, Plaintiffs "substantially altered" the challenged law, and the defendants there were seeking "extraordinarily high" costs.  *Id.* at 593.  None of these things are true here.

That Plaintiffs brought claims alleging violations of civil rights does not automatically excuse their obligations under Rule 54 to pay prevailing party costs.  If it did, Rule 54 would apply only against Defendants—and never against Plaintiffs—in any civil rights cases.  This is plainly not the law.  *See id.* ("We do not mean to suggest that the presumption in favor of awarding costs to prevailing parties does not apply to defendants in civil rights actions.").

Second, Plaintiffs argue that this Court should deny Defendants an award of costs because Plaintiffs brought the action in good faith.  ECF 777 at 8.  But acting in

good faith is something required of *every* attorney in *every* case before this tribunal. *See, e.g.*, R. Regulating Fla. Bar 4-3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal[.]"); R. Regulating Fla. Bar 4-3.3(a)(1) 4-8.4(c) ("A lawyer shall not . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation[.]").  Good faith is not a "sound basis" to defeat the presumption that the prevailing party be awarded costs. *Chapman*, 229 F.3d at 1039. To hold otherwise would transform Rule 54 from an award into a sanction—a procedure that is already covered by other rules.

Plaintiffs also misrepresent the Seventh Circuit's conclusions in *Popeil Bros. v. Schick Electric, Inc.*, 516 F.2d 772, 774 (7th Cir. 1975).  Plaintiffs cite *Popeil Bros.* for the proposition that " 'good faith' on the part of plaintiffs supports finding that 'each party [should] bear its own costs although the decision is adverse to plaintiff.' " ECF 777 at 8.  In fact, the *Popeil Bros.* court *distinguishes* that quoted language, which is originally from an even earlier case. The court reconfirmed that "the presumption that the prevailing party is entitled to costs can only be overcome by the unsuccessful party's showing that the prevailing party should be penalized by a denial of costs." *Popeil Bros.*, 516 at 776.  To that end, "[t]he mere fact that the unsuccessful party was an ordinary party acting in good faith and neither harassing its opponent nor abusing legal process *is not sufficient to overcome the presumption* that the prevailing party is entitled to costs." *Id.* (emphasis added).  In fact, "[i]f the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d) would have

little substance remaining." *Id.*

In this case, Plaintiffs have made no showing that Defendants should be penalized by a denial of costs. Likewise, Plaintiffs have not overcome the "strong presumption" that Defendants, as the prevailing parties, be awarded costs pursuant to Rule 54. For these reasons, Plaintiffs' objections should be overruled.

## Conclusion

For the reasons set forth above, Defendants request that this Court overrule Plaintiffs' objections and award costs to Defendants.

Dated: March 21, 2024

*/s/ Mohammad O. Jazil*
Mohammad O. Jazil (FBN 72556)
Gary V. Perko (FBN 855898)
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street Suite 500
Tallahassee, FL 32301
Phone: (850) 270-5938
Fax: (850) 741-1023
mjazil@holtzmanvogel.com
gperko@holtzmanvogel.com

Bradley R. McVay (FBN 79034)
  Deputy Secretary of State
Brad.McVay@dos.myflorida.com
Ashley E. Davis (FBN 48032)
  Chief Deputy General Counsel
Ashley.Davis@dos.myflorida.com
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
(850) 245-6536 / (850) 245-6127 (fax)

*Counsel for the Secretary*

Respectfully submitted,

*/s/ Benjamin J. Gibson*
Benjamin J. Gibson (FBN 58661)
Daniel E. Nordby (FBN 14588)
George N. Meros Jr. (FBN 263321)
Frank A. Zacherl (FBN 868094)
Tara Price (FBN 98073)
SHUTTS & BOWEN LLP
215 South Monroe Street, Ste. 804
Tallahassee, Florida 32301
Tel: (850) 241-1717
bgibson@shutts.com
dnordby@shutts.com
gmeros@shutts.com
fzacherl@shutts.com
tprice@shutts.com

Tyler Green*
Utah Bar No. 10660
Cameron T. Norris*
Tenn. Bar No. 33467
Steven C. Begakis*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
steven@consovoymccarthy.com

*admitted pro hac vice

*Counsel for Intervenor-Defendants
Republican National Committee
and National Republican Senatorial
Committee*

11

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I CERTIFY that this notice contains 2,312 words and complies with this Court's

word count, spacing, and formatting requirements.

*/s/ Benjamin J. Gibson*
Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2024, a true and correct copy of the

foregoing was served via email to all counsel of record.

*/s/ Benjamin J. Gibson*
Attorney