UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF FLORIDA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CORD BYRD, in his official capacity as Florida Secretary of State, et al., <br><br> Defendants, <br><br> and <br><br> REPUBLICAN NATIONAL COMMITTEE, and NATIONAL REPUBLICAN SENATORIAL COMMITTEE, <br><br> Intervenor-Defendants. | Case No.:   4:21-cv-186-MW/MAF |

### LEAGUE PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DETERMINE AMOUNT OF ATTORNEYS' FEES, EXPERT FEES AND LITIGATION EXPENSES

After fighting this litigation tooth and nail for years, forgoing no opportunity to oppose relief, the Secretary now takes issue with the resources necessarily spent to overcome his opposition. Through a series of compounding cuts—slashing rates by half, awarding just 25 percent of the (already reduced) hours, and then awarding just 30 percent of the resulting figure—the Secretary argues that the League Plaintiffs should recover less than $200,000: just **seven percent** of the $2.96 million

award that the League Plaintiffs seek, which itself was already a substantial reduction from the fees actually incurred in obtaining material successes in this matter.

There is no justification for the extreme reduction the Secretary demands. The Court already held that the League Plaintiffs achieved "material, enduring legal change[s]." Order Granting Pls.' Mot. to Determine Fees at 6, ECF No. 784 ("Order"). The Secretary's own expert concedes that the League Plaintiffs "retained excellent, experienced attorneys" with "extensive experience in voter rights and other constitutional litigation." Decl. of Charles F. Beall, Jr. ¶¶ 27, 34, ECF No. 797-1 ("Beall Decl."). He concedes that those attorneys "produced very good work product in a case that, by all accounts, was hotly contested." *Id.* ¶ 27. And he concedes that the League Plaintiffs' request is supported by hundreds of pages of "detailed" time records. *Id.*

The League Plaintiffs recognize that they did not succeed on all of their claims. That is why the League Plaintiffs' request already reflected a very substantial reduction from the fees actually incurred in this case. The Court should award the full amount the League Plaintiffs seek.

## ARGUMENT

**I.    The League Plaintiffs seek recovery based on reasonable hourly rates.**

The League Plaintiffs' requested hourly rates are reasonable. They are, for

starters, the most recent rates the League Plaintiffs' counsel actually charged in this matter. *See* Decl. of Elisabeth Frost ¶¶ 18–26, ECF No. 791-1 ("Frost Decl."); Decl. of Frederick S. Wermuth ¶ 20, ECF No. 791-2; *see also People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate."); *Griffin v. Wash. Convention Ctr.*, 172 F. Supp. 2d 193, 197 (D.D.C. 2001) ("There is no better indication of what the market will bear than what the lawyer in fact charges for his services and what his clients pay."). And they are supported by the opinion of Richard Johnson, who confirms that they are reasonable in the Florida market. Decl. of Richard E. Johnson ¶¶ 40–44, ECF No. 791-3.

The Secretary's expert argues for lower rates, but he also says that he has "never been involved with," or even "seen," a comparable "individual case that involved anywhere close to this number of hours," Beall Decl. ¶ 32—a statement that suggests a lack of appreciation for the complexity and scale of this case. And while the Secretary points to decisions in other civil rights cases to argue for a lower rate, Sec'y's Opp'n to Pls.' Mot. to Determine Fees at 5–6, ECF No. 797 ("Opp'n"), none of those cases shared the extraordinary features of this litigation, with more than 70 defendants, millions of pages of discovery, hundreds of interrogatories, dozens of depositions, and numerous expert reports, all of which culminated in extensive substantive trial court and appeals court briefing and fourteen days of trial.

3

*See* Pls.' Mot. to Determine Fees at 3–6, ECF No. 791 ("Mot."). The Secretary's argument also ignores recent decisions awarding hourly rates ranging from $600 to $900 to attorneys handling cases of similar complexity in the Florida market. *See Prison Legal News v. Inch*, 411 F. Supp. 3d 1198, 1207 (N.D. Fla. 2019) (awarding hourly rates as high as $900 for the senior attorneys on the team); *Aleshire v. Waste Pro of Fla., Inc.*, No. 1:22-CV-17-MW/MAF, 2023 WL 9287395, at *4, 6 (N.D. Fla. June 21, 2023) (awarding hourly rates of $600 for the most senior attorney and noting $375 an hour was considered a midrange award). The League Plaintiffs' counsel's rates may be on the higher end for the Florida market, but courts have held that parties are entitled to retain the most competent counsel available even if such counsel is from another jurisdiction, particularly where the case involves highly specialized areas of law. *See, e.g.*, *Howes v. Med. Components, Inc.*, 761 F. Supp. 1193, 1195–96 (E.D. Pa. 1990).

Ultimately, the Secretary's expert acknowledges that the League Plaintiffs' counsel are "excellent, experienced attorneys who produced very good work product in a case that, by all accounts, was hotly contested." Beall Decl. ¶ 27. The League Plaintiffs are entitled to recover the "market rate" for those services, and that is what they seek. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1988).

## II. The League Plaintiffs seek compensation for a reasonable number of hours.

The League Plaintiffs seek an award for a reasonable number of hours—a number that the League Plaintiffs have already substantially reduced to reflect their incomplete success on the merits. By removing timekeepers outside the core team, duplicative and administrative tasks, and work attributable to the claims on which the League Plaintiffs did not succeed, the League Plaintiffs reduced the number of hours for which they seek an award from 14,465.8 to 9,004.3, including more than 2,100 hours of document reviewer time billed at just $72 per hour. Mot. at 16–17, ECF No. 791; Ex. A to Frost Decl. at 69, ECF No. 791-1. The League Plaintiffs then reduced those hours by an additional 30 percent, to further reflect the League Plaintiffs' partial success. Mot. at 25–26.

