IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LEAGUE OF WOMEN VOTERS
OF FLORIDA, INC., et. al.,**

       *Plaintiffs*,

v.                                Case No.:  4:21cv186-MW/MAF

**CORD BYRD, in his official
capacity as Florida Secretary of
State, et al.,**

       *Defendants*,
_____/

**ORDER DENYING COSTS TO CORD BYRD
AND INTERVENOR-DEFENDANTS**

This Court has considered, without hearing, Defendant's bill of costs, ECF No. 772, Intervenor-Defendants' notice of filing corrected bill of costs, ECF No. 776, Plaintiffs' joint response in opposition, ECF No. 777, and Defendant's and Intervenor-Defendants' joint reply in support of their bills of costs, ECF No. 782. Defendant Byrd seeks $36,570.45 and Intervenor-Defendants seek $27,343.35 in costs in this action—both exclusively for fees for printed or electronically recorded transcripts purportedly necessarily obtained for use in the case.

Plaintiffs oppose awarding costs to Defendant and Intervenor-Defendants because they are not prevailing parties in this action and because an award of such costs would otherwise be inequitable in light of the circumstances of this case. In turn, Defendant and Intervenor-Defendants incorrectly assert that "Defendants are

the only ones with final judgments in their favor," ECF No. 782 at 6. *See* ECF No. 759 (entering judgment in Plaintiffs' favor with respect to Count IV). Moreover, Defendant and Intervenor-Defendants regurgitate many of the same arguments this Court rejected with respect to whether Plaintiffs are entitled to attorneys' fees. *Compare* ECF No. 782 at 2–4 and ECF No. 774 (response in opposition to Plaintiffs' motion to determine entitlement to fees and expenses).

For the same reasons this Court rejected Defendant's arguments with respect to entitlement to fees and expenses, incorporated by reference as if fully set forth herein, ECF No. 784 at 1–12, this Court rejects Defendant and Intervenor-Defendants' arguments supporting their claim that they are the prevailing parties in this litigation and thus entitled to costs. As this Court determined in its Order granting Plaintiffs' motion to determine entitlement to fees, *id.*, Plaintiffs are the prevailing parties in this case. Given that Rule 54 does not allow for multiple prevailing parties, *see Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1381 (11th Cir. 2022) (holding that "a district court may find (at most) one prevailing party, but it is not required to do so in every case"), Defendant and Intervenor-Defendants are not prevailing parties, and their bills of costs, ECF Nos. 772 and 776, are therefore **DENIED**.

**SO ORDERED on February 24, 2025.**

                                                      s/Mark E. Walker             
                                                     **Chief United States District Judge**