The Secretary asks the Court to start from the League Plaintiffs' reduced hours, but to further reduce those hours by 70 percent, rather than 30 percent, and to then reduce the award by another 75 percent, for a stunning combined **92.5 percent further reduction** to an award computed based on the League Plaintiffs' already reduced hours. Such a reduction—or anything like it—would be reversable error. The Eleventh Circuit has held that in computing a lodestar, district courts may either conduct "an hour-by-hour analysis" to remove excessive work or may "appl[y] an across-the-board reduction of the requested compensable hours." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351–52 (11th Cir. 2008) (per curiam). The Court may not,

however, do both, as doing so would "doubly-discount the requested hours." *Id.*

Doing both, however, is exactly what the Secretary demands here. The League Plaintiffs have already conducted an hours-by-hours analysis and, by removing both duplicative work and work related to claims on which they did not succeed, reduced their hours request by 40 percent of the total amount of work done. Mot. at 16–17. Yet the Secretary argues for an award that is only 7.5 percent of the requested lodestar. And unlike in the cases on which the Secretary relies, the Secretary does not identify any time entries for which the League Plaintiffs seek a recovery that are duplicative or attributable to unsuccessful claims. *See Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1094–95 (11th Cir. 2022) (applying a 75 percent across-the-board reduction due to many time entries that were "excessive" or "unnecessary" in a non-complex case); *Zediker v. OrthoGeorgia*, 857 F. App'x 600, 613 (11th Cir. 2021) (applying a 60 percent reduction because of excessive and poorly documented hours related to unsuccessful claims).

The League Plaintiffs are amenable to a reasonable additional discount from their already reduced lodestar, which is why they requested an award of 70 percent of the lodestar. But the Secretary's suggestion that they should receive an award based on just 7.5 percent of their already-reduced hours is absurd in the extreme. The Secretary does not cite any case supporting such an enormous reduction.[1]

---

[1] In support of a nominal fee award, the Secretary quotes a concurrence which only

### III. The League Plaintiffs' costs and expenses are reasonable.

Finally, contrary to the Secretary's argument, the League Plaintiffs have submitted substantial documentation of the taxable costs incurred in this action that they seek. *See* Bill of Costs, ECF No. 771. Regarding the expert fees of Dr. Herron and Dr. Mayer, each did work relating to the solicitation definition governing engagement with voters in line and the compelled speech challenge to third-party voter registration rules. *See, e.g.*, 2d Am. Expert Report of Michael C. Herron, Ph.D. at 92–108, 109–114, ECF No. 350-9 (Dr. Herron's report addressing third party voter registration and engagement with voters waiting in line); Rebuttal Expert Report of Kenneth R. Mayer, Ph.D. at 4–5, 10, ECF No. 634-1 (Dr. Mayer's rebuttal report responding to Dr. Kidd's report's conclusions about third party voter registration and electioneering rules). Consistent with the League Plaintiffs'

---

noted that a party that obtained a purely technical or de minimis win is not entitled to *any* award. Opp'n at 7 (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (O'Connor, J., concurring)). This Court has already concluded, however, that the League Plaintiffs are the prevailing party and are thus entitled to some magnitude of attorneys' fees and costs to be determined at this juncture. *See generally* Order. The Secretary's other cases involved agreements rather than final awards. *See Opus Grp., LLC v. Int'l Gourmet Corp.*, No. 11-23803, 2013 WL 12383485, at *8 (S.D. Fla. July 26, 2013) (parties agreed to a 75 percent reduction of attorneys' fees); R. & R. re Pls.' Bill of Costs and Mot. for Att'y's Fees, *Fresenius Vascular Care v. Oakland Park Med. Props.*, No. 21-cv-60621-WPD (S.D. Fla. July 7, 2023), ECF No. 116 (magistrate judge recommendation, which never became final as the parties reached a settlement); *see also* Order on Notice of Settlement, *Fresenius Vascular Care*, Case No. 21-cv-60621-WPD (S.D. Fla. July 21, 2023), ECF No. 121 (denying all pending motions as moot and closing the case).

approach in reducing attorneys' fees, these expert fees have already been cut by 30 percent. *See* Frost Decl. ¶ 36. All of these costs and expenses are therefore justified and reasonable.

## CONCLUSION

The League Plaintiffs respectfully request this Court award their attorneys' fees and reasonable expenses and costs incurred in this case.

Respectfully submitted this 27th day of November, 2024.

/s/ Frederick S. Wermuth

| | |
|---|---|
| Frederick S. Wermuth | Elisabeth C. Frost* |
| Florida Bar No. 0184111 | David R. Fox* |
| Thomas A. Zehnder | ELIAS LAW GROUP LLP |
| Florida Bar No. 0063274 | 250 Massachusetts Ave NW, Suite 400 |
| King, Blackwell, Zehnder | Washington, DC 20001 |
|  & Wermuth, P.A. | Telephone: (202) 968-4490 |
| P.O. Box 1631 | Facsimile: (202) 968-4498 |
| Orlando, FL 32802-1631 | efrost@elias.law |
| Telephone: (407) 422-2472 | dfox@elias.law |
| Facsimile: (407) 648-0161 | *Admitted *Pro Hac Vice* |
| fwermuth@kbzwlaw.com | *Counsel for Plaintiffs* |
| tzehnder@kbzwlaw.com | |

8

## LOCAL RULES CERTIFICATION

Undersigned counsel certifies that this reply contains 1,722 words, excluding the case style, conferral certification and certificate of service.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record registered to receive notifications.

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111

*Counsel for Plaintiffs*